No. 25-2120
(calendared for oral argument in July 2025 by ACMS No. 18)

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NATIONAL TPS ALLIANCE, et al.,
Appellees,

v.

KRISTI NOEM, et al.,
Appellants.

On Appeal from the United States District Court
for the Northern District of California
District Court Case No. 3:25-cv-1766

BRIEF ADDENDUM

YAAKOV M. ROTH
**Acting Assistant Attorney General**
**Civil Division**

DREW C. ENSIGN
**Deputy Assistant Attorney General**
**Office of Immigration Litigation**

SARAH L. VUONG
**Assistant Director**
**Office of Immigration Litigation**

WILLIAM H. WEILAND
**Senior Litigation Counsel**
**Office of Immigration Litigation**

ANNA DICHTER
ERIC SNYDERMAN
LAUREN BRYANT
CARLTON F. SHEFFIELD
CATHERINE ROSS
LUZ MARIA RESTREPO
AMANDA SAYLOR
JEFFREY M. HARTMAN
**Trial Attorneys**
**Office of Immigration Litigation**
**P.O. Box 868, Ben Franklin Station**
**Washington, DC 20044**
**Telephone: (202) 532-4404**
**Jeffrey.M.Hartman@usdoj.gov**

## TABLE OF CONTENTS

Temporary Protected Status Statute, 8 U.S.C. § 1254a........................................1-10

Judicial Review of Orders of Removal, 8 U.S.C. § 1252.................................11-19

Powers and Duties of the Secretary, 8 U.S.C. § 1103.............................................20

Border, Maritime, and Transportation Responsibilities, 6 U.S.C. § 202.................21

Relief Pending Review, 5 U.S.C. § 705....................................................................22

Judicial Review, 5 U.S.C. § 701..............................................................................23

Illegal Immigration Reform and Immigrant Responsibility Act of 1996,
  div. C, Pub. L. No. 104-208, §§ 306, 308, 110 Stat. 3009-546.........................24-43

## 8 U.S.C. § 1254a Temporary Protected Status

(a) Granting of status

(1) In general -- In the case of an alien who is a national of a foreign state designated under subsection (b) (or in the case of an alien having no nationality, is a person who last habitually resided in such designated state) and who meets the requirements of subsection (c), the Attorney General, in accordance with this section--

(A) may grant the alien temporary protected status in the United States and shall not remove the alien from the United States during the period in which such status is in effect, and

(B) shall authorize the alien to engage in employment in the United States and provide the alien with an "employment authorized" endorsement or other appropriate work permit.

(2) Duration of work authorization -- Work authorization provided under this section shall be effective throughout the period the alien is in temporary protected status under this section.

(3) Notice

(A) Upon the granting of temporary protected status under this section, the Attorney General shall provide the alien with information concerning such status under this section.

(B) If, at the time of initiation of a removal proceeding against an alien, the foreign state (of which the alien is a national) is designated under subsection (b), the Attorney General shall promptly notify the alien of the temporary protected status that may be available under this section.

(C) If, at the time of designation of a foreign state under subsection (b), an alien (who is a national of such state) is in a removal proceeding under this subchapter, the Attorney General shall promptly notify the alien of the temporary protected status that may be available under this section.

(D) Notices under this paragraph shall be provided in a form and language that the alien can understand.

1

(4) Temporary treatment for eligible aliens

(A) In the case of an alien who can establish a prima facie case of eligibility for benefits under paragraph (1), but for the fact that the period of registration under subsection (c)(1)(A)(iv) has not begun, until the alien has had a reasonable opportunity to register during the first 30 days of such period, the Attorney General shall provide for the benefits of paragraph (1).

(B) In the case of an alien who establishes a prima facie case of eligibility for benefits under paragraph (1), until a final determination with respect to the alien's eligibility for such benefits under paragraph (1) has been made, the alien shall be provided such benefits.

(5) Clarification -- Nothing in this section shall be construed as authorizing the Attorney General to deny temporary protected status to an alien based on the alien's immigration status or to require any alien, as a condition of being granted such status, either to relinquish nonimmigrant or other status the alien may have or to execute any waiver of other rights under this chapter. The granting of temporary protected status under this section shall not be considered to be inconsistent with the granting of nonimmigrant status under this chapter.

(b) Designations

(1) In general -- The Attorney General, after consultation with appropriate agencies of the Government, may designate any foreign state (or any part of such foreign state) under this subsection only if--

(A) the Attorney General finds that there is an ongoing armed conflict within the state and, due to such conflict, requiring the return of aliens who are nationals of that state to that state (or to the part of the state) would pose a serious threat to their personal safety;

(B) the Attorney General finds that--

(i) there has been an earthquake, flood, drought, epidemic, or other environmental disaster in the state resulting in a substantial, but temporary, disruption of living conditions in the area affected,

(ii) the foreign state is unable, temporarily, to handle adequately

2

the return to the state of aliens who are nationals of the state, and

(iii) the foreign state officially has requested designation under this subparagraph; or

(C) the Attorney General finds that there exist extraordinary and temporary conditions in the foreign state that prevent aliens who are nationals of the state from returning to the state in safety, unless the Attorney General finds that permitting the aliens to remain temporarily in the United States is contrary to the national interest of the United States.

A designation of a foreign state (or part of such foreign state) under this paragraph shall not become effective unless notice of the designation (including a statement of the findings under this paragraph and the effective date of the designation) is published in the Federal Register. In such notice, the Attorney General shall also state an estimate of the number of nationals of the foreign state designated who are (or within the effective period of the designation are likely to become) eligible for temporary protected status under this section and their immigration status in the United States.

(2) Effective period of designation for foreign states -- The designation of a foreign state (or part of such foreign state) under paragraph (1) shall--

(A) take effect upon the date of publication of the designation under such paragraph, or such later date as the Attorney General may specify in the notice published under such paragraph, and

(B) shall remain in effect until the effective date of the termination of the designation under paragraph (3)(B).

For purposes of this section, the initial period of designation of a foreign state (or part thereof) under paragraph (1) is the period, specified by the Attorney General, of not less than 6 months and not more than 18 months.

(3) Periodic review, terminations, and extensions of designations

(A) Periodic review -- At least 60 days before end of the initial period

of designation, and any extended period of designation, of a foreign state (or part thereof) under this section the Attorney General, after consultation with appropriate agencies of the Government, shall review the conditions in the foreign state (or part of such foreign state) for which a designation is in effect under this subsection and shall determine whether the conditions for such designation under this subsection continue to be met. The Attorney General shall provide on a timely basis for the publication of notice of each such determination (including the basis for the determination, and, in the case of an affirmative determination, the period of extension of designation under subparagraph (C)) in the Federal Register.

(B) Termination of designation -- If the Attorney General determines under subparagraph (A) that a foreign state (or part of such foreign state) no longer continues to meet the conditions for designation under paragraph (1), the Attorney General shall terminate the designation by publishing notice in the Federal Register of the determination under this subparagraph (including the basis for the determination). Such termination is effective in accordance with subsection (d)(3), but shall not be effective earlier than 60 days after the date the notice is published or, if later, the expiration of the most recent previous extension under subparagraph (C).

(C) Extension of designation -- If the Attorney General does not determine under subparagraph (A) that a foreign state (or part of such foreign state) no longer meets the conditions for designation under paragraph (1), the period of designation of the foreign state is extended for an additional period of 6 months (or, in the discretion of the Attorney General, a period of 12 or 18 months).

(4) Information concerning protected status at time of designations -- At the time of a designation of a foreign state under this subsection, the Attorney General shall make available information respecting the temporary protected status made available to aliens who are nationals of such designated foreign state.

(5) Review

(A) Designations -- There is no judicial review of any determination of the Attorney General with respect to the designation, or termination or extension of a designation, of a foreign state under this subsection.

4

(B) Application to individuals -- The Attorney General shall establish an administrative procedure for the review of the denial of benefits to aliens under this subsection. Such procedure shall not prevent an alien from asserting protection under this section in removal proceedings if the alien demonstrates that the alien is a national of a state designated under paragraph (1).

(c) Aliens eligible for temporary protected status

(1) In general

(A) Nationals of designated foreign states -- Subject to paragraph (3), an alien, who is a national of a state designated under subsection (b)(1) (or in the case of an alien having no nationality, is a person who last habitually resided in such designated state), meets the requirements of this paragraph only if--

(i) the alien has been continuously physically present in the United States since the effective date of the most recent designation of that state;

(ii) the alien has continuously resided in the United States since such date as the Attorney General may designate;

(iii) the alien is admissible as an immigrant, except as otherwise provided under paragraph (2)(A), and is not ineligible for temporary protected status under paragraph (2)(B); and

(iv) to the extent and in a manner which the Attorney General establishes, the alien registers for the temporary protected status under this section during a registration period of not less than 180 days.

(B) Registration fee -- The Attorney General may require payment of a reasonable fee as a condition of registering an alien under subparagraph (A)(iv) (including providing an alien with an "employment authorized" endorsement or other appropriate work permit under this section). The amount of any such fee shall not exceed $50. In the case of aliens registered pursuant to a designation under this section made after July 17, 1991, the Attorney General may impose a separate, additional fee for providing an alien with documentation of work authorization. Notwithstanding section 3302 of Title 31, all fees collected under this

subparagraph shall be credited to the appropriation to be used in carrying out this section.

(2) Eligibility standards

(A) Waiver of certain grounds for inadmissibility -- In the determination of an alien's admissibility for purposes of subparagraph (A)(iii) of paragraph (1)--

(i) the provisions of paragraphs (5) and (7)(A) of section 1182(a) of this title shall not apply;

(ii) except as provided in clause (iii), the Attorney General may waive any other provision of section 1182(a) of this title in the case of individual aliens for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest; but

(iii) the Attorney General may not waive--

(I) paragraphs (2)(A) and (2)(B) (relating to criminals) of such section,

(II) paragraph (2)(C) of such section (relating to drug offenses), except for so much of such paragraph as relates to a single offense of simple possession of 30 grams or less of marijuana, or

(III) paragraphs (3)(A), (3)(B), (3)(C), and (3)(E) of such section (relating to national security and participation in the Nazi persecutions or those who have engaged in genocide).

(B) Aliens ineligible -- An alien shall not be eligible for temporary protected status under this section if the Attorney General finds that--

(i) the alien has been convicted of any felony or 2 or more misdemeanors committed in the United States, or

(ii) the alien is described in section 1158(b)(2)(A) of this title.

(3) Withdrawal of temporary protected status -- The Attorney General shall withdraw temporary protected status granted to an alien under this section if-

6

(A) the Attorney General finds that the alien was not in fact eligible for such status under this section,

(B) except as provided in paragraph (4) and permitted in subsection (f)(3), the alien has not remained continuously physically present in the United States from the date the alien first was granted temporary protected status under this section, or

(C) the alien fails, without good cause, to register with the Attorney General annually, at the end of each 12-month period after the granting of such status, in a form and manner specified by the Attorney General.

(4) Treatment of brief, casual, and innocent departures and certain other absences

(A) For purposes of paragraphs (1)(A)(i) and (3)(B), an alien shall not be considered to have failed to maintain continuous physical presence in the United States by virtue of brief, casual, and innocent absences from the United States, without regard to whether such absences were authorized by the Attorney General.

(B) For purposes of paragraph (1)(A)(ii), an alien shall not be considered to have failed to maintain continuous residence in the United States by reason of a brief, casual, and innocent absence described in subparagraph (A) or due merely to a brief temporary trip abroad required by emergency or extenuating circumstances outside the control of the alien.

(5) Construction -- Nothing in this section shall be construed as authorizing an alien to apply for admission to, or to be admitted to, the United States in order to apply for temporary protected status under this section.

(6) Confidentiality of information -- The Attorney General shall establish procedures to protect the confidentiality of information provided by aliens under this section.

(d) Documentation

(1) Initial issuance -- Upon the granting of temporary protected status to an alien under this section, the Attorney General shall provide for the issuance of such temporary documentation and authorization as may be necessary to carry out the purposes of this section.

7

(2) Period of validity -- Subject to paragraph (3), such documentation shall be valid during the initial period of designation of the foreign state (or part thereof) involved and any extension of such period. The Attorney General may stagger the periods of validity of the documentation and authorization in order to provide for an orderly renewal of such documentation and authorization and for an orderly transition (under paragraph (3)) upon the termination of a designation of a foreign state (or any part of such foreign state).

(3) Effective date of terminations -- If the Attorney General terminates the designation of a foreign state (or part of such foreign state) under subsection (b)(3)(B), such termination shall only apply to documentation and authorization issued or renewed after the effective date of the publication of notice of the determination under that subsection (or, at the Attorney General's option, after such period after the effective date of the determination as the Attorney General determines to be appropriate in order to provide for an orderly transition).

(4) Detention of alien -- An alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States.

(e) Relation of period of temporary protected status to cancellation of removal

With respect to an alien granted temporary protected status under this section, the period of such status shall not be counted as a period of physical presence in the United States for purposes of section 1229b(a) of this title, unless the Attorney General determines that extreme hardship exists. Such period shall not cause a break in the continuity of residence of the period before and after such period for purposes of such section.

(f) Benefits and status during period of temporary protected status

During a period in which an alien is granted temporary protected status under this section--

(1) the alien shall not be considered to be permanently residing in the United States under color of law;

(2) the alien may be deemed ineligible for public assistance by a State (as defined in section 1101(a)(36) of this title) or any political subdivision thereof which furnishes such assistance;

8

(3) the alien may travel abroad with the prior consent of the Attorney General; and

(4) for purposes of adjustment of status under section 1255 of this title and change of status under section 1258 of this title, the alien shall be considered as being in, and maintaining, lawful status as a nonimmigrant.

(g) Exclusive remedy -- Except as otherwise specifically provided, this section shall constitute the exclusive authority of the Attorney General under law to permit aliens who are or may become otherwise deportable or have been paroled into the United States to remain in the United States temporarily because of their particular nationality or region of foreign state of nationality.

(h) Limitation on consideration in Senate of legislation adjusting status

(1) In general -- Except as provided in paragraph (2), it shall not be in order in the Senate to consider any bill, resolution, or amendment that--

(A) provides for adjustment to lawful temporary or permanent resident alien status for any alien receiving temporary protected status under this section, or

(B) has the effect of amending this subsection or limiting the application of this subsection.

(2) Supermajority required -- Paragraph (1) may be waived or suspended in the Senate only by the affirmative vote of three-fifths of the Members duly chosen and sworn. An affirmative vote of three-fifths of the Members of the Senate duly chosen and sworn shall be required in the Senate to sustain an appeal of the ruling of the Chair on a point of order raised under paragraph (1).

(3) Rules -- Paragraphs (1) and (2) are enacted--

(A) as an exercise of the rulemaking power of the Senate and as such they are deemed a part of the rules of the Senate, but applicable only with respect to the matters described in paragraph (1) and supersede other rules of the Senate only to the extent that such paragraphs are inconsistent therewith; and

(B) with full recognition of the constitutional right of the Senate to change such rules at any time, in the same manner as in the case of any

9

other rule of the Senate.

(i) Annual report and review

(1) Annual report -- Not later than March 1 of each year (beginning with 1992), the Attorney General, after consultation with the appropriate agencies of the Government, shall submit a report to the Committees on the Judiciary of the House of Representatives and of the Senate on the operation of this section during the previous year. Each report shall include--

(A) a listing of the foreign states or parts thereof designated under this section,

(B) the number of nationals of each such state who have been granted temporary protected status under this section and their immigration status before being granted such status, and

(C) an explanation of the reasons why foreign states or parts thereof were designated under subsection (b)(1) and, with respect to foreign states or parts thereof previously designated, why the designation was terminated or extended under subsection (b)(3).

(2) Committee report -- No later than 180 days after the date of receipt of such a report, the Committee on the Judiciary of each House of Congress shall report to its respective House such oversight findings and legislation as it deems appropriate.

## 8 U.S.C. § 1252 Judicial Review of Orders of Removal

(a)Applicable provisions

(1) General orders of removal -- Judicial review of a final order of removal (other than an order of removal without a hearing pursuant to section 1225(b)(1) of this title) is governed only by chapter 158 of title 28, except as provided in subsection (b) and except that the court may not order the taking of additional evidence under section 2347(c) of such title.

(2) Matters not subject to judicial review

(A) Review relating to section 1225(b)(1) -- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review—

(i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title,

(ii) except as provided in subsection (e), a decision by the Attorney General to invoke the provisions of such section,

(iii) the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title, or

(iv) except as provided in subsection (e), procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.

(B) Denials of discretionary relief -- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—

(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

11

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

(C) Orders against criminal aliens -- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

(D) Judicial review of certain legal claims -- Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

(3) Treatment of certain decisions -- No alien shall have a right to appeal from a decision of an immigration judge which is based solely on a certification described in section 1229a(c)(1)(B) of this title.

(4) Claims under the United Nations Convention -- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e).

(5) Exclusive means of review -- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition

12

for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

(b) Requirements for review of orders of removal -- With respect to review of an order of removal under subsection (a)(1), the following requirements apply:

(1) Deadline -- The petition for review must be filed not later than 30 days after the date of the final order of removal.

(2) Venue and forms -- The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. The record and briefs do not have to be printed. The court of appeals shall review the proceeding on a typewritten record and on typewritten briefs.

(3) Service

(A) In general -- The respondent is the Attorney General. The petition shall be served on the Attorney General and on the officer or employee of the Service in charge of the Service district in which the final order of removal under section 1229a of this title was entered.

(B) Stay of order -- Service of the petition on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise.

(C) Alien's brief -- The alien shall serve and file a brief in connection with a petition for judicial review not later than 40 days after the date on which the administrative record is available, and may serve and file a reply brief not later than 14 days after service of the brief of the Attorney General, and the court may not extend these deadlines except upon motion for good cause shown. If an alien fails to file a brief within the time provided in this paragraph, the court shall dismiss the appeal unless a manifest injustice would result.

13

(4) Scope and standard for review -- Except as provided in paragraph (5)(B)—

    (A) the court of appeals shall decide the petition only on the administrative record on which the order of removal is based,

    (B) the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,

    (C) a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law, and

    (D) the Attorney General's discretionary judgment whether to grant relief under section 1158(a) of this title shall be conclusive unless manifestly contrary to the law and an abuse of discretion.

    No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence, as described in section 1158(b)(1)(B), 1229a(c)(4)(B), or 1231(b)(3)(C) of this title, unless the court finds, pursuant to subsection (b)(4)(B), that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.

(5) Treatment of nationality claims

    (A) Court determination if no issue of fact -- If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

    (B) Transfer if issue of fact -- If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of title 28.

    (C) Limitation on determination -- The petitioner may have such nationality claim decided only as provided in this paragraph.

(6) Consolidation with review of motions to reopen or reconsider -- When a

14

petitioner seeks review of an order under this section, any review sought of a motion to reopen or reconsider the order shall be consolidated with the review of the order.

(7) Challenge to validity of orders in certain criminal proceedings

(A) In general -- If the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating section 1253(a) of this title may challenge the validity of the order in the criminal proceeding only by filing a separate motion before trial. The district court, without a jury, shall decide the motion before trial.

(B) Claims of United States nationality -- If the defendant claims in the motion to be a national of the United States and the district court finds that—

(i) no genuine issue of material fact about the defendant's nationality is presented, the court shall decide the motion only on the administrative record on which the removal order is based and the administrative findings of fact are conclusive if supported by reasonable, substantial, and probative evidence on the record considered as a whole; or

(ii) a genuine issue of material fact about the defendant's nationality is presented, the court shall hold a new hearing on the nationality claim and decide that claim as if an action had been brought under section 2201 of title 28.

The defendant may have such nationality claim decided only as provided in this subparagraph.

(C) Consequence of invalidation -- If the district court rules that the removal order is invalid, the court shall dismiss the indictment for violation of section 1253(a) of this title. The United States Government may appeal the dismissal to the court of appeals for the appropriate circuit within 30 days after the date of the dismissal.

(D) Limitation on filing petitions for review -- The defendant in a criminal proceeding under section 1253(a) of this title may not file a petition for review under subsection (a) during the criminal proceeding.

(8) Construction -- This subsection—

    (A) does not prevent the Attorney General, after a final order of removal has been issued, from detaining the alien under section 1231(a) of this title;

    (B) does not relieve the alien from complying with section 1231(a)(4) of this title and section 1253(g) [1] of this title; and

    (C) does not require the Attorney General to defer removal of the alien.

(9) Consolidation of questions for judicial review

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

(c) Requirements for petition -- A petition for review or for habeas corpus of an order of removal—

    (1) shall attach a copy of such order, and

    (2) shall state whether a court has upheld the validity of the order, and, if so, shall state the name of the court, the date of the court's ruling, and the kind of proceeding.

(d) Review of final orders -- A court may review a final order of removal only if—

    (1) the alien has exhausted all administrative remedies available to the alien as of right, and

    (2) another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

(e) Judicial review of orders under section 1225(b)(1)

(1) Limitations on relief -- Without regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action, no court may—

(A) enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title except as specifically authorized in a subsequent paragraph of this subsection, or

(B) certify a class under Rule 23 of the Federal Rules of Civil Procedure in any action for which judicial review is authorized under a subsequent paragraph of this subsection.

(2) Habeas corpus proceedings -- Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—

(A) whether the petitioner is an alien,

(B) whether the petitioner was ordered removed under such section, and

(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

(3) Challenges on validity of the system

(A) In general -- Judicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia, but shall be limited to determinations of—

(i) whether such section, or any regulation issued to implement such section, is constitutional; or

(ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under

17

the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law.

(B) Deadlines for bringing actions -- Any action instituted under this paragraph must be filed no later than 60 days after the date the challenged section, regulation, directive, guideline, or procedure described in clause (i) or (ii) of subparagraph (A) is first implemented.

(C) Notice of appeal -- A notice of appeal of an order issued by the District Court under this paragraph may be filed not later than 30 days after the date of issuance of such order.

(D) Expeditious consideration of cases -- It shall be the duty of the District Court, the Court of Appeals, and the Supreme Court of the United States to advance on the docket and to expedite to the greatest possible extent the disposition of any case considered under this paragraph.

(4) Decision -- In any case where the court determines that the petitioner—

(A) is an alien who was not ordered removed under section 1225(b)(1) of this title, or

(B) has demonstrated by a preponderance of the evidence that the alien is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, the court may order no remedy or relief other than to require that the petitioner be provided a hearing in accordance with section 1229a of this title. Any alien who is provided a hearing under section 1229a of this title pursuant to this paragraph may thereafter obtain judicial review of any resulting final order of removal pursuant to subsection (a)(1).

(5) Scope of inquiry -- In determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.

(f) Limit on injunctive relief

18

(1) In general -- Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

(2) Particular cases -- Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.

(3) Certain actions -- Paragraph (1) shall not apply to an action brought pursuant to section 1225(b)(3) of this title, subsections (e) or (f) of section 1226 of this title, or section 1231(a)(2)(B) of this title.

(g) Exclusive jurisdiction -- Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

## 8 U.S.C. § 1103(a)(1), (a)(3) – Powers and duties of the Secretary

(a) Secretary of Homeland Security

(1) The Secretary of Homeland Security shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens, except insofar as this chapter or such laws relate to the powers, functions, and duties conferred upon the President, Attorney General, the Secretary of State, the officers of the Department of State, or diplomatic or consular officers: *Provided, however*, That determination and ruling by the Attorney General with respect to all questions of law shall be controlling.

…

(3) He shall establish such regulations; prescribe such forms of bond, reports, entries, and other papers; issue such instructions; and perform such other acts as he deems necessary for carrying out his authority under the provisions of this chapter.

## 6 U.S.C. § 202 Border, Maritime, and Transportation Responsibilities

The Secretary shall be responsible for the following:

(1) Preventing the entry of terrorists and the instruments of terrorism into the United States.

(2) Securing the borders, territorial waters, ports, terminals, waterways, and air, land, and sea transportation systems of the United States, including managing and coordinating those functions transferred to the Department at ports of entry.

(3) Carrying out the immigration enforcement functions vested by statute in, or performed by, the Commissioner of Immigration and Naturalization (or any officer, employee, or component of the Immigration and Naturalization Service) immediately before the date on which the transfer of functions specified under section 251 of this title takes effect.

(4) Establishing and administering rules, in accordance with section 236 of this title, governing the granting of visas or other forms of permission, including parole, to enter the United States to individuals who are not a citizen or an alien lawfully admitted for permanent residence in the United States.

(5) Establishing national immigration enforcement policies and priorities.

(6) Except as provided in part C of this subchapter, administering the customs laws of the United States.

(7) Conducting the inspection and related administrative functions of the Department of Agriculture transferred to the Secretary of Homeland Security under section 231 of this title.

(8) In carrying out the foregoing responsibilities, ensuring the speedy, orderly, and efficient flow of lawful traffic and commerce.

21

## 5 U.S.C. §705 - Relief pending review

When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review. On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

## <u>5 U.S.C. §701 – Judicial Review - Application; definitions</u>

(a) This chapter applies, according to the provisions thereof, except to the extent that—

(1) statutes preclude judicial review; or

(2) agency action is committed to agency discretion by law.

(b) For the purpose of this chapter—

(1) "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—

(A) the Congress;

(B) the courts of the United States;

(C) the governments of the territories or possessions of the United States;

(D) the government of the District of Columbia;

(E) agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them;

(F) courts martial and military commissions;

(G) military authority exercised in the field in time of war or in occupied territory; or

(H) functions conferred by sections 1738, 1739, 1743, and 1744 of title 12; subchapter II of chapter 471 of title 49; or sections 1884, 1891–1902, and former section 1641(b)(2), of title 50, appendix;  and

(2) "person", "rule", "order", "license", "sanction", "relief", and "agency action" have the meanings given them by section 551 of this title.

23

## Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), div. C, Pub. L. No. 104-208, §§ 306, 308, 110 Stat. 3009-546

62

that is legally enforceable by any party against the United States or its agencies or officers or any other person.".

(b) REENTRY OF ALIEN REMOVED PRIOR TO COMPLETION OF TERM OF IMPRISONMENT.—Section 276(b) (8 U.S.C. 1326(b)), as amended by section 321(b), is amended—

(1) by striking "or" at the end of paragraph (2),
(2) by adding "or" at the end of paragraph (3), and
(3) by inserting after paragraph (3) the following new paragraph:

"(4) who was removed from the United States pursuant to section 241(a)(4)(B) who thereafter, without the permission of the Attorney General, enters, attempts to enter, or is at any time found in, the United States (unless the Attorney General has expressly consented to such alien's reentry) shall be fined under title 18, United States Code, imprisoned for not more than 10 years, or both.

(c) MISCELLANEOUS CONFORMING AMENDMENT.—Section 212(a)(4) (8 U.S.C. 1182(a)(4)), as amended by section 621(a), is amended by striking "241(a)(5)(B)" each place it appears and inserting "237(a)(5)(B)".

**SEC. 306. APPEALS FROM ORDERS OF REMOVAL (NEW SECTION 242).**

(a) IN GENERAL.—Section 242 (8 U.S.C. 1252) is amended—

(1) by redesignating subsection (j) as subsection (i) and by moving such subsection and adding it at the end of section 241, as inserted by section 305(a)(3); and
(2) by amending the remainder of section 242 to read as follows:

"*JUDICIAL REVIEW OF ORDERS OF REMOVAL*

"SEC. 242. (a) APPLICABLE PROVISIONS.—

"(1) GENERAL ORDERS OF REMOVAL.—Judicial review of a final order of removal (other than an order of removal without a hearing pursuant to section 235(b)(1)) is governed only by chapter 158 of title 28 of the United States Code, except as provided in subsection (b) and except that the court may not order the taking of additional evidence under section 2347(c) of such title.

"(2) MATTERS NOT SUBJECT TO JUDICIAL REVIEW.—

"(A) REVIEW RELATING TO SECTION 235(b)(1).—Notwithstanding any other provision of law, no court shall have jurisdiction to review—

"(i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 235(b)(1),

"(ii) except as provided in subsection (e), a decision by the Attorney General to invoke the provisions of such section,

"(iii) the application of such section to individual aliens, including the determination made under section 235(b)(1)(B), or

24

63

"(iv) except as provided in subsection (e), procedures and policies adopted by the Attorney General to implement the provisions of section 235(b)(1).

"(B) DENIALS OF DISCRETIONARY RELIEF.—Notwithstanding any other provision of law, no court shall have jurisdiction to review—

"(i) any judgment regarding the granting of relief under section 212(h), 212(i), 240A, 240B, or 245, or

"(ii) any other decision or action of the Attorney General the authority for which is specified under this title to be in the discretion of the Attorney General, other than the granting of relief under section 208(a).

"(C) ORDERS AGAINST CRIMINAL ALIENS.—Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 212(a)(2) or 237(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 237(a)(2)(A)(ii) for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 237(a)(2)(A)(i).

"(3) TREATMENT OF CERTAIN DECISIONS.—No alien shall have a right to appeal from a decision of an immigration judge which is based solely on a certification described in section 240(c)(1)(B).

"(b) REQUIREMENTS FOR REVIEW OF ORDERS OF REMOVAL.—With respect to review of an order of removal under subsection (a)(1), the following requirements apply:

"(1) DEADLINE.—The petition for review must be filed not later than 30 days after the date of the final order of removal.

"(2) VENUE AND FORMS.—The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. The record and briefs do not have to be printed. The court of appeals shall review the proceeding on a typewritten record and on typewritten briefs.

"(3) SERVICE.—

"(A) IN GENERAL.—The respondent is the Attorney General. The petition shall be served on the Attorney General and on the officer or employee of the Service in charge of the Service district in which the final order of removal under section 240 was entered.

"(B) STAY OF ORDER.—Service of the petition on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise.

"(C) ALIEN'S BRIEF.—The alien shall serve and file a brief in connection with a petition for judicial review not later than 40 days after the date on which the administrative record is available, and may serve and file a reply brief not later than 14 days after service of the brief of the Attorney General, and the court may not extend these deadlines except upon motion for good cause shown. If an alien fails to file a brief within the time provided in this paragraph,

64

the court shall dismiss the appeal unless a manifest injustice would result.

"(4) SCOPE AND STANDARD FOR REVIEW.—Except as provided in paragraph (5)(B)—

"(A) the court of appeals shall decide the petition only on the administrative record on which the order of removal is based,

"(B) the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,

"(C) a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law, and

"(D) the Attorney General's discretionary judgment whether to grant relief under section 208(a) shall be conclusive unless manifestly contrary to the law and an abuse of discretion.

"(5) TREATMENT OF NATIONALITY CLAIMS.—

"(A) COURT DETERMINATION IF NO ISSUE OF FACT.—If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

"(B) TRANSFER IF ISSUE OF FACT.—If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of title 28, United States Code.

"(C) LIMITATION ON DETERMINATION.—The petitioner may have such nationality claim decided only as provided in this paragraph.

"(6) CONSOLIDATION WITH REVIEW OF MOTIONS TO REOPEN OR RECONSIDER.—When a petitioner seeks review of an order under this section, any review sought of a motion to reopen or reconsider the order shall be consolidated with the review of the order.

"(7) CHALLENGE TO VALIDITY OF ORDERS IN CERTAIN CRIMINAL PROCEEDINGS.—

"(A) IN GENERAL.—If the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating section 243(a) may challenge the validity of the order in the criminal proceeding only by filing a separate motion before trial. The district court, without a jury, shall decide the motion before trial.

"(B) CLAIMS OF UNITED STATES NATIONALITY.—If the defendant claims in the motion to be a national of the United States and the district court finds that—

26

65

"(i) no genuine issue of material fact about the defendant's nationality is presented, the court shall decide the motion only on the administrative record on which the removal order is based and the administrative findings of fact are conclusive if supported by reasonable, substantial, and probative evidence on the record considered as a whole; or

"(ii) a genuine issue of material fact about the defendant's nationality is presented, the court shall hold a new hearing on the nationality claim and decide that claim as if an action had been brought under section 2201 of title 28, United States Code.

The defendant may have such nationality claim decided only as provided in this subparagraph.

"(C) CONSEQUENCE OF INVALIDATION.—If the district court rules that the removal order is invalid, the court shall dismiss the indictment for violation of section 243(a). The United States Government may appeal the dismissal to the court of appeals for the appropriate circuit within 30 days after the date of the dismissal.

"(D) LIMITATION ON FILING PETITIONS FOR REVIEW.— The defendant in a criminal proceeding under section 243(a) may not file a petition for review under subsection (a) during the criminal proceeding.

"(8) CONSTRUCTION.—This subsection—

"(A) does not prevent the Attorney General, after a final order of removal has been issued, from detaining the alien under section 241(a);

"(B) does not relieve the alien from complying with section 241(a)(4) and section 243(g); and

"(C) does not require the Attorney General to defer removal of the alien.

"(9) CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW.— Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section.

"(c) REQUIREMENTS FOR PETITION.—A petition for review or for habeas corpus of an order of removal—

"(1) shall attach a copy of such order, and

"(2) shall state whether a court has upheld the validity of the order, and, if so, shall state the name of the court, the date of the court's ruling, and the kind of proceeding.

"(d) REVIEW OF FINAL ORDERS.—A court may review a final order of removal only if—

"(1) the alien has exhausted all administrative remedies available to the alien as of right, and

"(2) another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

66

"(e) JUDICIAL REVIEW OF ORDERS UNDER SECTION 235(b)(1).—

"(1) LIMITATIONS ON RELIEF.—Without regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action, no court may—

"(A) enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 235(b)(1) except as specifically authorized in a subsequent paragraph of this subsection, or

"(B) certify a class under Rule 23 of the Federal Rules of Civil Procedure in any action for which judicial review is authorized under a subsequent paragraph of this subsection.

"(2) HABEAS CORPUS PROCEEDINGS.—Judicial review of any determination made under section 235(b)(1) is available in habeas corpus proceedings, but shall be limited to determinations of—

"(A) whether the petitioner is an alien,

"(B) whether the petitioner was ordered removed under such section, and

"(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 207, or has been granted asylum under section 208, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 235(b)(1)(C).

"(3) CHALLENGES ON VALIDITY OF THE SYSTEM.—

"(A) IN GENERAL.—Judicial review of determinations under section 235(b) and its implementation is available in an action instituted in the United States District Court for the District of Columbia, but shall be limited to determinations of—

"(i) whether such section, or any regulation issued to implement such section, is constitutional; or

"(ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this title or is otherwise in violation of law.

"(B) DEADLINES FOR BRINGING ACTIONS.—Any action instituted under this paragraph must be filed no later than 60 days after the date the challenged section, regulation, directive, guideline, or procedure described in clause (i) or (ii) of subparagraph (A) is first implemented.

"(C) NOTICE OF APPEAL.—A notice of appeal of an order issued by the District Court under this paragraph may be filed not later than 30 days after the date of issuance of such order.

"(D) EXPEDITIOUS CONSIDERATION OF CASES.—It shall be the duty of the District Court, the Court of Appeals, and the Supreme Court of the United States to advance on the docket and to expedite to the greatest possible extent the disposition of any case considered under this paragraph.

67

"(4) DECISION.—In any case where the court determines that the petitioner—

"(A) is an alien who was not ordered removed under section 235(b)(1), or

"(B) has demonstrated by a preponderance of the evidence that the alien is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 207, or has been granted asylum under section 208,

the court may order no remedy or relief other than to require that the petitioner be provided a hearing in accordance with section 240. Any alien who is provided a hearing under section 240 pursuant to this paragraph may thereafter obtain judicial review of any resulting final order of removal pursuant to subsection (a)(1).

"(5) SCOPE OF INQUIRY.—In determining whether an alien has been ordered removed under section 235(b)(1), the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.

"(f) LIMIT ON INJUNCTIVE RELIEF.—

"(1) IN GENERAL.—Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of chapter 4 of title II, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such chapter have been initiated.

"(2) PARTICULAR CASES.—Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.

"(g) EXCLUSIVE JURISDICTION.—Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.".

(b) REPEAL OF SECTION 106.—Section 106 (8 U.S.C. 1105a) is repealed.

(c) EFFECTIVE DATE.—

(1) IN GENERAL.—Subject to paragraph (2), the amendments made by subsections (a) and (b) shall apply to all final orders of deportation or removal and motions to reopen filed on or after the date of the enactment of this Act and subsection (g) of section 242 of the Immigration and Nationality Act (as added by subsection (a)), shall apply without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under such Act.

(2) LIMITATION.—Paragraph (1) shall not be considered to invalidate or to require the reconsideration of any judgment or

68

order entered under section 106 of the Immigration and Nation-
ality Act, as amended by section 440 of Public Law 104–132.

(d) TECHNICAL AMENDMENT.—Effective as if included in the en-
actment of the Antiterrorism and Effective Death Penalty Act of
1996 (Public Law 104–132), subsections (a), (c), (d), (g), and (h) of
section 440 of such Act are amended by striking "any offense covered
by section 241(a)(2)(A)(ii) for which both predicate offenses are cov-
ered by section 241(a)(2)(A)(i)" and inserting "any offense covered by
section 241(a)(2)(A)(ii) for which both predicate offenses are, without
regard to the date of their commission, otherwise covered by section
241(a)(2)(A)(i)".

### SEC. 307. PENALTIES RELATING TO REMOVAL (REVISED SECTION 243).

(a) IN GENERAL.—Section 243 (8 U.S.C. 1253) is amended to
read as follows:

#### "PENALTIES RELATED TO REMOVAL

"SEC. 243. (a) PENALTY FOR FAILURE TO DEPART.—

"(1) IN GENERAL.—Any alien against whom a final order of
removal is outstanding by reason of being a member of any of
the classes described in section 237(a), who—

"(A) willfully fails or refuses to depart from the United
States within a period of 90 days from the date of the final
order of removal under administrative processes, or if judi-
cial review is had, then from the date of the final order of
the court,

"(B) willfully fails or refuses to make timely applica-
tion in good faith for travel or other documents necessary
to the alien's departure,

"(C) connives or conspires, or takes any other action,
designed to prevent or hamper or with the purpose of pre-
venting or hampering the alien's departure pursuant to
such, or

"(D) willfully fails or refuses to present himself or her-
self for removal at the time and place required by the Attor-
ney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned
not more than four years (or 10 years if the alien is a member
of any of the classes described in paragraph (1)(E), (2), (3), or
(4) of section 237(a)), or both.

"(2) EXCEPTION.—It is not a violation of paragraph (1) to
take any proper steps for the purpose of securing cancellation
of or exemption from such order of removal or for the purpose
of securing the alien's release from incarceration or custody.

"(3) SUSPENSION.—The court may for good cause suspend
the sentence of an alien under this subsection and order the
alien's release under such conditions as the court may prescribe.
In determining whether good cause has been shown to justify
releasing the alien, the court shall take into account such fac-
tors as—

"(A) the age, health, and period of detention of the
alien;

"(B) the effect of the alien's release upon the national
security and public peace or safety;

69

"(C) the likelihood of the alien's resuming or following a course of conduct which made or would make the alien deportable;

"(D) the character of the efforts made by such alien himself and by representatives of the country or countries to which the alien's removal is directed to expedite the alien's departure from the United States;

"(E) the reason for the inability of the Government of the United States to secure passports, other travel documents, or removal facilities from the country or countries to which the alien has been ordered removed; and

"(F) the eligibility of the alien for discretionary relief under the immigration laws.

"(b) WILLFUL FAILURE TO COMPLY WITH TERMS OF RELEASE UNDER SUPERVISION.—An alien who shall willfully fail to comply with regulations or requirements issued pursuant to section 241(a)(3) or knowingly give false information in response to an inquiry under such section shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

"(c) PENALTIES RELATING TO VESSELS AND AIRCRAFT.—

"(1) CIVIL PENALTIES.—

"(A) FAILURE TO CARRY OUT CERTAIN ORDERS.—If the Attorney General is satisfied that a person has violated subsection (d) or (e) of section 241, the person shall pay to the Commissioner the sum of $2,000 for each violation.

"(B) FAILURE TO REMOVE ALIEN STOWAWAYS.—If the Attorney General is satisfied that a person has failed to remove an alien stowaway as required under section 241(d)(2), the person shall pay to the Commissioner the sum of $5,000 for each alien stowaway not removed.

"(C) NO COMPROMISE.—The Attorney General may not compromise the amount of such penalty under this paragraph.

"(2) CLEARING VESSELS AND AIRCRAFT.—

"(A) CLEARANCE BEFORE DECISION ON LIABILITY.—A vessel or aircraft may be granted clearance before a decision on liability is made under paragraph (1) only if a bond approved by the Attorney General or an amount sufficient to pay the civil penalty is deposited with the Commissioner.

"(B) PROHIBITION ON CLEARANCE WHILE PENALTY UNPAID.—A vessel or aircraft may not be granted clearance if a civil penalty imposed under paragraph (1) is not paid.

"(d) DISCONTINUING GRANTING VISAS TO NATIONALS OF COUNTRY DENYING OR DELAYING ACCEPTING ALIEN.—On being notified by the Attorney General that the government of a foreign country denies or unreasonably delays accepting an alien who is a citizen, subject, national, or resident of that country after the Attorney General asks whether the government will accept the alien under this section, the Secretary of State shall order consular officers in that foreign country to discontinue granting immigrant visas or nonimmigrant visas, or both, to citizens, subjects, nationals, and residents of that country until the Attorney General notifies the Secretary that the country has accepted the alien.".

31

70

### SEC. 308. REDESIGNATION AND REORGANIZATION OF OTHER PROVISIONS; ADDITIONAL CONFORMING AMENDMENTS.

(a) CONFORMING AMENDMENT TO TABLE OF CONTENTS; OVERVIEW OF REORGANIZED CHAPTERS.—The table of contents, as amended by sections 123(b) and 851(d)(1), is amended—

(1) by striking the item relating to section 106, and

(2) by striking the item relating to chapter 4 of title II and all that follows through the item relating to section 244A and inserting the following:

"CHAPTER 4—INSPECTION, APPREHENSION, EXAMINATION, EXCLUSION, AND REMOVAL

"Sec. 231. Lists of alien and citizen passengers arriving or departing; record of resident aliens and citizens leaving permanently for foreign country.
"Sec. 232. Detention of aliens for physical and mental examination.
"Sec. 233. Entry through or from foreign territory and adjacent islands; landing stations.
"Sec. 234. Designation of ports of entry for aliens arriving by civil aircraft.
"Sec. 235. Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing.
"Sec. 235A. Preinspection at foreign airports.
"Sec. 236. Apprehension and detention of aliens not lawfully in the United States.
"Sec. 237. General classes of deportable aliens.
"Sec. 238. Expedited removal of aliens convicted of committing aggravated felonies.
"Sec. 239. Initiation of removal proceedings.
"Sec. 240. Removal proceedings.
"Sec. 240A. Cancellation of removal; adjustment of status.
"Sec. 240B. Voluntary departure.
"Sec. 240C. Records of admission.
"Sec. 241. Detention and removal of aliens ordered removed.
"Sec. 242. Judicial review of orders of removal.
"Sec. 243. Penalties relating to removal.
"Sec. 244. Temporary protected status.

"CHAPTER 5—ADJUSTMENT AND CHANGE OF STATUS".

(b) REORGANIZATION OF OTHER PROVISIONS.—Chapters 4 and 5 of title II are amended as follows:

(1) AMENDING CHAPTER HEADING.—Amend the heading for chapter 4 of title II to read as follows:

"CHAPTER 4—INSPECTION, APPREHENSION, EXAMINATION, EXCLUSION, AND REMOVAL".

(2) REDESIGNATING SECTION 232 AS SECTION 232(a).—Amend section 232 (8 U.S.C. 1222)—

(A) by inserting "(a) DETENTION OF ALIENS.—" after "SEC. 232.", and

(B) by amending the section heading to read as follows:

"DETENTION OF ALIENS FOR PHYSICAL AND MENTAL EXAMINATION".

(3) REDESIGNATING SECTION 234 AS SECTION 232(b).—Amend section 234 (8 U.S.C. 1224)—

(A) by striking the heading,

(B) by striking "SEC. 234." and inserting the following: "(b) PHYSICAL AND MENTAL EXAMINATION.—", and

(C) by moving such provision to the end of section 232.

(4) REDESIGNATING SECTION 238 AS SECTION 233.—Redesignate section 238 (8 U.S.C. 1228) as section 233 and move the section to immediately follow section 232.

(5) REDESIGNATING SECTION 242A AS SECTION 238.—Redesignate section 242A as section 238, strike "DEPORTATION" in its

71

heading and insert "REMOVAL", and move the section to immediately follow section 237 (as redesignated by section 305(a)(2)).

(6) STRIKING SECTION 242B.—Strike section 242B (8 U.S.C. 1252b).

(7) STRIKING SECTION 244 AND REDESIGNATING SECTION 244A AS SECTION 244.—Strike section 244 (8 U.S.C. 1254) and redesignate section 244A as section 244.

(8) AMENDING CHAPTER HEADING.—Amend the heading for chapter 5 of title II to read as follows:

"CHAPTER 5—ADJUSTMENT AND CHANGE OF STATUS".

(c) ADDITIONAL CONFORMING AMENDMENTS.—

(1) EXPEDITED PROCEDURES FOR AGGRAVATED FELONS (FORMER SECTION 242A).—Section 238 (which, previous to redesignation under section 308(b)(5), was section 242A) is amended—

(A) in subsection (a)(1), by striking "section 242" and inserting "section 240";

(B) in subsection (a)(2), by striking "section 242(a)(2)" and inserting "section 236(c)"; and

(C) in subsection (b)(1), by striking "section 241(a)(2)(A)(iii)" and inserting "section 237(a)(2)(A)(iii)".

(2) TREATMENT OF CERTAIN HELPLESS ALIENS.—

(A) CERTIFICATION OF HELPLESS ALIENS.—Section 232 (8 U.S.C. 1222), as amended by section 308(b)(2), is further amended by adding at the end the following new subsection:

"(c) CERTIFICATION OF CERTAIN HELPLESS ALIENS.—If an examining medical officer determines that an alien arriving in the United States is inadmissible, is helpless from sickness, mental or physical disability, or infancy, and is accompanied by another alien whose protection or guardianship may be required, the officer may certify such fact for purposes of applying section 212(a)(10)(B) with respect to the other alien.".

(B) GROUND OF INADMISSIBILITY FOR PROTECTION AND GUARDIANSHIP OF ALIENS DENIED ADMISSION FOR HEALTH OR INFANCY.—Subparagraph (B) of section 212(a)(10) (8 U.S.C. 1182(a)(10)), as redesignated by section 301(a)(1), is amended to read as follows:

"(B) GUARDIAN REQUIRED TO ACCOMPANY HELPLESS ALIEN.—Any alien—

"(i) who is accompanying another alien who is inadmissible and who is certified to be helpless from sickness, mental or physical disability, or infancy pursuant to section 232(c), and

"(ii) whose protection or guardianship is determined to be required by the alien described in clause (i),

is inadmissible.".

(3) CONTINGENT CONSIDERATION IN RELATION TO REMOVAL OF ALIENS.—Section 273(a) (8 U.S.C. 1323(a)) is amended—

(A) by inserting "(1)" after "(a)", and

(B) by adding at the end the following new paragraph:

72

"(2) It is unlawful for an owner, agent, master, commanding officer, person in charge, purser, or consignee of a vessel or aircraft who is bringing an alien (except an alien crewmember) to the United States to take any consideration to be kept or returned contingent on whether an alien is admitted to, or ordered removed from, the United States.".

(4) CLARIFICATION.—(A) Section 238(a)(1), which, previous to redesignation under section 308(b)(5), was section 242A(a)(1), is amended by adding at the end the following: "Nothing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.".

(B) Section 225 of the Immigration and Nationality Technical Corrections Act of 1994 (Public Law 103–416), as amended by section 851(b)(15), is amended by striking "and nothing in" and all that follows up to "shall".

(d) ADDITIONAL CONFORMING AMENDMENTS RELATING TO EXCLUSION AND INADMISSIBILITY.—

(1) SECTION 212.—Section 212 (8 U.S.C. 1182(a)) is amended—

(A) in the heading, by striking "EXCLUDED FROM" and inserting "INELIGIBLE FOR";

(B) in the matter in subsection (a) before paragraph (1), by striking all that follows "(a)" and inserting the following: "CLASSES OF ALIENS INELIGIBLE FOR VISAS OR ADMISSION.—Except as otherwise provided in this Act, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States:";

(C) in subsection (a), by striking "is excludable" and inserting "is inadmissible" each place it appears;

(D) in subsections (a)(5)(C) (before redesignation by section 343(c)(1), (d)(1), (k), by striking "exclusion" and inserting "inadmissibility";

(E) in subsections (b), (d)(3), (h)(1)(A)(i), and (k), by striking "excludable" each place it appears and inserting "inadmissible";

(F) in subsection (b)(2), by striking "or ineligible for entry";

(G) in subsection (d)(7), by striking "excluded from" and inserting "denied"; and

(H) in subsection (h)(1)(B), by striking "exclusion" and inserting "denial of admission".

(2) SECTION 241.—Section 241 (8 U.S.C. 1251), before redesignation as section 237 by section 305(a)(2), is amended—

(A) in subsection (a)(1)(H), by striking "excludable" and inserting "inadmissible";

(B) in subsection (a)(4)(C)(ii), by striking "excludability" and inserting "inadmissibility";

(C) in subsection (c), by striking "exclusion" and inserting "inadmissibility"; and

(D) effective upon enactment of this Act, by striking subsection (d), as added by section 414(a) of the

73

Antiterrorism and Effective Death Penalty Act of 1996 (P.L. 104–132).

(3) OTHER GENERAL REFERENCES.—The following provisions are amended by striking "excludability" and "excludable" each place each appears and inserting "inadmissibility" and "inadmissible", respectively:

(A) Sections 101(f)(3), 213, 234 (before redesignation by section 308(b)), 241(a)(1) (before redesignation by section 305(a)(2)), 272(a), 277, 286(h)(2)(A)(v), and 286(h)(2)(A)(vi).

(B) Section 601(e) of the Immigration Act of 1990.

(C) Section 128 of the Foreign Relations Authorization Act, Fiscal Years 1992 and 1993 (Public Law 102–138).

(D) Section 1073 of the National Defense Authorization Act for Fiscal Year 1995 (Public Law 103–337).

(E) Section 221 of the Immigration and Nationality Technical Corrections Act of 1994 (Public Law 103–416).

(4) RELATED TERMS.—

(A) Section 101(a)(17) (8 U.S.C. 1101(a)(17)) is amended by striking "or expulsion" and inserting "expulsion, or removal".

(B) Section 102 (8 U.S.C. 1102) is amended by striking "exclusion or deportation" and inserting "removal".

(C) Section 103(c)(2) (8 U.S.C. 1103(c)(2)) is amended by striking "been excluded or deported" and inserting "not been admitted or have been removed".

(D) Section 206 (8 U.S.C. 1156) is amended by striking "excluded from admission to the United States and deported" and inserting "denied admission to the United States and removed".

(E) Section 216(f) (8 U.S.C. 1186a) is amended by striking "exclusion" and inserting "inadmissibility".

(F) Section 217 (8 U.S.C. 1187) is amended by striking "excluded from admission" and inserting "denied admission at the time of arrival" each place it appears.

(G) Section 221(f) (8 U.S.C. 1201) is amended by striking "exclude" and inserting "deny admission to".

(H) Section 232(a) (8 U.S.C. 1222(a)), as redesignated by subsection (b)(2), is amended by striking "excluded by" and "the excluded classes" and inserting "inadmissible under" and "inadmissible classes", respectively.

(I)(i) Section 272 (8 U.S.C. 1322) is amended—

(I) by striking "EXCLUSION" in the heading and inserting "DENIAL OF ADMISSION",

(II) in subsection (a), by striking "excluding condition" and inserting "condition causing inadmissibility", and

(III) in subsection (c), by striking "excluding".

(ii) The item in the table of contents relating to such section is amended by striking "exclusion" and inserting "denial of admission".

(J) Section 276(a) (8 U.S.C. 1326(a)) is amended—

(i) in paragraph (1), as amended by section 324(a)—

35

74

(I) by striking "arrested and deported, has been excluded and deported," and inserting "denied admission, excluded, deported, or removed", and

(II) by striking "exclusion or deportation" and inserting "exclusion, deportation, or removal"; and

(ii) in paragraph (2)(B), by striking "excluded and deported" and inserting "denied admission and removed".

(K) Section 286(h)(2)(A)(vi) (8 U.S.C. 1356(h)(2)(A)(vi)) is amended by striking "exclusion" each place it appears and inserting "removal".

(L) Section 287 (8 U.S.C. 1357) is amended—

(i) in subsection (a), by striking "or expulsion" each place it appears and inserting "expulsion, or removal", and

(ii) in subsection (c), by striking "exclusion from" and inserting "denial of admission to".

(M) Section 290(a) (8 U.S.C. 1360(a)) is amended by striking "admitted to the United States, or excluded therefrom" each place it appears and inserting "admitted or denied admission to the United States".

(N) Section 291 (8 U.S.C. 1361) is amended by striking "subject to exclusion" and inserting "inadmissible" each place it appears.

(O) Section 292 (8 U.S.C. 1362) is amended by striking "exclusion or deportation" each place it appears and inserting "removal".

(P) Section 360 (8 U.S.C. 1503) is amended—

(i) in subsection (a), by striking "exclusion" each place it appears and inserting "removal", and

(ii) in subsection (c), by striking "excluded from" and inserting "denied".

(Q) Section 507(b)(2)(D) (8 U.S.C. 1537(b)(2)(D)) is amended by striking "exclusion because such alien is excludable" and inserting "removal because such alien is inadmissible".

(R) Section 301(a)(1) of the Immigration Act of 1990 is amended by striking "exclusion" and inserting "inadmissibility".

(S) Section 401(c) of the Refugee Act of 1980 is amended by striking "deportation or exclusion" and inserting "removal".

(T) Section 501(e)(2) of the Refugee Education Assistance Act of 1980 (Public Law 96–422) is amended—

(i) by striking "exclusion or deportation" each place it appears and inserting "removal", and

(ii) by striking "deportation or exclusion" each place it appears and inserting "removal".

(U) Section 4113(c) of title 18, United States Code, is amended by striking "exclusion and deportation" and inserting "removal".

(5) REPEAL OF SUPERSEDED PROVISION.—Effective as of the date of the enactment of the Antiterrorism and Effective Death

36

75

Penalty Act of 1996, section 422 of such Act is repealed and the
Immigration and Nationality Act shall be applied as if such
section had not been enacted.

(e) REVISION OF TERMINOLOGY RELATING TO DEPORTATION.—

(1) Each of the following is amended by striking "deporta-
tion" each place it appears and inserting "removal":

(A) Subparagraphs (A)(iii)(II), (A)(iv)(II), and
(B)(iii)(II) of section 204(a)(1) (8 U.S.C. 1154(a)(1)).

(B) Section 212(d)(1) (8 U.S.C. 1182(d)(1)).

(C) Section 212(d)(11) (8 U.S.C. 1182(d)(11)).

(D) Section 214(k)(4)(C) (8 U.S.C. 1184(k)(4)(C)), as re-
designated by section 851(a)(3)(A).

(E) Section 241(a)(1)(H) (8 U.S.C. 1251(a)(1)(H)), before
redesignation as section 237 by section 305(a)(2).

(F) Section 242A (8 U.S.C. 1252a), before redesignation
as section 238 by subsection (b)(5).

(G) Subsections (a)(3) and (b)(5)(B) of section 244A (8
U.S.C. 1254a), before redesignation as section 244 by sub-
section (b)(7).

(H) Section 246(a) (8 U.S.C. 1256(a)).

(I) Section 254 (8 U.S.C. 1284).

(J) Section 263(a)(4) (8 U.S.C. 1303(a)(4)).

(K) Section 276(b) (8 U.S.C. 1326(b)).

(L) Section 286(h)(2)(A)(v) (8 U.S.C. 1356(h)(2)(A)(v)).

(M) Section 287(g) (8 U.S.C. 1357(g)) (as added by sec-
tion 122).

(N) Section 291 (8 U.S.C. 1361).

(O) Section 318 (8 U.S.C. 1429).

(P) Section 130005(a) of the Violent Crime Control and
Law Enforcement Act of 1994 (Public Law 103–322).

(Q) Section 4113(b) of title 18, United States Code.

(2) Each of the following is amended by striking "deported"
each place it appears and inserting "removed":

(A) Section 212(d)(7) (8 U.S.C. 1182(d)(7)).

(B) Section 214(d) (8 U.S.C. 1184(d)).

(C) Section 241(a) (8 U.S.C. 1251(a)), before redesigna-
tion as section 237 by section 305(a)(2).

(D) Section 242A(c)(2)(D)(iv) (8 U.S.C.
1252a(c)(2)(D)(iv)), as amended by section 851(b)(14) but
before redesignation as section 238 by subsection (b)(5).

(E) Section 252(b) (8 U.S.C. 1282(b)).

(F) Section 254 (8 U.S.C. 1284).

(G) Subsections (b) and (c) of section 266 (8 U.S.C.
1306).

(H) Section 301(a)(1) of the Immigration Act of 1990.

(I) Section 4113 of title 18, United States Code.

(3) Section 101(g) (8 U.S.C. 1101(g)) is amended by insert-
ing "or removed" after "deported" each place it appears.

(4) Section 103(c)(2) (8 U.S.C. 1103(c)(2)) is amended by
striking "suspension of deportation" and inserting "cancellation
of removal".

(5) Section 201(b)(1)(D) (8 U.S.C. 1151(b)(1)(D)) is amended
by striking "deportation is suspended" and inserting "removal
is canceled".

37

76

(6) Section 212(l)(2)(B) (8 U.S.C. 1182(l)(2)(B)) is amended by striking "deportation against" and inserting "removal of".

(7) Subsections (b)(2), (c)(2)(B), (c)(3)(D), (c)(4)(A), and (d)(2)(C) of section 216 (8 U.S.C. 1186a) are each amended by striking "DEPORTATION", "deportation", "deport", and "deported" each place each appears and inserting "REMOVAL", "removal", "remove", and "removed", respectively.

(8) Subsections (b)(2), (c)(2)(B), (c)(3)(D), and (d)(2)(C) of section 216A (8 U.S.C. 1186b) are each amended by striking "DEPORTATION", "deportation", "deport", and "deported" and inserting "REMOVAL", "removal", "remove", and "removed", respectively.

(9) Section 217(b)(2) (8 U.S.C. 1187(b)(2)) is amended by striking "deportation against" and inserting "removal of".

(10) Section 242A (8 U.S.C. 1252a), before redesignation as section 238 by subsection (b)(6), is amended, in the headings to various subdivisions, by striking "DEPORTATION" and "DEPORTATION" and inserting "REMOVAL" and "REMOVAL", respectively.

(11) Section 244A(a)(1)(A) (8 U.S.C. 1254a(a)(1)(A)), before redesignation as section 244 by subsection (b)(8), is amended—

(A) in subsection (a)(1)(A), by striking "deport" and inserting "remove", and

(B) in subsection (e), by striking "SUSPENSION OF DEPORTATION" and inserting "CANCELLATION OF REMOVAL".

(12) Section 254 (8 U.S.C. 1284) is amended by striking "deport" each place it appears and inserting "remove".

(13) Section 273(d) (8 U.S.C. 1323(d)) is repealed.

(14)(A) Section 276 (8 U.S.C. 1326) is amended by striking "DEPORTED" and inserting "REMOVED".

(B) The item in the table of contents relating to such section is amended by striking "deported" and inserting "removed".

(15) Section 318 (8 U.S.C. 1429) is amended by striking "suspending" and inserting "canceling".

(16) Section 301(a) of the Immigration Act of 1990 is amended by striking "DEPORTATION" and inserting "REMOVAL".

(17) The heading of section 130005 of the Violent Crime Control and Law Enforcement Act of 1994 (Public Law 103–322) is amended by striking "**DEPORTATION**" and inserting "**REMOVAL**".

(18) Section 9 of the Peace Corps Act (22 U.S.C. 2508) is amended by striking "deported" and all that follows through "Deportation" and inserting "removed pursuant to chapter 4 of title II of the Immigration and Nationality Act".

(19) Section 8(c) of the Foreign Agents Registration Act (22 U.S.C. 618(c)) is amended by striking "deportation" and all that follows and inserting "removal pursuant to chapter 4 of title II of the Immigration and Nationality Act.".

(f) REVISION OF REFERENCES TO ENTRY.—

(1) The following provisions are amended by striking "entry" and inserting "admission" each place it appears:

(A) Section 101(a)(15)(K) (8 U.S.C. 1101(a)(15)(K)).

(B) Section 101(a)(30) (8 U.S.C. 1101(a)(30)).

(C) Section 212(a)(2)(D) (8 U.S.C. 1182(a)(2)(D)).

(D) Section 212(a)(6)(C)(i) (8 U.S.C. 1182(a)(6)(C)(i)).

77

*(E) Section 212(h)(1)(A)(i) (8 U.S.C. 1182(h)(1)(A)(i)).*

*(F) Section 212(j)(1)(D) (8 U.S.C. 1182(j)(1)(D)).*

*(G) Section 214(c)(2)(A) (8 U.S.C. 1184(c)(2)(A)).*

*(H) Section 214(d) (8 U.S.C. 1184(d)).*

*(I) Section 216(b)(1)(A)(i) (8 U.S.C. 1186a(b)(1)(A)(i)).*

*(J) Section 216(d)(1)(A)(i)(III) (8 U.S.C. 1186a(d)(1)(A)(i)(III)).*

*(K) Subsection (b) of section 240 (8 U.S.C. 1230), before redesignation as section 240C by section 304(a)(2).*

*(L) Subsection (a)(1)(G) of section 241 (8 U.S.C. 1251), before redesignation as section 237 by section 305(a)(2).*

*(M) Subsection (a)(1)(H) of section 241 (8 U.S.C. 1251), before redesignation as section 237 by section 305(a)(2), other than the last time it appears.*

*(N) Paragraphs (2) and (4) of subsection (a) of section 241 (8 U.S.C. 1251), before redesignation as section 237 by section 305(a)(2).*

*(O) Section 245(e)(3) (8 U.S.C. 1255(e)(3)).*

*(P) Section 247(a) (8 U.S.C. 1257(a)).*

*(Q) Section 601(c)(2) of the Immigration Act of 1990.*

*(2) The following provisions are amended by striking "enter" and inserting "be admitted":*

*(A) Section 204(e) (8 U.S.C. 1154(e)).*

*(B) Section 221(h) (8 U.S.C. 1201(h)).*

*(C) Section 245(e)(2) (8 U.S.C. 1255(e)(2)).*

*(3) The following provisions are amended by striking "enters" and inserting "is admitted to":*

*(A) Section 212(j)(1)(D)(ii) (8 U.S.C. 1154(e)).*

*(B) Section 214(c)(5)(B) (8 U.S.C. 1184(c)(5)(B)).*

*(4) Subsection (a) of section 238 (8 U.S.C. 1228), before redesignation as section 233 by section 308(b)(4), is amended by striking "entry and inspection" and inserting "inspection and admission".*

*(5) Subsection (a)(1)(H)(ii) of section 241 (8 U.S.C. 1251), before redesignation as section 237 by section 305(a)(2), is amended by striking "at entry".*

*(6) Section 7 of the Central Intelligence Agency Act of 1949 (50 U.S.C. 403h) is amended by striking "that the entry", "given entry into", and "entering" and inserting "that the admission", "admitted to", and "admitted to".*

*(7) Section 4 of the Atomic Weapons and Special Nuclear Materials Rewards Act (50 U.S.C. 47c) is amended by striking "entry" and inserting "admission".*

*(g) CONFORMING REFERENCES TO REORGANIZED SECTIONS.—*

*(1) REFERENCES TO SECTIONS 232, 234, 238, 239, 240, 241, 242A, AND 244A.—Any reference in law in effect on the day before the date of the enactment of this Act to section 232, 234, 238, 239, 240, 241, 242A, or 244A of the Immigration and Nationality Act (or a subdivision of such section) is deemed, as of the title III–A effective date, to refer to section 232(a), 232(b), 233, 234, 234A, 237, 238, or 244 of such Act (or the corresponding subdivision of such section), as redesignated by this subtitle. Any reference in law to section 241 (or a subdivision of such section) of the Immigration and Nationality Act in an amend-*

78

ment made by a subsequent subtitle of this title is deemed a reference (as of the title III–A effective date) to section 237 (or the corresponding subdivision of such section), as redesignated by this subtitle.

(2) REFERENCES TO SECTION 106.—

(A) Sections 242A(b)(3) and 242A(c)(3)(A)(ii) (8 U.S.C. 1252a(b)(3), 1252a(c)(3)(A)(ii)), as amended by section 851(b)(14) but before redesignation as section 238 by subsection (b)(5), are each amended by striking "106" and inserting "242".

(B) Sections 210(e)(3)(A) and 245A(f)(4)(A) (8 U.S.C. 1160(e)(3)(A), 1255a(f)(4)(A)) are amended by inserting "(as in effect before October 1, 1996)" after "106".

(C) Section 242A(c)(3)(A)(iii) (8 U.S.C. 1252a(c)(3)(A)(iii)), as amended by section 851(b)(14) but before redesignation as section 238 by subsection (b)(5), is amended by striking "106(a)(1)" and inserting "242(b)(1)".

(3) REFERENCES TO SECTION 236.—

(A) Sections 205 and 209(a)(1) (8 U.S.C. 1155, 1159(a)(1)) are each amended by striking "236" and inserting "240".

(B) Section 4113(c) of title 18, United States Code, is amended by striking "1226 of title 8, United States Code" and inserting "240 of the Immigration and Nationality Act".

(4) REFERENCES TO SECTION 237.—

(A) Section 209(a)(1) (8 U.S.C. 1159(a)(1)) is amended by striking "237" and inserting "241".

(B) Section 212(d)(7) (8 U.S.C. 1182(d)(7)) is amended by striking "237(a)" and inserting "241(c)".

(C) Section 280(a) (8 U.S.C. 1330(a)) is amended by striking "237, 239, 243" and inserting "234, 243(c)(2)".

(5) REFERENCES TO SECTION 242.—

(A)(i) Sections 214(d), 252(b), and 287(f)(1) (8 U.S.C. 1184(d), 1282(b), 1357(f)(1)) are each amended by striking "242" and inserting "240".

(ii) Subsection (c)(4) of section 242A (8 U.S.C. 1252a), as amended by section 851(b)(13) but before redesignation as section 238 by subsection (b)(5), are each amended by striking "242" and inserting "240".

(iii) Section 245A(a)(1)(B) (8 U.S.C. 1255a(a)(1)(B)) is amended by inserting "(as in effect before October 1, 1996)" after "242".

(iv) Section 4113 of title 18, United States Code, is amended—

(I) in subsection (a), by striking "section 1252(b) or section 1254(e) of title 8, United States Code," and inserting "section 240B of the Immigration and Nationality Act"; and

(II) in subsection (b), by striking "section 1252 of title 8, United States Code," and inserting "section 240 of the Immigration and Nationality Act".

40

79

*(B) Section 130002(a) of Public Law 103–322, as amended by section 345, is amended by striking "242(a)(3)(A)" and inserting "236(d)".*

*(C) Section 242A(b)(1) (8 U.S.C. 1252a(b)(1)), before redesignation as section 238 by section 308(b)(5), is amended by striking "242(b)" and inserting "240".*

*(D) Section 242A(c)(2)(D)(ii) (8 U.S.C. 1252a(c)(2)(D)(ii)), as amended by section 851(b)(14) but before redesignation as section 238 by subsection (b)(5), is amended by striking "242(b)" and inserting "240".*

*(E) Section 1821(e) of title 28, United States Code, is amended by striking "242(b)" and inserting "240".*

*(F) Section 130007(a) of Public Law 103–322 is amended by striking "242(i)" and inserting "239(d)".*

*(G) Section 20301(c) of Public Law 103–322 is amended by striking "242(j)(5)" and "242(j)" and inserting "241(h)(5)" and "241(h)", respectively.*

*(6) REFERENCES TO SECTION 242B.—*

*(A) Section 303(d)(2) of the Immigration Act of 1990 is amended by striking "242B" and inserting "240(b)(5)".*

*(B) Section 545(g)(1)(B) of the Immigration Act of 1990 is amended by striking "242B(a)(4)" and inserting "239(a)(4)".*

*(7) REFERENCES TO SECTION 243.—*

*(A) Section 214(d) (8 U.S.C. 1184(d)) is amended by striking "243" and inserting "241".*

*(B) Section 504(k)(2) (8 U.S.C. 1534(k)(2)) is amended by striking "withholding of deportation under section 243(h)" and inserting "by withholding of removal under section 241(b)(3)".*

*(C)(i) Section 315(c) of the Immigration Reform and Control Act of 1986 is amended by striking "243(g)" and "1253(g)" and inserting "243(d)" and "1253(d)" respectively.*

*(ii) Section 702(b) of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1988 is amended by striking "243(g)" and inserting "243(d)".*

*(iii) Section 903(b) of Public Law 100–204 is amended by striking "243(g)" and inserting "243(d)".*

*(D)(i) Section 6(f)(2)(F) of the Food Stamp Act of 1977 (7 U.S.C. 2015(f)(2)(F)) is amended by striking "243(h)" and inserting "241(b)(3)".*

*(ii) Section 214(a)(5) of the Housing and Community Development Act of 1980 (42 U.S.C. 1436a(a)(5)) is amended by striking "243(h)" and inserting "241(b)(3)".*

*(E)(i) Subsection (c)(2)(B)(ii) of section 244A (8 U.S.C. 1254a), before redesignated as section 244 by section 308(b)(7), is amended by striking "243(h)(2)" and inserting "208(b)(2)(A)".*

*(ii) Section 301(e)(2) of the Immigration Act of 1990 is amended by striking "243(h)(2)" and inserting "208(b)(2)(A)".*

*(F) Section 316(f) (8 U.S.C. 1427(f)) is amended by striking "subparagraphs (A) through (D) of paragraph*

41

80

243(h)(2)" and inserting "clauses (i) through (v) of section 208(b)(2)(A)".

(8) REFERENCES TO SECTION 244.—

(A)(i) Section 201(b)(1)(D) (8 U.S.C. 1151(b)(1)(D)) and subsection (e) of section 244A (8 U.S.C. 1254a), before redesignation as section 244 by section 308(b)(7), are each amended by striking "244(a)" and inserting "240A(a)".

(ii) Section 304(c)(1)(B) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 (Public Law 102–232) is amended by striking "244(a)" and inserting "240A(a)".

(B) Section 504(k)(3) (8 U.S.C. 1534(k)(3)) is amended by striking "suspension of deportation under subsection (a) or (e) of section 244" and inserting "cancellation of removal under section 240A".

(C) Section 304(c)(1)(B) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 (Public Law 102–232) is amended by striking "244(b)(2)" and inserting "240A(b)(2)".

(D) Section 364(a)(2) of this Act is amended by striking "244(a)(3)" and inserting "240A(a)(3)".

(9) REFERENCES TO CHAPTER 5.—

(A) Sections 266(b), 266(c), and 291 (8 U.S.C. 1306(b), 1306(c), 1361) are each amended by striking "chapter 5" and inserting "chapter 4".

(B) Section 6(b) of the Act of August 1, 1956 (50 U.S.C. 855(b)) is amended by striking "chapter 5, title II, of the Immigration and Nationality Act (66 Stat. 163)" and inserting "chapter 4 of title II of the Immigration and Nationality Act".

(10) MISCELLANEOUS CROSS-REFERENCE CORRECTIONS FOR NEWLY ADDED PROVISIONS.—

(A) Section 212(h), as amended by section 301(h), is amended by striking "section 212(c)" and inserting "paragraphs (1) and (2) of section 240A(a)".

(B) Section 245(c)(6), as amended by section 332(d), is amended by striking "241(a)(4)(B)" and inserting "237(a)(4)(B)".

(C) Section 249(d), as amended by section 332(e), is amended by striking "241(a)(4)(B)" and inserting "237(a)(4)(B)".

(D) Section 274C(d)(7), as added by section 212(d), is amended by striking "withholding of deportation under section 243(h)" and inserting "withholding of removal under section 241(b)(3)".

(E) Section 3563(b)(21) of title 18, United States Code, as inserted by section 374(b), is amended by striking "242A(d)(5)" and inserting "238(d)(5)".

(F) Section 130007(a) of the Violent Crime Control and Law Enforcement Act of 1994 (Public Law 103–322), as amended by section 671(a)(6), is amended by striking "242A(a)(3)" and inserting "238(a)(3)".

(G) Section 386(b) of this Act is amended by striking "excludable" and "EXCLUDABLE" and inserting "inadmis-

81

sible" and "INADMISSIBLE", respectively, each place each appears.

(H) Subsections (a), (c), (d), (g), and (h) of section 440 of the Antiterrorism and Effective Death Penalty Act of 1996 (Public Law 104–132), as amended by section 306(d), are amended by striking "241(a)(2)(A)(ii)" and "241(a)(2)(A)(i)" and inserting "237(a)(2)(A)(ii)" and "237(a)(2)(A)(i)", respectively.

**SEC. 309. EFFECTIVE DATES; TRANSITION.**

(a) IN GENERAL.—Except as provided in this section and sections 303(b)(2), 306(c), 308(d)(2)(D), or 308(d)(5), this subtitle and the amendments made by this subtitle shall take effect on the first day of the first month beginning more than 180 days after the date of the enactment of this Act (in this title referred to as the "title III–A effective date").

(b) PROMULGATION OF REGULATIONS.—The Attorney General shall first promulgate regulations to carry out this subtitle by not later than 30 days before the title III–A effective date.

(c) TRANSITION FOR ALIENS IN PROCEEDINGS.—

(1) GENERAL RULE THAT NEW RULES DO NOT APPLY.—Subject to the succeeding provisions of this subsection, in the case of an alien who is in exclusion or deportation proceedings as of the title III–A effective date—

(A) the amendments made by this subtitle shall not apply, and

(B) the proceedings (including judicial review thereof) shall continue to be conducted without regard to such amendments.

(2) ATTORNEY GENERAL OPTION TO ELECT TO APPLY NEW PROCEDURES.—In a case described in paragraph (1) in which an evidentiary hearing under section 236 or 242 and 242B of the Immigration and Nationality Act has not commenced as of the title III–A effective date, the Attorney General may elect to proceed under chapter 4 of title II of such Act (as amended by this subtitle). The Attorney General shall provide notice of such election to the alien involved not later than 30 days before the date any evidentiary hearing is commenced. If the Attorney General makes such election, the notice of hearing provided to the alien under section 235 or 242(a) of such Act shall be valid as if provided under section 239 of such Act (as amended by this subtitle) to confer jurisdiction on the immigration judge.

(3) ATTORNEY GENERAL OPTION TO TERMINATE AND REINITIATE PROCEEDINGS.—In the case described in paragraph (1), the Attorney General may elect to terminate proceedings in which there has not been a final administrative decision and to re-initiate proceedings under chapter 4 of title II the Immigration and Nationality Act (as amended by this subtitle). Any determination in the terminated proceeding shall not be binding in the reinitiated proceeding.

(4) TRANSITIONAL CHANGES IN JUDICIAL REVIEW.—In the case described in paragraph (1) in which a final order of exclusion or deportation is entered more than 30 days after the date of the enactment of this Act, notwithstanding any provision of