# DOCUMENT 1.18

**47228** Federal Register / Vol. 82, No. 195 / Wednesday, October 11, 2017 / Notices

## DEPARTMENT OF HOMELAND SECURITY

### U.S. Citizenship and Immigration Services

[OMB Control Number 1615–0038]

**Agency Information Collection Activities; Extension, Without Change, of a Currently Approved Collection: Petition To Remove Conditions on Residence**

**AGENCY:** U.S. Citizenship and Immigration Services, Department of Homeland Security.

**ACTION:** 30-Day notice.

**SUMMARY:** The Department of Homeland Security (DHS), U.S. Citizenship and Immigration Services (USCIS) will be submitting the following information collection request to the Office of Management and Budget (OMB) for review and clearance in accordance with the Paperwork Reduction Act of 1995. The purpose of this notice is to allow an additional 30 days for public comments.

**DATES:** The purpose of this notice is to allow an additional 30 days for public comments. Comments are encouraged and will be accepted until November 13, 2017. This process is conducted in accordance with 5 CFR 1320.10.

**ADDRESSES:** Written comments and/or suggestions regarding the item(s) contained in this notice, especially regarding the estimated public burden and associated response time, must be directed to the OMB USCIS Desk Officer via email at *dhsdeskofficer@omb.eop.gov*. All submissions received must include the agency name and the OMB Control Number [1615–0038] in the subject line.

You may wish to consider limiting the amount of personal information that you provide in any voluntary submission you make. For additional information please read the Privacy Act notice that is available via the link in the footer of *http://www.regulations.gov*.

**FOR FURTHER INFORMATION CONTACT:** USCIS, Office of Policy and Strategy, Regulatory Coordination Division, Samantha Deshommes, Chief, 20 Massachusetts Avenue NW., Washington, DC 20529–2140, Telephone number (202) 272–8377 (This is not a toll-free number; comments are not accepted via telephone message.). Please note contact information provided here is solely for questions regarding this notice. It is not for individual case status inquiries. Applicants seeking information about the status of their individual cases can check Case Status Online, available at the USCIS Web site at *http://www.uscis.gov*, or call the USCIS National Customer Service Center at (800) 375–5283; TTY (800) 767–1833.

**SUPPLEMENTARY INFORMATION:**

### Comments

The information collection notice was previously published in the **Federal Register** on June 30, 2017, at 82 FR 29912, allowing for a 60-day public comment period. USCIS did receive two comments in connection with the 60-day notice.

You may access the information collection instrument with instructions, or additional information by visiting the Federal eRulemaking Portal site at: *http://www.regulations.gov* and enter USCIS–2009–0008 in the search box. Written comments and suggestions from the public and affected agencies should address one or more of the following four points:

(1) *Evaluate whether the proposed collection of information is necessary for the proper performance of the functions of the agency, including whether the information will have practical utility;*

(2) *Evaluate the accuracy of the agency's estimate of the burden of the proposed collection of information, including the validity of the methodology and assumptions used;*

(3) *Enhance the quality, utility, and clarity of the information to be collected;* and

(4) *Minimize the burden of the collection of information on those who are to respond, including through the use of appropriate automated, electronic, mechanical, or other technological collection techniques or other forms of information technology, e.g., permitting electronic submission of responses.*

### Overview of This Information Collection

(1) *Type of Information Collection Request:* Extension, Without Change, of a Currently Approved Collection.

(2) *Title of the Form/Collection:* Petition to Remove the Conditions on Residence.

(3) *Agency form number, if any, and the applicable component of the DHS sponsoring the collection:* Form I–751; USCIS.

(4) *Affected public who will be asked or required to respond, as well as a brief abstract: Primary: Individuals or households.* This form is used by USCIS to verify the petitioner's status and determine whether they are eligible to have the conditions on their permanent resident status removed.

(5) *An estimate of the total number of respondents and the amount of time estimated for an average respondent to respond:* The estimated total number of respondents for the information collection I–751 is 159,119 and the estimated hour burden per response is 3.75 hours. The estimated total number of respondents for biometric processing is 318,238 and the estimated hour burden per response is 1.17 hours.

(6) *An estimate of the total public burden (in hours) associated with the collection:* The total estimated annual hour burden associated with this collection is 969,035 hours.

(7) *An estimate of the total public burden (in cost) associated with the collection:* The estimated total annual cost burden associated with this collection of information is $19,492,200.

Dated: October 5, 2017.

**Samantha Deshommes,**
*Chief, Regulatory Coordination Division, Office of Policy and Strategy, U.S. Citizenship and Immigration Services, Department of Homeland Security.*

[FR Doc. 2017–21884 Filed 10–10–17; 8:45 am]

**BILLING CODE 9111–97–P**

## DEPARTMENT OF HOMELAND SECURITY

### U.S. Citizenship and Immigration Services

[CIS No. 2610–17; DHS Docket No. USCIS–2014–0003]

RIN 1615–ZB66

**Termination of the Designation of Sudan for Temporary Protected Status**

**AGENCY:** U.S. Citizenship and Immigration Services, Department of Homeland Security.

**ACTION:** Notice.

**SUMMARY:** The designation of Sudan for Temporary Protected Status (TPS) is set to expire on November 2, 2017. After reviewing country conditions and consulting with the appropriate U.S. Government agencies, the Secretary of Homeland Security (Secretary) has determined that conditions in Sudan have sufficiently improved for TPS purposes and no longer support a designation for TPS. Therefore, the Secretary is terminating the TPS designation of Sudan. To provide for an orderly transition, this termination is effective November 2, 2018, twelve months following the end of the current designation.

Nationals of Sudan (and aliens having no nationality who last habitually resided in Sudan) who have been

Federal Register / Vol. 82, No. 195 / Wednesday, October 11, 2017 / Notices          47229

granted TPS and wish to maintain their TPS and have their current TPS-based Employment Authorization Documents (EAD) extended through November 2, 2018, should re-register for TPS in accordance with the procedures set forth in this Notice. On November 3, 2018, nationals of Sudan (and aliens having no nationality who last habitually resided in Sudan) who have been granted TPS under the Sudan designation will no longer have TPS.

**DATES:** The designation of Sudan for TPS is terminated, effective at 11:59 p.m., local time, on November 2, 2018. The 60-day re-registration period runs from October 11, 2017 through December 11, 2017. (**Note:** It is important for re-registrants to timely re-register during this 60-day period and not to wait until their EADs expire.)

**FOR FURTHER INFORMATION CONTACT:**

• You can contact Alexander King, Branch Chief, Waivers and Temporary Services Branch, Service Center Operations Directorate, U.S. Citizenship and Immigration Services, Department of Homeland Security, 20 Massachusetts Avenue NW., Washington DC 20529–2060; or by phone at (202) 272–8377 (this is not a toll-free number). Note: The phone number provided here is solely for questions regarding this TPS Notice. It is not for individual case status inquiries.

• For further information on TPS, including guidance on the application process and additional information on eligibility, please visit the USCIS TPS Web page at *http://www.uscis.gov/tps.* You can find specific information about this termination of Sudan for TPS by selecting "Sudan" from the menu on the left side of the TPS Web page.

• Applicants seeking information about the status of their individual cases can check Case Status Online, available at the USCIS Web site at *http://www.uscis.gov,* or call the USCIS National Customer Service Center at 800–375–5283 (TTY 800–767–1833). Service is available in English and Spanish.

• Further information will also be available at local USCIS offices upon publication of this Notice.

**SUPPLEMENTARY INFORMATION:**

**Table of Abbreviations**

BIA—Board of Immigration Appeals
DHS—Department of Homeland Security
DOS—Department of State
EAD—Employment Authorization Document
FNC—Final Nonconfirmation
Government—U.S. Government
IJ—Immigration Judge
INA—Immigration and Nationality Act
IER—U.S. Department of Justice Civil Rights Division, Immigrant and Employee Rights Section (IER)
SAVE—USCIS Systematic Alien Verification for Entitlements Program
Secretary—Secretary of Homeland Security
TNC—Tentative Nonconfirmation
TPS—Temporary Protected Status
TTY—Text Telephone
USCIS—U.S. Citizenship and Immigration Services

Through this Notice, DHS sets forth procedures necessary for eligible nationals of Sudan (or aliens having no nationality who last habitually resided in Sudan) to re-register for TPS and to apply for renewal of their EADs with USCIS. Re-registration is limited to persons who have previously registered for TPS under the designation of Sudan and whose applications have been granted.

• For individuals who have already been granted TPS under Sudan's designation, the 60-day re-registration period runs from October 11, 2017 through December 11, 2017. USCIS will issue new EADs with a November 2, 2018 expiration date to eligible Sudan TPS beneficiaries who timely re-register and apply for EADs. Given the timeframes involved with processing TPS re-registration applications, DHS recognizes that not all re-registrants will receive new EADs before their current EADs expire on November 2, 2017. However, provided a Sudan TPS beneficiary timely re-registers and properly files an application for an EAD during the 60-day re-registration period, his or her EAD will be automatically extended for an additional period not to exceed 180 days from the date the current EAD expires, *i.e.,* through May 1, 2018. This notice explains how TPS beneficiaries and their employers may determine which EADs are automatically extended and their impact on Employment Eligibility Verification (Form I–9) and the E-Verify processes.

**What is Temporary Protected Status (TPS)?**

• TPS is a temporary immigration status granted to eligible nationals of a country designated for TPS under the Immigration and Nationality Act (INA), or to eligible persons without nationality who last habitually resided in the designated country.

• During the TPS designation period and so long as a TPS beneficiary continues to meet the requirements of TPS, he or she is eligible to remain in the United States, may not be removed, and is authorized to work and obtain an EAD.

• TPS beneficiaries may also apply for and be granted travel authorization as a matter of discretion.

• The granting of TPS does not result in or lead to lawful permanent resident status.

• To qualify for TPS, beneficiaries must meet the eligibility standards at INA section 244(c)(2), 8 U.S.C. 1254a(c)(2).

• When the Secretary terminates a country's TPS designation, beneficiaries return to the same immigration status they maintained before TPS, if any (unless that status has since expired or been terminated), or to any other lawfully obtained immigration status they received while registered for TPS that is still valid on the date TPS terminates.

**When was Sudan designated for TPS?**

On November 4, 1997, the Attorney General designated Sudan for TPS due to: (1) An ongoing armed conflict, and that because of such conflict, requiring the return of nationals to Sudan would pose a serious threat to their personal safety; and, (2) extraordinary and temporary conditions within Sudan that prevented nationals from returning to Sudan in safety. *See Designation of Sudan Under Temporary Protected Status,* 62 FR 59737 (Nov. 4, 1997). Since the initial designation, the Attorney General and, later, the Secretary, have extended TPS and/or redesignated Sudan for TPS. Sudan's most recent redesignation for TPS was in 2013, when the Secretary both extended Sudan's designation and redesignated Sudan for TPS for 18 months. *See Extension and Redesignation of Sudan for Temporary Protected Status,* 78 FR 1872 (Jan. 9, 2013). Sudan's TPS designation was most recently extended in 2016, when the Secretary extended Sudan's designation for TPS for 18 months through November 2, 2017. *See Extension and Redesignation of Sudan for Temporary Protected Status,* 81 FRN 4045 (Jan. 25, 2016).

**What authority does the Secretary have to terminate the designation of Sudan for TPS?**

Section 244(b)(1) of the INA, 8 U.S.C. 1254a(b)(1), authorizes the Secretary, after consultation with appropriate U.S. Government agencies, to designate a foreign state (or part thereof) for TPS if the Secretary determines that certain country conditions exist.[1] The Secretary

---

[1] As of March 1, 2003, in accordance with section 1517 of title XV of the Homeland Security Act of 2002, Public Law 107–296, 116 Stat. 2135, any reference to the Attorney General in a provision of the INA describing functions transferred from the Department of Justice to the Department of Homeland Security (DHS) "shall be deemed to refer
Continued

(4 of 7), Page 4 of 7    Case: 25-2120, 05/28/2025, DktEntry: 49.19, Page 4 of 7
Case 3:25-cv-01766-EMC    Document 103-4    Filed 04/07/25    Page 25 of 28

**47230** **Federal Register**/Vol. 82, No. 195/Wednesday, October 11, 2017/Notices

may then grant TPS to eligible nationals of that foreign state (or eligible aliens having no nationality who last habitually resided in the designated country). *See* INA section 244(a)(1)(A), 8 U.S.C. 1254a(a)(1)(A).

At least 60 days before the expiration of a country's TPS designation or extension, the Secretary, after consultation with appropriate Government agencies, must review the conditions in a foreign state designated for TPS to determine whether the conditions for the TPS designation continue to be met. *See* INA section 244(b)(3)(A), 8 U.S.C. 1254a(b)(3)(A). If the Secretary does not determine that a foreign state no longer meets the conditions for TPS designation, the designation will be extended for an additional period of 6 months, or in the Secretary's discretion, 12, or 18 months. *See* INA section 244(b)(3)(C), 8 U.S.C. 1254a(b)(3)(C). If the Secretary determines that the foreign state no longer meets the conditions for TPS designation, the Secretary must terminate the designation, but such termination may not take effect earlier than 60 days after the date the **Federal Register** notice of termination is published, or if later, the expiration of the most recent previous extension of the country designation. *See* INA section 244(b)(3)(B), 8 U.S.C. 1254a(b)(3)(B). The Secretary may determine the appropriate effective date of the termination and the expiration of any TPS-related documentation, such as EADs, for the purpose of providing an orderly transition. *See* id.; INA section 244(d)(3), 8 U.S.C. 1254a(d)(3).

### Why is the Secretary terminating the TPS designation for Sudan as of November 2, 2018?

DHS and the Department of State (DOS) have reviewed the conditions in Sudan. Based on this review and consultation, the Secretary has determined that conditions in Sudan have sufficiently improved for TPS purposes. Termination of the TPS designation of Sudan is required because it no longer meets the statutory conditions for designation. The ongoing armed conflict no longer prevents the return of nationals of Sudan to all regions of Sudan without posing a serious threat to their personal safety. Further, extraordinary and temporary conditions within Sudan no longer prevent nationals from returning in safety to all regions of Sudan. To provide for an orderly transition, this

---
to the Secretary'' of Homeland Security. *See* 6 U.S.C. 557 (codifying the Homeland Security Act of 2002, tit. XV, section 1517).

termination is effective November 2, 2018, twelve months following the end of the current designation.

Conflict in Sudan is limited to Darfur and the Two Areas (South Kordofan and Blue Nile states). As a result of the continuing armed conflict in these regions, hundreds of thousands of Sudanese have fled to neighboring countries. However, in Darfur, toward the end of 2016 and through the first half of 2017, parties to the conflict renewed a series of time-limited unilateral cessation of hostilities declarations, resulting in a reduction in violence and violent rhetoric from the parties to the conflict. The remaining conflict is limited and does not prevent the return of nationals of Sudan to all regions of Sudan without posing a serious threat to their personal safety.

Above-average harvests have moderately improved food security across much of Sudan. While populations in conflict-affected areas continue to experience acute levels of food insecurity, there has also been some improvement in access for humanitarian actors to provide much-needed humanitarian aid.

Although Sudan's human rights record remains extremely poor in general, conditions on the ground no longer prevent all Sudanese nationals from returning in safety.

Taking into account the geographically limited scope of the conflict, the renewed series of unilateral cessation of hostilities declarations and concomitant reduction in violence and violent rhetoric from the parties to the conflict, and improvements in access for humanitarian actors to provide aid, the Secretary has determined that the ongoing armed conflict and extraordinary and temporary conditions that served as the basis for Sudan's most recent designation have sufficiently improved such that they no longer prevent nationals of Sudan from returning in safety to all regions of Sudan. Based on this determination, the Secretary has concluded that termination of the TPS designation of Sudan is required because Sudan no longer meets the statutory conditions for designation. To provide for an orderly transition, this termination is effective November 2, 2018, twelve months following the end of the current designation. DHS estimates that there are approximately 1,040 nationals of Sudan (and aliens having no nationality who last habitually resided in Sudan) who currently receive TPS benefits.

### Notice of Termination of the TPS Designation of Sudan

By the authority vested in me as Secretary under INA section 244, 8 U.S.C. 1254a, I have determined, after consultation with the appropriate U.S. Government agencies, that Sudan no longer meets the conditions for designation of TPS under 244(b)(1) of the Act. 8 U.S.C. 1254a(b)(1). Accordingly, I order as follows:

(1) Pursuant to INA section 244(b)(3)(B), to provide for an orderly transition, the designation of Sudan for TPS is terminated effective at 11:59 p.m., local time, on November 2, 2018, 12 months following the end of the current designation.

(2) Information concerning the termination of TPS for nationals of Sudan (and aliens having no nationality who last habitually resided in Sudan) will be available at local USCIS offices upon publication of this Notice and through the USCIS National Customer Service Center at 1–800–375–5283. This information will be published on the USCIS Web site at *www.USCIS.gov.*

**Elaine C. Duke,**
*Acting Secretary.*

### Required Application Forms and Application Fees To Re-Register for TPS

To re-register for TPS based on the designation of Sudan, you must submit each of the following applications:

1. Application for Temporary Protected Status (Form I–821):
• You do not need to pay the fee for the Form I–821. *See* 8 CFR 244.17.
2. Application for Employment Authorization (Form I–765):
• If you want an EAD, you must pay the fee (or request a fee waiver) for the Application for Employment Authorization (Form I–765), regardless of your age.
• If you do not want an EAD, you do not have to pay the Form I–765 fee.

If you do not want to request an EAD now, you may also file Form I–765 later to request an EAD and pay the fee (or request a fee waiver), provided that you still have TPS or a pending TPS application. Your EAD application will be considered timely filed even if the date on your current TPS-related EAD has expired. However, if you do not timely re-register and properly file an EAD application, the validity of your current EAD will end on November 2, 2017. Accordingly, you must also properly file your EAD application during the 60-day re-registration period for your current EAD to be automatically extended for 180 days (*i.e.,* through May 1, 2018). You are

(5 of 7), Page 5 of 7   Case: 25-2120, 05/28/2025, DktEntry: 49.19, Page 5 of 7
Case 3:25-cv-01766-EMC   Document 103-4   Filed 04/07/25   Page 26 of 28

Federal Register / Vol. 82, No. 195 / Wednesday, October 11, 2017 / Notices    47231

strongly encouraged to properly file your EAD application as early as possible during the 60-day re-registration period to avoid lapses in your employment authorization and to ensure that you receive your Form I–797C, Notice of Action, prior to November 2, 2017.

You must submit both completed forms together. If you are unable to pay the application form fee for the I–765 and/or biometrics fee, you may complete a Request for Fee Waiver (Form I–912) or submit a personal letter requesting a fee waiver with satisfactory supporting documentation. For more information on the application forms and fees for TPS, please visit the USCIS TPS Web page at *http://www.uscis.gov/tps.* Fees for the Form I–765, and biometric services are also described in 8 CFR 103.7(b)(1)(i).

**Biometric Services Fee**

Biometrics (such as fingerprints) are required for all applicants 14 years and older. Those applicants must submit a biometric services fee. As previously stated, if you are unable to pay for the biometric services fee, you may complete a Form I–912 or submit a personal letter requesting a fee waiver with satisfactory supporting documentation. For more information on the biometric services fee, please visit the USCIS Web site at *http://www.uscis.gov.* If necessary, you may be required to visit an Application Support Center to have your biometrics captured.

**Re-Filing a Re-Registration TPS Application After Receiving a Denial of a Fee Waiver Request**

You should file as soon as possible within the 60-day re-registration period so USCIS can process your application and issue any EAD promptly. Properly filing early will also allow you to have time to re-file your application before the deadline and receive a Form I–797C demonstrating your EAD's automatic extension, should USCIS deny your fee waiver request. If, however, you receive a denial of your fee waiver request and are unable to re-file by the re-registration deadline, you may still re-file your I–765 application. This situation will be reviewed to determine whether you established good cause for late re-registration. However, you are urged to re-file within 45 days of the date on any USCIS fee waiver denial notice, if possible. *See* INA section 244(c)(3)(C); 8 U.S.C. 1254a(c)(3)(C); 8 CFR 244.17(b). For more information on good cause for late re-registration, visit the USCIS TPS Web page at *http://www.uscis.gov/tps.*

**Note:** Although a re-registering TPS beneficiary age 14 and older must pay the biometric services fee (but not the initial Form I–821 fee) when filing a TPS re-registration application, you may decide to wait to request an EAD, and therefore not pay the Form I–765 fee (or request a fee waiver) until after USCIS has approved your TPS re-registration, if you are eligible. If you choose to do this, you would file the Form I–821 with the biometrics services fee, if applicable, (or request a fee waiver) and the Form I–765 without the fee and without requesting an EAD.

**Mailing Information**

Mail your application for TPS to the proper address in Table 1.

TABLE 1—MAILING ADDRESSES

| If . . . | Mail to . . . |
|---|---|
| You are applying through the U.S. Postal Service. | USCIS, Attn: TPS Sudan, P.O. Box 6943, Chicago, IL 60680–6943. |
| For FedEx, UPS, and DHL deliveries: | USCIS, Attn: TPS Sudan, 131 S. Dearborn Street, 3rd Floor, Chicago, IL 60603–5517. |

If you were granted TPS by an Immigration Judge (IJ) or the Board of Immigration Appeals (BIA) and you wish to request an EAD or are re-registering for the first time following a grant of TPS by an IJ or the BIA, please mail your application to the appropriate mailing address in Table 1. When re-registering and/or requesting an EAD based on an IJ/BIA grant of TPS, please include a copy of the IJ or BIA order granting you TPS with your application. This will aid in the verification of your grant of TPS and processing of your application, as USCIS may not have received records of your grant of TPS by either the IJ or the BIA.

**Supporting Documents**

The filing instructions on the Application for Temporary Protected Status (Form I–821) list all the documents needed to establish eligibility for TPS. You may also find information on the acceptable documentation and other requirements for applying or registering for TPS on the USCIS Web site at *www.uscis.gov/tps* under "Sudan."

*Do I need to submit additional supporting documentation?*

If one or more of the questions listed in Part 4, Question 2 of the Form I–821 applies to you, then you must submit an explanation on a separate sheet(s) of paper and/or additional documentation.

**Employment Authorization Document (EAD)**

*How can I obtain information on the status of my EAD request?*

To get case status information about your TPS application, including the status of a request for an EAD, you can check Case Status Online at *http://www.uscis.gov,* or call the USCIS National Customer Service Center at 800–375–5283 (TTY 800–767–1833). If your Form I–765 has been pending for more than 90 days, and you still need assistance, you may request an EAD inquiry appointment with USCIS by using the InfoPass system at *https://infopass.uscis.gov.* However, we strongly encourage you first to check Case Status Online or call the USCIS National Customer Service Center for assistance before making an InfoPass appointment.

*Am I eligible to receive an extension of my current EAD while I wait for my new one to arrive?*

Provided that you currently have a Sudan TPS-based EAD, you may be eligible to have the validity of your current EAD extended for 180 days (through May 1, 2018) if you:

• Are a national of Sudan (or an alien having no nationality who last habitually resided in Sudan);
• Received an EAD under the designation of Sudan for TPS;
• Have an EAD with a marked expiration date of November 2, 2017, bearing the notation "A–12" or "C–19" on the face of the card under "Category;"
• Timely re-registered for TPS during the 60-day re-registration period; and
• Properly filed an application for an EAD during the 60-day re-registration period.

You must timely re-register for TPS in accordance with the procedures described in this Notice if you would like to maintain your TPS and in order to have the validity of your current EAD extended by 180 days. You are strongly encouraged to file your EAD renewal application as early as possible during the 60-day re-registration period to avoid lapses in your employment authorization.

*When hired, what documentation may I show to my employer as evidence of employment authorization and identity when completing Employment Eligibility Verification (Form I–9)?*

You can find a list of acceptable document choices on the "Lists of Acceptable Documents" for Form I–9. You can find additional detailed information about Form I–9 on the

(6 of 7), Page 6 of 7     Case: 25-2120, 05/28/2025, DktEntry: 49.19, Page 6 of 7
Case 3:25-cv-01766-EMC     Document 103-4     Filed 04/07/25     Page 27 of 28

**47232**          **Federal Register**/Vol. 82, No. 195/Wednesday, October 11, 2017/Notices

USCIS I–9 Central Web page at *http://www.uscis.gov/I-9Central.* Employers are required to verify the identity and employment authorization of all new employees by using Form I–9. Within three days of hire, an employee must present evidence of identity and employment authorization to his or her employer by presenting documentation sufficient to satisfy Form I–9 requirements.

You may present any document from List A (which provides evidence of both identity and employment authorization), or one document from List B (which provides evidence of your identity) together with one document from List C (which is evidence of employment authorization), or you may present an acceptable receipt for List A, List B, or List C documents as described in the Form I–9 Instructions. An EAD is an acceptable document under List A. Employers may not reject a document based on a future expiration date.

If your EAD has an expiration date of November 2, 2017, and states "A–12" or "C–19" under "Category," and you timely and properly filed an EAD renewal application during the 60-day re-registration period, you may choose to present your EAD to your employer together with the Form I–797C Notice of Action (showing the qualifying eligibility category of either A–12 or C–19) as a List A document that provides evidence of your identity and employment authorization for Form I–9 through May 1, 2018, unless your TPS has been finally withdrawn or your request for TPS has been finally denied. See the subsection titled, "*How do my employer and I complete the Employment Eligibility Verification (Form I–9) using an automatically extended EAD for a new job?*" for further information.

To minimize confusion over this extension at the time of hire, you should explain to your employer that your EAD has been automatically extended through May 1, 2018. You may also provide your employer with a copy of this **Federal Register** Notice which explains how your EAD could be automatically extended; however, this **Federal Register** Notice is not acceptable evidence that your EAD has been automatically extended. As an alternative to presenting evidence of your automatically extended EAD, you may choose to present any other acceptable document from List A, a combination of one selection from List B and one selection from List C, or a valid receipt.

*What documentation may I show my employer for my Employment Eligibility Verification (Form I–9) if I am already employed but my current TPS-related EAD is set to expire?*

Even though you may be eligible to have your EAD automatically extended, your employer will need to ask you about your continued employment authorization no later than before you start work on November 3, 2017. You will need to present your employer with evidence that you are still authorized to work. Once presented, you may correct your employment authorization expiration date in Section 1 and your employer should correct the employment authorization document expiration date in Section 2 of Form I–9. See the subsection titled, "*What corrections should my current employer and I make to Employment Eligibility Verification (Form I–9) if my employment authorization has been automatically extended?*" for further information. In addition, you may also show this Notice to your employer to explain what to do for Form I–9.

When you properly file your Form I–765 to renew your current EAD, you will receive a USCIS receipt notice (Form I–797C). The receipt notice will state that your current "A–12" or "C–19" coded EAD is automatically extended for 180 days. You may show this receipt notice to your employer along with your EAD to confirm your EAD has been automatically extended through May 1, 2018, unless your TPS has been finally withdrawn or your request for TPS has been finally denied. You may also show this **Federal Register** Notice to your employer to minimize confusion; however, this **Federal Register** Notice is not acceptable evidence that your EAD has been automatically extended. To avoid delays in receiving the Form I–797C and a lapse in your employment authorization, you should file your EAD renewal application as early as possible during the re-registration period.

The last day of the automatic EAD extension is May 1, 2018. Before you start work on May 2, 2018, your employer must reverify your employment authorization. At that time, you must present any document from List A or any document from List C on Form I–9 Lists of Acceptable Documents, or an acceptable List A or List C receipt described in the Form I–9 Instructions to reverify employment authorization. Your employer should either complete Section 3 of the Form I–9 originally completed for you; or if this section has already been completed or if the version of Form I–9 has expired (check the date in the bottom left-hand corner of the form), complete Section 3 of a new Form I–9 ensuring it is the most current version. Note that your employer may not specify which List A or List C document you must present and cannot reject an acceptable receipt.

*Can my employer require that I provide any other documentation to prove my status, such as proof of my Sudanese citizenship?*

No. When completing Form I–9, including reverifying employment authorization, employers must accept any documentation that appears on the appropriate "Lists of Acceptable Documents" for Form I–9 that reasonably appears to be genuine and that relates to you, or an acceptable List A, List B (for new hires only), or List C receipt. Employers may not request documentation that does not appear on the "Lists of Acceptable Documents." Therefore, employers may not request proof of Sudanese citizenship or proof of re-registration for TPS when completing Form I–9 for new hires or reverifying the employment authorization of current employees. If the expired EAD with category A–12 or C–19 is presented with the Form I–797C Notice of Action as described herein, an employer should accept this document combination as a valid List A document so long as the EAD reasonably appears to be genuine and to relate to the employee. Refer to the Note to Employees section of this Notice for important information about your rights if your employer rejects lawful documentation, requires additional documentation, or otherwise discriminates against you based on your citizenship or immigration status, or your national origin.

*How do my employer and I complete Employment Eligibility Verification (Form I–9) on the basis of automatically extended employment authorization for a new job?*

As proof of the automatic extension of your employment authorization, you may present your expired EAD with category A–12 or C–19 in combination with the Form I–797C Notice of Action showing that the EAD renewal application was timely filed and that the qualifying eligibility category is either A–12 or C–19. Unless your TPS has been finally withdrawn or your request for TPS has been finally denied, this document combination is considered an unexpired Employment Authorization Document (Form I–766) under List A. When completing Form I–9 for a new job you are starting before May 2, 2018,

(7 of 7), Page 7 of 7    Case: 25-2120, 05/28/2025, DktEntry: 49.19, Page 7 of 7
Case 3:25-cv-01766-EMC    Document 103-4    Filed 04/07/25    Page 28 of 28

Federal Register / Vol. 82, No. 195 / Wednesday, October 11, 2017 / Notices    47233

you and your employer should do the following:

1. For Section 1, you should:

a. Check ''An alien authorized to work until'' and enter the date that is 180 days from the date your current EAD expires (May 1, 2018) as the ''expiration date, if applicable, mm/dd/yyyy''; and

b. Enter your Alien Number/USCIS number or A-Number where indicated (your EAD or other document from DHS will have your USCIS Number or A-Number printed on it; the USCIS number is the same as your A-Number without the A prefix).

2. When completing Section 2, employers should:

a. Determine if the EAD is auto-extended for 180 days by ensuring:
• It is in category A–12 or C–19;
• The ''received date'' on Form I–797 is on or before the end of the 60-day re-registration period stated in this Notice; and
• The category code on the EAD is the same category code on Form I–797C, noting that employers should consider category codes A–12 and C–19 to be the same category code.

b. Write in the document title;
c. Enter the issuing authority;
d. Provide the document number; and
e. Insert May 1, 2018, the date that is 180 days from the date the current EAD expires. By the start of work on May 2, 2018, employers must reverify the employee's employment authorization in Section 3 of the Form I–9.

*What corrections should my current employer and I make to Employment Eligibility Verification (Form I–9) if my employment authorization has been automatically extended?*

If you are an existing employee who presented a TPS-related EAD that was valid when you first started your job and your employment authorization has now been automatically extended because you timely and properly filed a new application for employment authorization during the 60-day re-registration period, you may present your expired EAD with category A–12 or C–19 in combination with the Form I–797C Notice of Action. The Form I–797C should show that the EAD renewal application was timely filed and that the qualifying eligibility category is either A–12 or C–19. To avoid confusion, you may also provide your employer a copy of this **Federal Register** Notice; however, this **Federal Register** Notice is not acceptable evidence that your EAD has been automatically extended. Your employer may need to re-inspect your current EAD if your employer does not have a copy of the EAD on file. You and your employer should correct your previously completed Form I–9 as follows:

1. For Section 1, you may:

a. Draw a line through the expiration date in Section 1;
b. Write the date that is 180 days from the date your current EAD expires (May 1, 2018) above the previous date (November 2, 2017); and
c. Initial and date the correction in the margin of Section 1.

2. For Section 2, employers should:

a. Determine if the EAD is auto-extended for 180 days by ensuring:
• It is in category A–12 or C–19;
• The ''received date'' on Form I–797 is on or before the end of the 60-day re-registration period stated in this Notice; and
• The category code on the EAD is the same category code on Form I–797C, noting that employers should consider category codes A–12 and C–19 to be the same category code;

b. Draw a line through the expiration date written in Section 2;
c. Write the date that is 180 days from the date the employee's current EAD expires (May 1, 2018) above the previous date (November 2, 2017); and
d. Initial and date the correction in the margin of Section 2.

Note: This is not considered a reverification. Employers do not need to complete Section 3 until either the 180-day extension has ended or the employee presents a new document to show continued employment authorization, whichever is sooner. By May 2, 2018, when the employee's automatically extended employment authorization has ended, employers must reverify the employee's employment authorization in Section 3.

*If I am an employer enrolled in E-Verify, how do I verify a new employee whose EAD has been automatically extended?*

Employers may create a case in E-Verify for a new employee using the Form I–797C receipt information provided on Form I–9. The receipt number entered as the document number on Form I–9 should be entered into the document number field in E-Verify.

*If I am an employer enrolled in E-Verify, what do I do when I receive a ''Work Authorization Documents Expiration'' alert for an automatically extended EAD ?*

E-Verify automated the verification process for employees whose TPS-related EAD was automatically extended. If you have an employee who is a TPS beneficiary who provided a TPS-related EAD when he or she first started working for you, you will receive a ''Work Authorization Documents Expiring'' case alert when the auto-extension period for this EAD is about to expire. This indicates that you should update Form I–9 in accordance with the instructions above. By the employee's start of work on May 2, 2018, employment authorization must be reverified in Section 3. Employers should not use E-Verify for reverification.

**Note to All Employers**

Employers are reminded that the laws requiring proper employment eligibility verification and prohibiting unfair immigration-related employment practices remain in full force. This Notice does not supersede or in any way limit applicable employment verification rules and policy guidance, including those rules setting forth reverification requirements. For general questions about the employment eligibility verification process, employers may call USCIS at 888–464–4218 (TTY 877–875–6028) or email USCIS at *I9Central@dhs.gov*. Calls and emails are accepted in English and many other languages. For questions about avoiding discrimination during the employment eligibility verification process (Form I–9 and E-Verify), employers may call the U.S. Department of Justice's Civil Rights Division, Immigrant and Employee Rights Section (IER) (formerly the Office of Special Counsel for Immigration-Related Unfair Employment Practices) Employer Hotline at 800–255–8155 (TTY 800–237–2515). IER offers language interpretation in numerous languages. Employers may also email IER at *IER@usdoj.gov*.

**Note to Employees**

For general questions about the employment eligibility verification process, employees may call USCIS at 888–897–7781 (TTY 877–875–6028) or email USCIS at *I-9Central@dhs.gov*. Calls are accepted in English, Spanish, and many other languages. Employees or applicants may also call the IER Worker Hotline at 800–255–7688 (TTY 800–237–2515) for information regarding employment discrimination based upon citizenship, immigration status, or national origin, including discrimination related to Employment Eligibility Verification (Form I–9) and E-Verify. The IER Worker Hotline provides language interpretation in numerous languages.

To comply with the law, employers must accept any document or combination of documents from the Lists of Acceptable Documents if the documentation reasonably appears to be genuine and to relate to the employee,