# No. 25-2120

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

────────────

NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY
JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ
HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R.
HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES
DORSAINVIL, and G.S.,
*Plaintiffs-Appellees*,

vs.

KRISTI NOEM, in her official capacity as Secretary of Homeland
Security, UNITED STATES DEPARTMENT OF HOMELAND
SECURITY, and UNITED STATES OF AMERICA,
*Defendants-Appellants.*

────────────

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA, NO. 3:25-CV-01766-EMC
HONORABLE EDWARD M. CHEN

────────────

## SUPPLEMENTAL BRIEF OF PLAINTIFFS-APPELLEES

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493

Ahilan T. Arulanantham (SBN 237841)
 *Counsel of Record*
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW &
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

*Attorneys for Plaintiffs-Appellees*

Additional Counsel for Plaintiffs-Appellees

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................. iii

INTRODUCTION ................................................................ 1

ARGUMENT ..................................................................... 2

    I.    THE DISTRICT COURT'S ORDER IS NOT
    APPEALABLE AS AN INJUNCTION UNDER 28
    U.S.C. § 1292(A)(1). ....................................................... 2

    II.   THIS COURT DOES NOT HAVE APPELLATE
    JURISDICTION UNDER THE "PRACTICAL
    EFFECT" TEST. ............................................................ 6

CONCLUSION ................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott v. Perez,*
  585 U.S. 579 (2018) ............................................................ 3, 13

*All. for Hippocratic Med. v. FDA,*
  668 F. Supp. 3d 507 (N.D. Tex. 2023), *rev'd and*
  *remanded*, 602 U.S. 367 (2024).................................................... 12

*All. for Hippocratic Med. v. FDA,*
  78 F.4th 210 (5th Cir.), *rev'd and remanded,*
  602 U.S. 367 (2024) .................................................................. 12

*Alsea Valley Alliance v. Dep't of Commerce,*
  358 F.3d 1181 (9th Cir. 2004) ........................................ 6, 7, 8, 9

*Carson v. Am. Brands, Inc.,*
  450 U.S. 79 (1981) .................................................................. 6, 14

*FDA v. Alliance for Hippocratic Medicine,*
  602 U.S. 367 (2024) .............................................................. 10, 11

*Gardner v. Westinghouse Broad. Co.,*
  437 U.S. 478 (1978) ...................................................................... 2

*Gon v. First State Ins. Co.,*
  871 F.2d 863 (9th Cir. 1989) .................................................... 10

*Hampton v. Pac. Inv. Mgmt. Co.,*
  869 F.3d 844 (9th Cir. 2017) .................................................... 11

*Lewis v. Casey,*
  518 U.S. 343 (1996) .................................................................. 10

*Merrill v. Milligan,*
  142 S. Ct. 879 (2022) ................................................................ 12

iii

*Montana Wildlife Fed'n v. Haaland,*
  127 F.4th 1 (9th Cir. 2025)..........................................2, 6, 7, 8, 9

*Nken v. Holder,*
  556 U.S. 418 (2009) ....................................................................5

*Texas v. United States,*
  40 F.4th 205 (5th Cir. 2022).........................................................3

*Turtle Island Restoration Network v. U.S. Dep't of
  Commerce,*
  672 F.3d 1160 (9th Cir. 2012) ...............................................9, 10

## Statutes

5 U.S.C. § 705..................................................................................13

8 U.S.C. § 1252........................................................................3, 4, 5

28 U.S.C. § 1291................................................................................2

28 U.S.C. § 1292....................................................................1, 2, 5–8, 14

## INTRODUCTION

Plaintiff-Appellees submit this brief in response to the Court's order directing supplemental briefing regarding appellate jurisdiction under 28 U.S.C. § 1292(a)(1). *See* Dkt. 74.1.[1]

Section 1292(a)(1) does not confer jurisdiction on this Court to hear this appeal, for two basic reasons. First, that section confers jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving *injunctions*." 28 U.S.C. § 1292(a)(1) (emphasis added). The district court did not enter an injunction. Rather, it issued a stay (or "postponement") of the effective date of administrative action under Section 705 of the Administrative Procedure Act (APA). Courts analyzing jurisdictional issues relating to stays and other forms of relief under the APA have found that stays under Section 705 are not injunctions, as they differ from injunctions in important respects. That rationale applies in this context as well.

Second, while the Supreme Court has read Section 1292(a)(1)

---

[1] A similar issue is pending before this Court in *Immigrant Defenders Law Center v. Noem*, No. 25-2581 (9th Cir.).

1

to authorize appellate review over some interlocutory orders that are not injunctions but have the "practical effect" of an injunction, that exception does not apply here. Under this Court's three-part test for assessing "practical effect," the order below does not qualify because it is not "directed to a party, enforceable by contempt, and designed to accord … substantive relief … in more than temporary fashion.'" *Montana Wildlife Fed'n v. Haaland*, 127 F.4th 1, 28 (9th Cir. 2025).

## ARGUMENT

## I.    THE DISTRICT COURT'S ORDER IS NOT APPEALABLE AS AN INJUNCTION UNDER 28 U.S.C. § 1292(A)(1).

Although this Court's appellate jurisdiction is normally limited to reviewing "final decisions," 28 U.S.C. § 1291, Congress enacted a limited exception in Section 1292(a)(1) authorizing review of "[i]nterlocutory orders … granting, continuing, modifying, refusing or dissolving injunctions," 28 U.S.C. § 1292(a)(1). This exception to the default rule is construed "narrow[ly]," because "the statute creates an exception from the long-established policy against piecemeal appeals, which this Court is not authorized to enlarge or extend." *Gardner v. Westinghouse Broad. Co.*, 437 U.S.

2

478, 480 (1978).

By its terms, the district court's order is not an injunction, but rather a stay under 5 U.S.C. § 705. *See* 1-ER-17-19. While "the label attached to an order is not dispositive," *Abbott v. Perez*, 585 U.S. 579, 594–95 (2018), here the district court decision clearly explains why it is not an injunction. *See* 1-ER-17-21. The court addressed the nature of the relief it was issuing in some detail because Defendants argued below (as they did in their opening brief here), that the district court's postponement order constituted an injunction for purposes of a different statute: 8 U.S.C. § 1252(f)(1). That provision deprives courts of authority to "enjoin or restrain" certain provisions of the immigration laws. Defendants argued that Section 1252(f)(1) prohibited the postponement relief Plaintiffs sought, but the district court rejected that argument. As it recognized, every court to consider whether "set aside" or "postponement" relief under the APA is injunctive for purposes of Section 1252(f)(1)—including the Fifth Circuit and at least five district courts—has concluded they are not. *See* Plaintiffs' Response Br. 33–34 (citing, *inter alia*, *Texas v. United States*, 40 F.4th 205, 219–20 (5th Cir. 2022) (Section

3

1252(f)(1) does not bar "set aside" relief under the APA)); *see also* 1-ER-23 (collecting cases).

In addition to relying on the overwhelming weight of authority on the question, the district court explained in practical terms why its order is not injunctive in nature. As the court described, its order does not "tell[] someone what to do or not to do," 1-ER-17 (citing *Garland v. Aleman Gonzalez*, 596 U.S. 543, 548 (2022)). Instead, like other postponements and "set asides" under the APA, the district court's order operates against the agency action itself—here, to postpone it. In keeping with that characteristic, no official (whether a party or non-party) could face contempt for violating the order. 1-ER-20-21. In addition, the order "neither compels nor restrains further agency decision-making." 1-ER-20. It neither requires the agency to make a new TPS decision as to Venezuela nor prevents it from doing so. For these and other reasons, the court described its order as "a less drastic remedy" than an injunction. *Id.* (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165–66 (2010)).

In addition, the district court relied on the Supreme Court's

decision in *Nken v. Holder*, 556 U.S. 418, 428–29 (2009), which it quoted at length in order to explain the import of its decision. 1-ER-22 (citing *Nken*). *Nken* held that stays of removal do not "enjoin" removal for purposes of another provision of Section 1252(f). As the Supreme Court explained, such stays merely "temporarily suspend[] the source of authority to act" by operating "upon the judicial proceeding itself" rather than "directing an actor's conduct." 556 U.S. at 428–29. The district court understood its order to do the same. It merely suspended the agency actions vacating and then terminating TPS for Venezuela pending a final decision at summary judgment or trial.

While the court's analysis of this question arose in the context of Section 1252(f)(1), its reasoning supports the conclusion that the order is not an injunction for purposes of Section 1292(a)(1) as well. Given that both 8 U.S.C. § 1252(f) and 28 U.S.C. § 1292(a)(1) regulate federal court jurisdiction regarding injunctions, the onus should be on Defendants to explain why these statutes should be construed to incorporate different conceptions of what constitutes an injunction.

## II.    THIS COURT DOES NOT HAVE APPELLATE JURISDICTION UNDER THE "PRACTICAL EFFECT" TEST.

Despite Section 1292(a)(1)'s plain text, the Supreme Court has read Section 1292(a)(1) to authorize interlocutory appeals of orders that are *not* injunctions where they have the "practical effect" of an injunction and meet certain other criteria. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981). As this Court has explained that rule, "an appellate court has jurisdiction under § 1292(a)(1) over district court orders that '(1) have the practical effect of entering an injunction, (2) have serious, perhaps irreparable, consequences, and (3) [are] such that an immediate appeal is the only effective way to challenge it.'" *Montana Wildlife Fed'n*, 127 F.4th at 28 (citing *Carson*); *see also Alsea Valley Alliance v. Dep't of Commerce*, 358 F.3d 1181 (9th Cir. 2004).

To assess the "practical effect" of an order, this Court analyzes "whether it is: directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than temporary fashion." *Montana*

6

*Wildlife Fed'n*, 127 F.4th at 28 (citation omitted).

The district court order here has none of the features *Montana Wildlife Federation* and its predecessors require for invoking the "practical effect" exception. Under the rule established in those cases, an agency action does *not* have the practical effect of an injunction where "the only action required of the government with respect to [the action] is that the agency refrain from enforcing it." *Montana Wildlife Fed'n*, 127 F.4th at 29 (citing *Alsea Valley*). That is precisely the case here. As the district court explained, its order was not "directed to a party [or] enforceable by contempt," and it operated only in a "temporary fashion" because it merely postponed the agency action pending final resolution of the merits. In fact, the district court order required nothing at all beyond that the agency temporarily "refrain from enforcing" the challenged decisions. 1-ER-20.

*Alsea Valley* illustrates why the decision below is not appealable under Section 1292(a)(1). There a district court vacated an agency's decision to list a sub-population of coho salmon as endangered and remanded to the agency for further consideration.

7

This Court found the district court's order unappealable. *Alsea Valley* acknowledged that the order "prohibits, as a practical matter, the enforcement of the Service's listing decision as is." 358 F.3d at 1186. But it found that effect insufficient to render it injunctive in nature, because the district court's decision did not "compel the [agency] to" make any particular future listing decision or "take any other actions." *Id.* It therefore did not have the "practical effect" of an injunction. *Id.* at 1187. Moreover, treating the district court's order as injunctive would have rendered appealable "all declaratory relief that deems an agency rule unlawful," which would be contrary to the principle that relief under Section 1292(a)(1) is "a limited exception to the final-judgment rule" that we "construe[] ... narrowly." *Id.* (quoting *Orange Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825 (9th Cir. 1995)).

This Court applied *Alsea Valley* in *Montana Wildlife Federation*. There too, a district court had set aside an agency decision it found unlawful—in that case an "Instructional Memoranda" governing how the Bureau of Land Management

8

would engage in certain land leases and sales. This Court found the order unappealable, explaining that "we lack jurisdiction over an order declaring an agency action unlawful where the order requires no additional action by the party to which it is directed." *Montana Wildlife Fed'n*, 127 F.4th at 28–29 (citing *Alsea Valley*). Importantly for present purposes, the Court also held that other aspects of the district court's decision requiring the sale of certain lands *were* appealable, because where a court's order contains "'specific provisions' prohibiting and ordering actions beyond the reinstatement of [an] earlier rule," they can render a district court's order appealable. *Id.* at 29 (citing *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160 (9th Cir. 2012)).

The district court's order here is unappealable under *Alsea Valley*, *Montana Wildlife Federation*, and *Turtle Island*. The decision below had even less coercive force than the orders in *Alsea Valley* and *Montana Wildlife Federation*, as it set aside agency action only temporarily by "postponing" its effective date, rather than vacating it permanently. And while it "prohibits, as a practical matter, the enforcement of the" Venezuela TPS vacatur and

9

termination decisions on a temporary basis, that effect by itself is insufficient to trigger the narrow "practical effect" exception, as *Alsea Valley* held. Beyond that, the order does not direct the agency or any federal official to take any specific action. Indeed, DHS remains free to issue a new termination decision provided it complies with the statute's timing and procedure requirements. *Cf. Turtle Island*, 672 F.3d at 1165 (order appealable where it prohibited certain agency action and required issuance of new agency decision within a particular timeframe); *Gon v. First State Ins. Co.*, 871 F.2d 863, 865 (9th Cir. 1989) (order appealable where it directed defendants to make certain payments and apportioned them among defendants).

Defendants may rely on *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 377 (2024), which this Court cited in its supplemental briefing order, but that case does not establish appellate jurisdiction here. *FDA* involved a challenge to the FDA's approval of mifepristone. The district court ruled in favor of the challenge, and the Fifth Circuit affirmed in part, but the Supreme Court reversed on standing grounds. The Supreme Court's opinion

10

includes no discussion of appellate jurisdiction, Section 1292(a)(1), *Carson*, or any other applicable authority on the issue here. Where a court exercises jurisdiction without explaining why it has jurisdiction, its jurisdictional "ruling" sets no precedent. *Lewis v. Casey*, 518 U.S. 343, 352 n.2 (1996) ("we have repeatedly held that the existence of unaddressed jurisdictional defects has no precedential effect."). That is particularly true where, as in *FDA*, the Court had two bases for finding it lacked jurisdiction and ignored one of them while ruling on the other. *Hampton v. Pac. Inv. Mgmt. Co.*, 869 F.3d 844, 847 (9th Cir. 2017) (holding this "sort of 'drive-by jurisdictional ruling'" "carries no precedential weight").

In any event, the only relevant passage in *FDA* is in the procedural history, where it characterized the district court's order as having "in effect enjoined FDA's approval of mifepristone, thereby ordering mifepristone off the market." 602 U.S. at 377. To the extent this Court gives any precedential effect to this passing reference, it should not read it to establish that *all* stays under Section 705 are effectively injunctions, but rather that this *particular* order—which purported to "stay" the FDA's approval of

11

mifepristone even though it had occurred years before the lawsuit was filed—was effectively an injunction because it required the agency to take mifepristone off the market. Indeed, the district court "clarifie[d] that" if Section 705 did not authorize the relief it ordered, it "alternatively would have" entered a preliminary injunction, which is what the plaintiffs had actually sought. *All. for Hippocratic Med. v. FDA*, 668 F. Supp. 3d 507, 560 (N.D. Tex. 2023), *rev'd and remanded*, 602 U.S. 367 (2024). That is also how the Fifth Circuit understood it. *All. for Hippocratic Med. v. FDA*, 78 F.4th 210, 226 (5th Cir.), *rev'd and remanded*, 602 U.S. 367 (2024).

Defendants may also argue that this Court must have appellate jurisdiction because the Supreme Court already exercised jurisdiction to stay the district court's order in this case, but that argument would be meritless. The Supreme Court's stay decision came on the shadow docket and with no reasoning; for both those reasons it sets no precedent. *See Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring) ("To reiterate: The Court's stay order is not a decision on the merits"). Moreover, the Supreme Court did not consider Section 1292(a)(1). Defendants invoked the

Supreme Court's jurisdiction under Supreme Court Rule 23 and the All Writs Act, not Section 1292(a)(1). *See* Application to Stay 1, *Noem v. Nat'l TPS All.*, No. 24A1059 (May 1, 2025).[2]

In other briefing on this issue Defendants have also sought support from *Abbott v. Perez*, 585 U.S. 579 (2018), but the orders in that case were clearly injunctive, as they effectively required the Texas Legislature and Governor's office to take various steps, including potentially convening a special session to draw new electoral maps. *Id.* at 598–600. And even as the Court exercised jurisdiction, it stressed that other decisions "holding a redistricting plan unlawful" would still remain unappealable. *Id.* at 602.

Finally, because the district court's order is not an injunction and does not have the "practical effect" of injunctive relief under this Court's precedent, the Court need not decide whether the

---

[2] Just as the Supreme Court might have had jurisdiction over an original application for a stay under Rule 23, so too might this Court have jurisdiction to entertain a motion for postponement under Section 705 if such motion were denied in district court. *See* 5 U.S.C. § 705 ("the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action").

13

second two requirements for the "practical effect" exception apply. *See Carson*, 450 U.S. at 84 (requiring that order must "have serious, perhaps irreparable, consequence[s]," and "that the order can be 'effectually challenged' only by immediate appeal" to qualify for exception for orders that are not injunctions). To the extent the Court wishes to reach those issues, the district court found that the government had failed to show irreparable harm. *See* 1-ER-04; 1-ER-37. And, at least in this case, the government will have an opportunity to challenge any adverse ruling from the district court without having to prosecute this appeal because the parties have now moved for summary judgment, which is scheduled to be argued on August 1, 2025.

## CONCLUSION

For these reasons, this Court lacks appellate jurisdiction under Section 1292(a)(1).

Dated:  July 7, 2025          Respectfully submitted,

By: */s/ Ahilan T. Arulanantham*
    Ahilan T. Arulanantham (SBN
    237841)
    *Counsel of Record*
    arulanantham@law.ucla.edu
    CENTER FOR IMMIGRATION LAW
    AND POLICY, UCLA SCHOOL OF
    LAW
    385 Charles E. Young Dr. East
    Los Angeles, CA 90095
    Telephone: (310) 825-1029

    Emilou MacLean (SBN 319071)
    emaclean@aclunc.org
    Michelle (Minju) Y. Cho (SBN
    321939)
    mcho@aclunc.org
    Amanda Young (SBN 359753)
    ayoung@aclunc.org
    ACLU FOUNDATION
    OF NORTHERN CALIFORNIA
    39 Drumm Street
    San Francisco, CA 94111-4805
    Telephone: (415) 621-2493

    Jessica Karp Bansal (SBN 277347)
    jessica@ndlon.org
    Lauren Michel Wilfong
    lwilfong@ndlon.org
    NATIONAL DAY LABORER
    ORGANIZING NETWORK
    1030 S. Arroyo Parkway, Suite 106
    Pasadena, CA 91105
    Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I certify that on July 7, 2025, I electronically filed this brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the ACMS system. All parties were served electronically through the ACMS system.


Dated: July 7, 2025

By: */s/Ahilan T. Arulanantham*
Ahilan T. Arulanantham

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 25-2120

I am the attorney or self-represented party.

**This brief contains** | 2,591 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◯ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.

☐ a party or parties are filing a single brief in response to multiple briefs.

☐ a party or parties are filing a single brief in response to a longer joint brief.

⦿ complies with the length limit designated by court order dated | 6/20/2025 | .

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ *Ahilan T. Arulanantham* | **Date** | 7/7/2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                                                                            *Rev. 12/01/22*