**No. 25-2120**
**(calendared for oral argument on July 16, 2025 by ACMS No. 67)**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

**NATIONAL TPS ALLIANCE, et al.**,
Appellees,

v.

**KRISTI NOEM, et al.**,
Appellants.

---

On Appeal from the United States District Court
for the Northern District of California
District Court Case No. 3:25-cv-1766

---

# APPELLANTS' SUPPLEMENTAL BRIEF

---

**BRETT A. SHUMATE**
**Assistant Attorney General**
**Civil Division**

**YAAKOV M. ROTH**
**Principal Deputy Assistant Attorney General**

**DREW C. ENSIGN**
**Deputy Assistant Attorney General**
**Office of Immigration Litigation**

**SARAH L. VUONG**
**Assistant Director**
**Office of Immigration Litigation**

**WILLIAM H. WEILAND**
**CRAIG A. NEWELL, JR.**
**Senior Litigation Counsels**
**ANNA DICHTER**
**LAUREN BRYANT**
**CARLTON F. SHEFFIELD**
**CATHERINE ROSS**
**AMANDA SAYLOR**
**ERIC SNYDERMAN**
**JEFFREY M. HARTMAN**
**Trial Attorneys**
**P.O. Box 868, Ben Franklin Station**
**Washington, DC 20044**
**Telephone: (202) 532-4404**
**Jeffrey.M.Hartman@usdoj.gov**

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................1

ARGUMENT ........................................................................................3

THIS COURT HAS JURISDICTION TO REVIEW THE DISTRICT COURT'S ERRONEOUS ORDER.............................................3

A. The Order Has The Practical Effect Of A Preliminary Injunction.......3

B. The District Court's Order Has Serious And Irreparable Consequences And Can Be Effectively Challenged Only Through An Immediate Appeal.........................................................................................10

CONCLUSION ...................................................................................12

BRIEF FORMAT CERTIFICATION

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

*Abbott v. Perez*,
585 U.S. 579 (2018) .......... 1, 4, 5, 8

*Aberdeen & Rockfish R.R. Co. v. Students Challenging Regulatory Agency Procedures,*
422 U.S. 289 (1975) .......... 4

*All. for the Wild Rockies v. Pena*,
865 F.3d 1211 (9th Cir. 2017) .......... 7

*Alliance for Hippocratic Med. v. FDA*,
2023 WL 2913725 n.3 (5th Cir. Apr. 12, 2023) .......... 5

*Alliance for Hippocratic Med. v. FDA*,
78 F.4th 210 (5th Cir. 2023) .......... 5, 8

*Alsea Valley Alliance v. Department of Commerce*,
358 F.3d 1181 (9th Cir. 2004) .......... 8

*Colorado v. EPA*,
989 F.3d 874 (10th Cir. 2021) .......... 5

*Comm. on Judiciary of U.S. House of Reps. v. Miers*,
542 F.3d 909 (D.C. Cir. 2008) .......... 6, 8

*Danco Labs., LLC v. Alliance for Hippocratic Med.*,
143 S. Ct. 1075 (2023) .......... 6

*Dep't of Ed. v. Career Colleges & Schools of Tex.*,
145 S. Ct. 1039 (2025) .......... 6

*Dep't of Educ. v. California*,
145 S. Ct. 966 (2025) .......... 3, 6, 10

*E. Bay Sanctuary Covenant v. Trump*,
932 F.3d 742 (9th Cir. 2018) .......................................................... 3, 6, 9

*FDA v. Alliance for Hippocratic Med.*,
602 U.S. 367 (2024).......................................................................................6

*Hollingsworth v. Perry*,
558 U.S. 183 (2010).....................................................................................10

*Montana Wildlife Fed'n v. Haaland*,
127 F.4th 1 (9th Cir. 2025) ........................................................... 3, 7, 9, 10

*Nat'l TPS Alliance v. Noem, et al.*,
25-cv-1766 (N.D. Cal.).................................................................................8

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
523 F.3d 1091 (9th Cir. 2008) .....................................................................11

*Newsom v. Trump*,
— F.4th —, 2025 WL 1712930 (9th Cir. June 19, 2025) ...............................6, 10

*Noem v. Nat'l TPS Alliance*,
No. 24A1059, 2025 WL 1427560 (U.S. May 19, 2025) .......................... 6, 10, 11

*Sampson v. Murray*,
415 U.S. 61 (1974).........................................................................................5

*Turtle Island Restoration Network v. U.S. Dep't of Com.*,
672 F.3d 1160 (9th Cir. 2012) .......................................................................9

*United States v. Santtini*,
963 F.2d 585 (3d Cir. 1992)...........................................................................7

*Valdivia v. Schwarzenegger*,
599 F.3d 984 (9th Cir. 2010) .......................................................................11

*Washington v. Trump*,
847 F.3d 1151 (9th Cir. 2017) ....................................................................3, 6

*Wyoming v. Dep't of Interior*,
No. 18-8027, 2018 WL 2727031 (10th Cir. June 4, 2018)....................................5

**STATUTES**

5 U.S.C. § 705 .......................................................................................... 1, passim

28 U.S.C. § 1253 ..........................................................................................4

28 U.S.C. § 1292 ..........................................................................................5, 6

28 U.S.C. § 1292(a)(1) .................................................................... 1, passim

**No. 25-2120**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

**NATIONAL TPS ALLIANCE, et al.**,
Appellees,

v.

**KRISTI NOEM, et al.**,
Appellants.

---

On Appeal from the United States District Court
for the Northern District of California
District Court Case No. 3:25-cv-1766

---

**APPELLANTS' SUPPLEMENTAL BRIEF**

---

## INTRODUCTION

This Court has jurisdiction under 28 U.S.C. § 1292(a)(1) to review the district court's order preventing the Secretary from exercising her authority under the TPS statute. Section 1292(a)(1) extends interlocutory appellate jurisdiction to orders that have the "practical effect" of an injunction, regardless of label. *Abbott v. Perez*, 585 U.S. 579, 595 (2018). Here, the district court labeled its order as issuing under 5 U.S.C. § 705, but in practical effect, the order barred the Secretary from implementing her decision just as a preliminary injunction would. *See* 8-ER-1484;

1-ER-31-32. Plus, the order turned on the familiar four-factor test for granting a preliminary injunction, issued after adversarial presentation, and, but for the Supreme Court's stay, would have remained in force throughout the litigation. It would defy logic—not to mention binding precedent—if that order could escape the interlocutory review that would indisputably have been available if the order had been titled "Preliminary Injunction" simply because the district court instead called the order a stay.

The Court sometimes considers two additional factors in deciding whether an order is appealable under § 1292(a)(1). To the extent relevant, those factors likewise support appellate jurisdiction. The challenged order inflicts irreparable harm on the government by preventing the Secretary from exercising her statutory authority and interfering with the Executive's immigration and foreign policy, as the Supreme Court necessarily concluded in granting a stay. And the harm of barring the Secretary from timely implementing her judgment can be addressed only through an immediate appeal.

A contrary conclusion would impermissibly elevate form over substance and permit district courts to superintend the Nation's immigration policy, potentially for years, without the opportunity for appellate review of the interim status quo. Like the other courts to have considered the issue, the Court should conclude that it has appellate jurisdiction.

# ARGUMENT

## THIS COURT HAS JURISDICTION TO REVIEW THE DISTRICT COURT'S ERRONEOUS ORDER

This Court has jurisdiction to review the district court's order. In order to determine whether an order is appealable under § 1292(a)(1), the Court sometimes applies a three-part test—whether the order (1) has "the practical effect of entering an injunction," (2) carries "serious, perhaps irreparable, consequences," and (3) can be challenged effectively only by an immediate appeal. *Montana Wildlife Fed'n v. Haaland*, 127 F.4th 1, 27 (9th Cir. 2025) (cleaned up). At other times, the Court does not consider the latter two prongs. *See, e.g.*, *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 762-63 (9th Cir. 2018); *Washington v. Trump*, 847 F.3d 1151, 1158 (9th Cir. 2017). Under any test, the Court should conclude that it has jurisdiction.

### A. The Order Has The Practical Effect Of A Preliminary Injunction.

Under 28 U.S.C. § 1292(a)(1), this Court's jurisdiction extends to "[i]nterlocutory orders of the district courts … granting … injunctions[.]" Although § 1292(a)(1) refers to "injunctions," the grant of jurisdiction applies to orders that are not labeled as injunctions. *Abbott*, 585 U.S. at 595; *see Dep't of Educ. v. California*, 145 S. Ct. 966, 968 (2025) (staying order styled as a TRO because it "carries many of the hallmarks of a preliminary injunction"). Instead, "where an order has the 'practical effect' of granting or denying an injunction, it should be

treated as such for purposes of appellate jurisdiction." *Abbott*, 585 U.S. at 594 (cleaned up).

This functional test serves a critical purpose: It prevents district courts from manipulating appellate jurisdiction merely "by avoiding the label 'injunction.'" *Id.* at 595. Regardless of the order's label, if relief amounting to "an interlocutory injunction is improperly granted or denied, much harm can occur before the final decision in the district court," and immediate appellate intervention is warranted because "[l]awful and important conduct may be barred, and unlawful and harmful conduct may be allowed to continue." *Id.*

An order has the practical effect of an injunction when it changes an actor's behavior and failure to comply with it would carry serious consequences. Thus, for example, in *Abbott*, the district court's orders "were effectively injunctions in that they barred [the defendant] from using" its existing redistricting plans "to conduct this year's elections," even though the orders were not directed at any party and did not formally prescribe or proscribe any particular conduct. 585 U.S. at 594. Similarly, the Supreme Court has long allowed appeals under its analogous jurisdictional statute, 28 U.S.C. § 1253, "from orders … not cast in injunctive language but which by their terms simply 'set aside'" agency actions. *Aberdeen & Rockfish R.R. Co. v. Students Challenging Regulatory Agency Procedures*, 422 U.S. 289, 307, 308 n.11 (1975) (collecting cases); *Abbott*, 585 U.S. at 595-96 (explaining

that the same "practical effect" test applies to determining whether an order is an injunction for purposes of § 1253 and § 1292(a)(1)). And in *Sampson v. Murray*, the Supreme Court reviewed an order denominated as a stay and held that the order, which required the government to retain an employee "in the position from which she was dismissed" was immediately appealable because it "served to provide the most extensive relief which she might conceivably obtain from the agency after its review on the merits." 415 U.S. 61, 74 (1974).

Applying the same logic, other courts of appeals have exercised jurisdiction under § 1292(a)(1) to review district court postponement orders issued under 5 U.S.C. § 705. *See, e.g.*, *Alliance for Hippocratic Med. v. FDA*, 2023 WL 2913725, *3 n.3 (5th Cir. Apr. 12, 2023) (unpub. order) (holding that a postponement order under 5 U.S.C. § 705 triggers interlocutory appellate jurisdiction under 28 U.S.C. § 1292); *Alliance for Hippocratic Med. v. FDA*, 78 F.4th 210, 242 (5th Cir. 2023) ("a stay [under § 705] has the practical effect of an injunction."); *Colorado v. EPA*, 989 F.3d 874, 879, 883 (10th Cir. 2021) (reviewing a § 705 stay "under 28 U.S.C. § 1292"); *Wyoming v. Dep't of Interior*, No. 18-8027, 2018 WL 2727031, at *1 (10th Cir. June 4, 2018) (unpub.) (stay of final rule under § 705 was appealable); *see also FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367, 377 (2024) (acknowledging the interlocutory appeal and describing the district court's order as "in effect

enjoin[ing] FDA's approval of mifepristone, thereby ordering mifepristone off the market").

Likewise, the Supreme Court and this Court construe generally non-appealable orders, like TROs, as immediately appealable under § 1292(a)(1) where the order carries "the hallmarks of a preliminary injunction" and its basis is strongly challenged. *Dep't of Educ.*, 145 S. Ct. at 968; *see Newsom v. Trump*, — F.4th —, 2025 WL 1712930, at *4 (9th Cir. June 19, 2025); *E. Bay Sanctuary Covenant*, 932 F.3d at 762; *Washington*, 847 F.3d at 1158; *see also Comm. on Judiciary of U.S. House of Reps. v. Miers*, 542 F.3d 909, 910-11 (D.C. Cir. 2008) (order "framed as a declaratory judgment" was "the functional equivalent" of an injunction when it effectively compelled officials "to take certain actions"). And the Supreme Court has repeatedly entertained cases in which the district court granted relief under § 705—including this case—which would be passing strange if the Court harbored concerns about its jurisdiction. *See Noem v. Nat'l TPS Alliance*, No. 24A1059, 2025 WL 1427560 (U.S. May 19, 2025); *Danco Labs., LLC v. Alliance for Hippocratic Med.*, 143 S. Ct. 1075 (2023); *see also Dep't of Ed. v. Career Colleges & Schools of Tex.*, 145 S. Ct. 1039 (2025) (granting certiorari in a case in which district court denied and court of appeals granted § 705 relief).

Here, the district court's order had the same practical effect as preliminary injunction ordering the Secretary maintain Venezuelans' temporary protected status while this litigation is pending.

As an initial indication of its true nature, the district court's order applied the familiar four-factor test for granting a preliminary injunction. 1-ER-31-32 (citing *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017)). And the relief it ordered effectively forced the Secretary to extend TPS protections to Venezuelans under the 2023 designation to the maximum period permitted by the statute. On an operational level, it required DHS to process renewals and issue documentation reflecting Secretary Mayorkas's full 18-month extension of TPS for Venezuela. The district court's order gave the plaintiffs the relief they sought in their complaint, on an interim basis. *See Mont. Wildlife Fed'n*, 127 F.4th at 28; *United States v. Santtini*, 963 F.2d 585, 591 (3d Cir. 1992). The order required discrete actions by the Secretary and DHS. It undeniably had the same practical, on-the-ground effects as an injunction.

The fact that the district court labeled its order as a "stay" or a "postponement" is irrelevant to this Court's jurisdiction: Again, "district courts [cannot] shield their orders from appellate review by avoiding the label injunction." *Abbott*, 585 U.S. at 595. By granting indefinite, coercive relief against the Secretary after applying the four-factor test for granting an injunction, the district court's order has the same

practical effect as an injunction. The only difference is its label, and that is plainly not enough to defeat this Court's jurisdiction.

Moreover, § 705 orders are enforceable by the issuing court, meaning they carry serious, coercive consequences sufficient to trigger a right to appeal. Indeed, when the government did not update its website to Plaintiffs' satisfaction following a subsequent motion and order for a § 705 stay, related to the documentation of some TPS holders, Plaintiffs moved the Court to enforce its order. ECF No. 154, *Nat'l TPS Alliance v. Noem, et al.*, 25-cv-1766 (N.D. Cal.); *see* 2-ER-107-08 (acknowledging that § 705 orders are enforceable); *see also Alliance for Hippocratic Medicine*, 78 F.4th at 254 ("Plaintiffs could move to enforce the [§ 705] stay in the unlikely event that FDA … took some action to violate it."); *cf. Abbott*, 585 U.S. at 599 (order was sufficiently compulsory when litigant "had reason to believe that it would risk deleterious consequences if it … attempted to conduct the elections under the [redistricting] plans that the court had found to be based on intentional racial discrimination"); *Miers*, 542 F.3d at 910-11 (declaratory order was sufficiently compulsory, because courts "have long presumed that officials of the Executive Branch will adhere to the law as declared by the court").

This Court's *Alsea Valley Alliance v. Department of Commerce* decision confirms that § 1292(a)(1) interlocutory jurisdiction extends to district court orders that have the practical effect of an injunction. 358 F.3d 1181, 1186 (9th Cir. 2004).

There, the Court held that it lacked jurisdiction under § 1292(a)(1) to hear an appeal by an intervenor of an order remanding a rule to an agency, reasoning that the remand order did not compel the agency to "remove Oregon coast coho salmon from the threatened species list or take any other actions." *Id.* By contrast, this Court has concluded that vacatur orders that *do* require government actions are injunctive in nature and thus immediately appealable. *See Mont. Wildlife Fed'n*, 127 F.4th at 30 (vacatur order was appealable when it "would require action by the government"); *Turtle Island Restoration Network v. U.S. Dep't of Com.*, 672 F.3d 1160, 1162 (9th Cir. 2012) (similar). To the extent *Alsea Valley Alliance* survives later Supreme Court decisions taking a more generous approach to assessing the practical effects of interim relief, like *Abbott* and *Department of Education*, this case falls on the *Montana* and *Turtle Island* side of the line. The district court's order had the practical effect—before the Supreme Court stayed it—of compelling the Secretary to extend TPS protection during this litigation. 1-ER-78. That confirms that the district court's order *is* immediately appealable under Section 1292(a)(1).

Finally, all other potential factors support this Court's exercise of jurisdiction under 28 U.S.C. § 1292(a)(1). There is no dispute that the district court issued relief following full adversarial briefing and oral argument, just as it would for a preliminary injunction. 8-ER-1477-84 (docket); *see Newsom*, 2025 WL 1712930, at *4; *E. Bay*, 932 F.3d at 762-63. The district court also granted relief that lasted far

longer than the fourteen-day limit imposed by Fed. R. Civ. P. 65(b) for unappealable TROs. *E. Bay*, 932 F.3d at 762-63. And, as the Supreme Court's stay order confirms, the government strongly challenged the basis of the district court's order. *Noem v. Nat. TPS Alliance*, — S. Ct. —, 2025 WL 1427560, at *1 (May 19, 2025); *see Dep't of Educ.*, 145 S. Ct. at 968.

In sum, the district court cannot shield its sweeping, universal order from judicial review by labeling it as a "stay." A coercive, indefinite order that applies the test for a preliminary injunction, blocks the Secretary's TPS determinations and requires her to act at odds with them, issued after full adversarial briefing and argument, is appealable under 28 U.S.C. § 1292(a)(1) just like an equivalent order labeled as a preliminary injunction. *See Dep't of Educ.*, 145 S. Ct. at 968.

**B. The District Court's Order Has Serious And Irreparable Consequences And Can Be Effectively Challenged Only Through An Immediate Appeal.**

To the extent the Court looks beyond whether an order has the same practical effect as an injunction, the district court's "stay" also has "serious, perhaps irreparable consequences," and an "immediate appeal is the only effective way to challenge it." *Mont. Wildlife Fed'n*, 127 F.4th at 28.

First, the Supreme Court necessarily concluded, in staying the district court's order, that the order irreparably harmed the government. *Noem*, 2025 WL 1427560; *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) ("To obtain a stay … , an applicant

must show … a likelihood that irreparable harm will result from the denial of a stay.”). That conclusion was plainly correct, as explained in the government's merits briefs. *See* Opening Br. 47-49; Reply Br. 26-28.

Second, the district court's interim-relief order cannot be effectively appealed after final judgment. An order that changes the status quo while litigation unfolds cannot be effectively appealed after final judgment; by that point, the interim status quo will be irrelevant. That is especially obvious here, where the Secretary determined that TPS for Venezuela should be promptly terminated instead of being extended for 18 months, while the district court's order required the Secretary to extend TPS for Venezuela for much or all of that disputed period. That time—which is the subject of the dispute—cannot be restored by an appeal after a final judgment. Waiting to appeal this order after a final judgment would provide no relief from barring the Secretary's from terminating TPS now and permitting the continued presence of otherwise removable aliens. Those harms “will have already accrued” by the time a final judgment is in place. *Valdivia v. Schwarzenegger*, 599 F.3d 984, 988 (9th Cir. 2010). A decision by this Court “months or years” later thus “cannot repair the damage” of the district court's order. *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1097 (9th Cir. 2008). Accordingly, the only effective way to appeal the district court's postponement order is through this interlocutory appeal, readily satisfying *Carson*'s third factor.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction to review the district court's order under 28 U.S.C. § 1292(a)(1).

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
*Civil Division*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

SARAH L. VUONG
*Assistant Director*

WILLIAM H. WEILAND
CRAIG A. NEWELL, JR.
*Senior Litigation Counsels*

/s/ Jeffrey M. Hartman
JEFFREY M. HARTMAN
*Trial Attorney*
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

ANNA DICHTER
ERIC SNYDERMAN
LAUREN BRYANT
AMANDA SAYLOR
CATHERINE ROSS
CARLTON F. SHEFFIELD
*Trial Attorneys*

Dated: July7, 2025

**BRIEF FORMAT CERTIFICATION**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), Ninth Circuit Rule 32-1(b), and the Court's June 20, 2025 order, I certify that Appellants' Supplemental Brief:

(1) was prepared 14-point Times New Roman type using Microsoft Word;

(2) is proportionally spaced; and,

(3) contains 2,507 words, exclusive of tables of contents and authorities, and certificates of counsel.

/s/ Jeffrey M. Hartman
JEFFREY M. HARTMAN
Trial Attorney
Office of Immigration Litigation

**CERTIFICATE OF SERVICE**

I certify that on July7, 2025, I electronically filed this brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by filing it using the ACMS system. The Court's ACMS system was unavailable on July 3, 2025, and all deadlines were extended until July 7, 2025. All parties will be served electronically through the ACMS system.

/s/ Jeffrey M. Hartman
JEFFREY M. HARTMAN
Trial Attorney
Office of Immigration Litigation