No. 25-2120

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

―――――――

NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R. HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,
*Plaintiffs-Appellees*,

vs.

KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,
*Defendants-Appellants.*

―――――――

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, NO. 3:25-CV-01766-EMC
HONORABLE EDWARD M. CHEN

―――――――

**PLAINTIFFS-APPELLEES RESPONSE TO DEFENDANTS-APPELLANTS' MOTION FOR STAY**

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493

Ahilan T. Arulanantham (SBN 237841)
   *Counsel of Record*
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW &
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

*Attorneys for Plaintiffs-Appellees*

Additional Counsel for Plaintiffs-Appellees

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

Plaintiffs oppose Defendants' motion for a stay in light of the government shutdown, both because denying Defendants' motion will not require government counsel to work without pay, and because granting the motion would impose additional irreparable harm on Plaintiffs.[1]

Plaintiffs of course understand the hardship the government shutdown places on everyone, including the government's attorneys and their clients. For that reason, Plaintiffs offered to agree to the stay Defendants seek if Defendants in turn would agree to refrain from enforcing the TPS terminations challenged in this case. But Defendants refused. They apparently have the resources to detain and deport thousands of immigrants with no criminal history to dangerous countries, but would prefer not to expend the resources needed to defend the legality of such actions in court.

Fortunately, this Court need not accept that absurd position for a simple reason: Defendants' own policies regarding the shutdown make clear that proceeding with this litigation would not prejudice the government. The Department of Justice contingency plan contemplates that its attorneys can and will continue

---

[1] Plaintiffs have filed the identical response in No. 25-2120 and No. 25-5724, both of which are before the same panel and concern Venezuela and Haiti, and No. 25-4901, which is before a different panel and concerns Honduras, Nepal, and Nicaragua.

1

litigating during the shutdown in the event a court denies a stay motion. In such an event, "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." U.S. Dep't of Justice FY 2026 Contingency Plan (Sep. 29, 2025).[2] As a result, "the litigation will become an excepted activity," *id.,* and the responsible litigators will be "excepted" employees.[3] No hardship to defense counsel should result, as "excepted" DOJ employees "shall be paid" for all work performed during the lapse in appropriations. 31 U.S.C. § 1341(c)(2).

Beyond this, Defendants cannot rely on the shutdown to obtain a stay of litigation challenging the legality of their actions while simultaneously continuing to spend the money to implement them. As noted above, Defendants rejected Plaintiffs' request that Defendants cease enforcing the TPS terminations at issue in this case, but Defendants refused. That appears to be consistent with the government's approach to immigration enforcement during the shutdown more generally. U.S. Immigration and Customs Enforcement (ICE) confirmed today that its "enforcement efforts

---

[2] See https://www.justice.gov/jmd/media/1377216/dl

[3] See Off. of Personnel Mgmt., Guidance for Shutdown Furloughs 2 (Sept. 2025), https://www.opm.gov/policy-data-oversight/pay-leave/reference-materials/guidance-for-shutdown-furloughs-sep-28-2025/

remain unchanged" notwithstanding the shutdown.[4] The DOJ's lapse plan also exempts from the shutdown all immigration court staff that process "cases and appeals involving detained respondents."[5]

If that is so, then surely the important legal and constitutional questions at issue in this case, which affect thousands of TPS holders and their loved ones, including thousands of American children, deserve resolution without delay. *See, e.g., Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (recognizing that "anyone subject to immigration detention" may be subject to irreparable harms beyond the loss of a chance at physical liberty, including "subpar medical and psychiatric care in ICE detention facilities").

For these reasons, Defendants' stay motion should be denied.

---

[4] ICE (@ICEgov), X (Oct. 1, 2025, at 3:41 ET), https://x.com/ICEgov/status/1973337418058109328; *see also* Department of Homeland Security, *Procedures Relating to a Federal Lapse in Appropriations 41* (Sept. 29, 2025) (anticipating around 93% of ICE employees to be excepted and retained during any shutdown), https://www.dhs.gov/sites/default/files/2025-09/2025_0929_dhs_procedures_related_to_a_lapse_in_appropriations.pdf.

[5] DOJ, *FY 2026 Contingency Plan*, at 7 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl, at 6.

3

Dated: October 1, 2025          Respectfully submitted,

By: */s/Ahilan T. Arulanantham*
    Ahilan T. Arulanantham (SBN 237841)
    *Counsel of Record*
    arulanantham@law.ucla.edu
    CENTER FOR IMMIGRATION LAW AND
    POLICY, UCLA SCHOOL OF LAW
    385 Charles E. Young Dr. East
    Los Angeles, CA 90095
    Telephone: (310) 825-1029

By: */s/Emilou MacLean*
    Emilou MacLean (SBN 319071)
    emaclean@aclunc.org
    Michelle (Minju) Y. Cho (SBN 321939)
    mcho@aclunc.org
    Amanda Young (SBN 359753)
    ayoung@aclunc.org
    ACLU FOUNDATION
    OF NORTHERN CALIFORNIA
    39 Drumm Street
    San Francisco, CA 94111-4805
    Telephone: (415) 621-2493

By: */s/ Jessica Karp Bansal*
    Jessica Karp Bansal (SBN 277347)
    jessica@ndlon.org
    Lauren Michel Wilfong
    lwilfong@ndlon.org
    NATIONAL DAY LABORER
    ORGANIZING NETWORK
    1030 S. Arroyo Parkway, Suite 106
    Pasadena, CA 91105
    Telephone: (626) 214-5689

    Eva L. Bitran (SBN 302081)
    ebitran@aclusocal.org

4

ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

By: */s/ Erik Crew*
Erik Crew
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

*Attorneys for Plaintiffs-Appellees*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with Circuit Rule 32-1(a) because it contains less than 2,800 words, excluding the parts of the document exempted by Rule 32(f) of the Federal Rules of Appellate Procedure. The brief also complies with the typeface and typestyle requirements of Rules 32(a)(5)–(6) of the Federal Rules of Appellate Procedure because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: October 1, 2025

By: <i>/s/ Ahilan T. Arulanantham</i><br>Ahilan T. Arulanantham

## CERTIFICATE OF SERVICE

I certify that on October 1, 2025, I electronically filed this brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the ACMS system. All parties were served electronically through the ACMS system.

Dated: October 1, 2025

By: */s/Ahilan T. Arulanantham*
Ahilan T. Arulanantham

1