**No. 25-2120**
**(assigned to Judges Wardlaw, Mendoza, and Johnstone)**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

## NATIONAL TPS ALLIANCE, et al.,
Appellees,

v.

## KRISTI NOEM, et al.,
Appellants.

---

On Appeal from the United States District Court
for the Northern District of California
District Court Case No. 3:25-cv-1766

---

## MOTION TO VACATE THE AUGUST 29 PANEL OPINION

---

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

WILLIAM H. WEILAND
*Acting Assistant Director*

LAUREN BRYANT
CATHERINE ROSS
ERIC SNYDERMAN
LORI MACKENZIE
DANIEL CAPPELLETTI
ILANA KRAMER
SHELBY WADE
JEFFREY M. HARTMAN
*Trial Attorneys*
Office of Immigration Litigation
Civil Division, U.S. Dep't of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4404
Email: Jeffrey.M.Hartman@usdoj.gov

**INTRODUCTION**

The government respectfully moves the Court to vacate its published opinion regarding preliminary relief, *NTPSA v. Noem*, 150 F.4th 1000 (9th Cir. 2025) (*NTPSA I*), because the district court's entry of final judgment three business days after *NTPSA I* mooted the preliminary-relief appeal before the government could seek further review under Fed. R. Civ. P. 40. In those circumstances, *Munsingwear* vacatur is warranted. *See United States v. Munsingwear*, 340 U.S. 36, 39 (1950); *Donovan v. Vance*, 70 F.4th 1167, 1173 (9th Cir. 2023) (vacating a district court order where the appeal became moot). *Munsingwear* vacatur of *NTPSA I* is warranted because the appeal became moot before the Court's mandate issued, to avoid unfair prejudice to the government in its appeal of the district court's final judgment, and because the government did not cause mootness or fail to protect itself against mootness.

**BACKGROUND**

This spring, the Supreme Court stayed the district court's order granting preliminary relief under 5 U.S.C. § 705 to indefinitely postpone the Secretary of Homeland Security's determinations regarding the temporary protected status ("TPS") designations related to Venezuela. *Nat'l TPS Alliance v. Noem*, 773 F. Supp. 3d 807, 815 (N.D. Cal. 2025); *Noem v. Nat'l TPS Alliance*, 145 S. Ct. 2728, 2728-29 (2025). On August 29, the panel published an opinion affirming the district court's grant of preliminary relief on the ground that Appellees were likely to succeed on their

challenges to the Secretary's Venezuela TPS determinations. *NTPSA I*, 150 F.4th at 1000.

Four business days later, well before this Court's mandate issued and well before the government's deadline to seek rehearing or certiorari, the district court entered judgment in favor of the plaintiffs under 5 U.S.C. § 706, largely reincorporating the rationale underlying its § 705 decision and relying on *NTPSA I*. *Nat'l TPS Alliance v. Noem*, — F. Supp. 3d —, 2025 WL 2578045, *1 (N.D. Cal. Sept. 5, 2025). The judgment did not resolve all of the plaintiffs' claims, but the district court entered it as a partial final judgment under Rule 54(b) and ordered it to take immediate effect under Rule 62(a). *Nat'l TPS Alliance*, 2025 WL 2578045, at *41-42; D. Ct. Dkt. 296 (order denying stay).

This Court relied in large part on *NTPSA I* to deny the government's motion to stay the district court's judgment. *Nat'l TPS Alliance v. Noem*, — F.4th —, 2025 WL 2661556, *3-6 (9th Cir. Sept. 17, 2025). The Supreme Court then issued a second stay. *Nat'l TPS Alliance v. Noem*, — S. Ct. —, 2025 WL 2812732, *1 (Oct. 3, 2025).

## ARGUMENT

**I.  The Court Should Vacate Its Decision Regarding Interim Relief Under 5 U.S.C. § 705 Because The District Court's Pre-Mandate Final Judgment Rendered It Moot**

The Court should vacate its August 29 opinion affirming the district court's grant of preliminary relief because it became moot before the Court's mandate issued, well before the United States could seek further review. "Under [*Munsingwear*], 'vacatur is

2

generally automatic in the Ninth Circuit when a case becomes moot on appeal.'" *Donovan*, 70 F.4th at 1173 (quoting *Munsingwear*, 340 U.S. at 39). That can occur "[e]ven after an appellate court has issued its decision"—that is, "if [this Court] has not yet issued its mandate and the case becomes moot, the court will vacate its decision and dismiss the appeal as moot." *In re Pattullo*, 271 F.3d 898, 900-01 (9th Cir. 2001); *see Dickens v. Ryan*, 744 F.3d 1147, 1148 n.2 (9th Cir. 2014) (en banc order) (citing two "cases in which [this Court] vacated a published opinion based on post hoc mootness" that "arose prior to any en banc proceedings."); *Munsingwear*, 340 U.S. at 39.

Here, the district court mooted the government's appeal of its § 705 ruling when it entered final judgment. *See Akina v. Hawaii*, 835 F.3d 1003, 1010 (9th Cir. 2016) ("An interlocutory appeal of the denial of a preliminary injunction is moot when a court can no longer grant any effective relief sought in the injunction request."). That prevented the government from seeking further review of the Court's decision. This appeal falls within the heartland of the *Munsingwear* doctrine.

All considerations support that conclusion. To start, the government is equitably entitled to *Munsingwear* vacatur. *See NASD Disp. Resol., Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007) (en banc). The government timely appealed the district court's grant of interim relief under 5 U.S.C. § 705 on the day after it issued and then briefed and argued the case on an expedited basis. Ninth Circuit R. 3-3(b); *compare* ACMS No. 1, *with NTPSA I*, 773 F. Supp. 3d at 807. Further, the government promptly appealed the district court's partial final judgment in No. 25-5724, so vacating the

3

panel's opinion will not prevent the parties from obtaining judicial review of the disputed issues.

Nor will vacatur of the panel's opinion affect the interim status quo. *NTPSA I* did not alter the status quo because the Supreme Court had already stayed the § 705 relief pending disposition of any petition for a writ of certiorari. *Nat'l TPS Alliance*, 145 S. Ct. at 2728-29. And the Supreme Court has now stayed the partial final judgment pending disposition of any petition for certiorari. *Nat'l TPS Alliance*, 2025 WL 2812732, at *1. Because the Supreme Court's second stay decision determines the status quo, vacating the Court's August 29 opinion will have no effect on the status quo.

Vacatur is also warranted because it is in the public interest for litigants to have the opportunity to fully exhaust appellate review and not be bound in ongoing litigation by a precedent that the litigant was prevented from challenging through no fault of its own, particularly where the Supreme Court has indicated that it is reasonably likely to grant review in this case. *See Nat'l TPS Alliance*, 145 S. Ct. at 2728-29 (granting stay until the disposition of any petition for a writ of certiorari); *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010); *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27 (1994) ("the public interest is best served by granting [vacatur] relief when the demands of orderly procedure cannot be honored") (internal citation and quotation omitted); *Donovan*, 70 F.4th at 1173 ("mootness by happenstance provides sufficient reason to vacate."); *see, e.g.*, *Farmer v. McDaniel*, 692 F.3d 1052, 1052 (9th Cir. 2012) (vacating opinion based on post hoc mootness). The government will also be prejudiced by litigating the merits of

4

this case in No. 25-5724—as well as the government's appeal in a different case, *National TPS Alliance v. Noem*, No. 25-4901 (9th Cir.)—against the backdrop of a precedential opinion that it is unable, through no fault of its own, to challenge (absent *Munsingwear* vacatur). *See Dickens*, 744 F.3d at 1148 (noting that prejudice to the parties is a relevant vacatur consideration). Indeed, Appellees' principal argument in No. 25-5724 is that *NTPSA I* controls the disposition of that merits appeal. *See* ACMS No. 40 (9th Cir. No. 25-5724), Answering Br. at 12 ("*NTPSA I* therefore controls the outcome of this appeal"). Accordingly, the Court should vacate *NTPSA I*. *See U.S. Bancorp Mortg. Co.*, 513 U.S. at 391 ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.").

There is no persuasive counterargument. "[M]ootness by happenstance provides sufficient reason to vacate." *Donovan*, 70 F.4th at 1173 (quoting *U.S. Bancrop Mortg. Co.*, 513 U.S. at 25 n.3). This Court "decline[s] to apply *Munsingwear* vacatur only when 'the *party seeking appellate relief* fails to protect itself or is the cause of subsequent mootness.'" *Donovan*, 70 F.4th at 1173 (emphasis original; quoting *NASD*, 488 F.3d at 1069). Here, the government neither failed to protect itself from mootness nor caused the case to become moot on appeal. *See Donovan*, 70 F.4th at 1173.

First, the government did not fail to protect itself on appeal because it did not fail to take any action that could have prevented this appeal from becoming moot. *See Donovan*, 70 F.4th at 1173. To the contrary, the government repeatedly urged the district

court to stay proceedings until the Supreme Court had an opportunity to consider a petition for a writ of certiorari from any decision from this Court on the availability of interim relief under 5 U.S.C. § 705. *See* Ex. A, Dkt. 115, Gov. Administrative Stay Mot. (Apr. 25, 2025); Ex. B, Dkt. 271, Gov. Supp. Administrative Stay Br. (Aug. 7, 2025). And the government advised the district court that if it "continue[d] until final judgment" it would "render[] the postponement order under 5 U.S.C. § 705 moot." Ex. A, Dkt. 115 at 3; Ex. B, Dkt. 271 at 3 ("A decision entering final judgment would moot the preliminary-relief appeal the Ninth Circuit is considering, wasting the resources already spent on the appeal"). The government had no control over the district court's decision to enter final judgment without waiting for the mandate in *NTPSA I* to issue, and it could not have taken any other action to prevent this appeal from becoming moot. Thus, the government did not fail to protect itself, and that factor weighs in favor of vacatur. *See Donovan*, 70 F.4th at 1173.

Second, the government is not the cause of the post hoc mootness. This case became moot because the district court entered partial final judgment on Plaintiffs' Administrative Procedures Act claims just one week after this Court's opinion in *NTPSA I*. *NTPSA*, 2025 WL 2578045, at *2 (N.D. Cal Sept. 10, 2025); *see U.S. Bancorp Mortg. Co.*, 513 U.S. at 25 & n.3 ("mootness by happenstance provides sufficient reason to vacate."). The district court did so without waiting for this Court's mandate to issue in *NTPSA I*. Consequently, the government was unable to seek rehearing en banc or file a petition for a writ of certiorari. Even if the government had filed a petition seeking

6

further review within three business days after *NTPS A I* was decided, the district court's partial final judgment still would have prevented further review, as any post-judgment *opinion* on the availability of interim relief under 5 U.S.C. § 705 at this juncture would be an advisory opinion inconsistent with Article III's "case or controversy" requirement. U.S. Const. Art. III, § 2, cl. 1; *see Akina*, 835 F.3d at 1010; *Primerica Life Ins. Co. v. Allred*, 572 F. App'x 541, 542 (9th Cir. 2014) ("Where a party appeals an interlocutory order subsequently superseded by a valid final judgment, the matter is moot.") (citing *Taylor v. United States*, 181 F.3d 1017, 1018, 1022-23 (9th Cir. 1999) (en banc)). Indeed, this Court has vacated its opinions in analogous circumstances because post hoc mootness prevents the losing party from fully vindicating their appellate rights. *See Farmer*, 692 F.3d at 1052 (vacating a published opinion where "Farmer did not have the opportunity to exhaust the entire appellate process, including the possible pursuance of a petition for writ of certiorari in the Supreme Court."); *Griffey v. Lindsey*, 349 F.3d 1147 (9th Cir. 2003) (vacating an opinion where the habeas petitioner died during the pendency of a rehearing petition).

On November 25, 2025, undersigned counsel contacted Petitioners' counsel who did not provide their position on this motion by the time of filing.

7

## CONCLUSION

Because all factors relevant to vacatur favor the government, this Court should vacate its August 29 opinion.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

WILLIAM H. WEILAND
*Acting Assistant Director*

/s/ Jeffrey M. Hartman
JEFFREY M. HARTMAN
ERIC SNYDERMAN
LAUREN BRYANT
CATHERINE ROSS
LORI MACKENZIE
DANIEL CAPPELLETTI
ILANA KRAMER
SHELBY WADE
  *Trial Attorneys*
  Office of Immigration Litigation
  U.S. Department of Justice
  P.O. Box 878, Ben Franklin Station
  Washington, DC 20044
  Telephone: (202) 532-4404
  Email: Jeffrey.M.Hartman@usdoj.gov

## CERTIFICATE OF COMPLAINCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(1), I certify that the text of this motion is in double-spaced, proportionally spaced 14-point Garamond type, and the motion contains 1,899 words in compliance with Ninth Circuit Rule 27-1(d).

/s/ Jeffrey M. Hartman
JEFFREY M. HARTMAN
Trial Attorney
Office of Immigration Litigation

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2025, counsel for Appellants electronically filed this Motion to Vacate with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system and that service will be accomplished via the ACMS system.

/s/ Jeffrey M. Hartman
JEFFREY M. HARTMAN
Trial Attorney
Office of Immigration Litigation

# EXHIBIT A

Dkt. 115, Gov. Administrative Stay Mot. (Apr. 25, 2025)

Case: 25-2120, 11/25/2025, DktEntry: 108.1, Page 11 of 24

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
LAUREN BRYANT (NY Bar 5321880)
ANNA DICHTER (NJ Bar 304442019)
JEFFREY HARTMAN (WA Bar 49810)
LUZ MARIA RESTREPO (NY Bar 4907077)
CATHERINE ROSS (DC Bar 9007404)
AMANDA SAYLOR (FL Bar 1031480)
ERIC SNYDERMAN (VA Bar 99563)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*, <br><br> Plaintiff, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et. al.*, <br><br> Defendants. | Case No. 3:25-cv-1766-EMC <br><br> **DEFENDANTS' MOTION TO STAY FURTHER DISTRICT COURT PROCEEDINGS (NO HEARING REQUESTED)** <br><br> Judge: Hon. Edward M. Chen |

DEFENDANTS' MOT. TO ADMINISTRATIVELY STAY FURTHER PROCEEDINGS
No. 3:25-cv-1766-EMC

1

Pursuant to Federal Rule of Civil Procedure 7(b), Defendants move the Court to administratively stay further district court proceedings, including the answer or other dispositive pleading, discovery, and all other pending deadlines related to the Venezuela TPS determinations, to preserve the status quo between the parties. *See Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019). On March 31, 2025, this Court postponed the effective date of Secretary Noem's 2025 Vacatur and Termination of TPS for Venezuela, preserving Temporary Protected Status for Venezuelans covered by the 2021 and 2023 Designations.[1] ECF No. 93. On April 1, 2025, Defendants filed a notice of appeal from the Court's order. ECF No. 94. In the Ninth Circuit, Defendants sought an emergency stay of the Court's order and stay briefing largely focused on threshold questions of subject-matter jurisdiction. ECF No. 109; *see* Docket, *Nat'l TPS Alliance, et al., v. Noem, et al.*, 25-2120 (9th Cir.). The Ninth Circuit denied the stay on the sole basis that Defendants did not demonstrate irreparable harm. ECF No. 113. Defendants' opening brief on the interlocutory appeal is due on April 30, 2025. ECF No. 100. In light of Defendants' appeal, this Court should stay further proceedings in the district court until the Ninth Circuit rules, because doing so will promote the fair and efficient resolution of the issues presented in this case. Defendants advised Plaintiffs of this motion during a conference on April 25, 2025, who indicated they oppose an administrative stay.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That includes entering an administrative stay if "it is efficient for its own docket and the fairest course for the parties . . . pending resolution of independent proceedings which bear upon the case." *In re PG&E Corp. Sec. Lit.*, 100 F.4th 1076, 1085 (9th Cir. 2024). The Ninth Circuit has identified three non-exclusive factors to consider in deciding whether to issue a stay: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law."

---

[1] *Vacatur of 2025 TPS Decision for Venez.*, 90 Fed. Reg. 8,805 (Feb. 3, 2025) ("2025 Vacatur"); *Termination of the October 3, 2023 Designation of Venez. for TPS*, 90 Fed. Reg. 9,040 (Feb. 5, 2025) ("2025 Termination").

DEFENDANTS' MOT. TO ADMINISTRATIVELY STAY FURTHER PROCEEDINGS
No. 3:25-cv-1766-EMC

1

*In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085 (cleaned up). All three factors weigh in favor of a stay of district court proceedings in this case pending resolution of Defendants' appeal to the Ninth Circuit Court of Appeals. ECF No. 94.

First, a stay will serve "the orderly course of justice" by "simplifying" or resolving central (and potentially dispositive issues) in this litigation. *In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085. Here, the Court concluded that it had jurisdiction to review the Secretary's 2025 Vacatur and Termination determinations under the Administrative Procedures Act notwithstanding the jurisdictional bar at 8 U.S.C. § 1254a(b)(5)(A). ECF No. 93 at 15-30. This threshold—and, as Defendants argue, dispositive— jurisdictional issue is now before the Ninth Circuit. Any legal questions it resolves will bind the Court. *See Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agriculture*, 499 F.3d 1108, 1114 (9th Cir. 2007) ("A fully considered appellate ruling on an issue of law made on a preliminary injunction appeal . . . become[s] the law of the case for further proceedings in the trial court on remand and in any subsequent appeal.") (quoting 18 Wright & Miller, Federal Practice & Procedure § 4478.5 (2002)). Even if the Ninth Circuit were to reject Defendants' jurisdictional arguments, its decision will still materially affect how this case proceeds before this Court. *See In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085 ("A district court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (cleaned up). In short, because the Ninth Circuit "must address issues identical to those presented in this action" this Court "could receive considerable assistance in resolving this action" and a stay is warranted as a matter of judicial efficiency. *In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1086 (cleaned up).

A stay would also serve "the orderly course of justice" by preserving judicial resources and the litigation resources of both parties. *Id.* at 1085. Any court-ordered deadlines and proceedings set before the Ninth Circuit renders a decision on Defendants' appeal would be premature and may require reconsideration in light of that decision. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) (observing that an administrative stay may be granted if "the other proceedings will be conducted within a reasonable time in relation to the urgency of the claims presented to the court."); 9th Cir. R. 3-3(b) (establishing an expedited briefing schedule by default for cases challenging district court

DEFENDANTS' MOT. TO ADMINISTRATIVELY STAY FURTHER PROCEEDINGS
No. 3:25-cv-1766-EMC

interlocutory orders). Additionally, if the district court proceedings continue until final judgment, rendering the postponement order under 5 U.S.C. § 705 moot, the Ninth Circuit would be required to rededicate its resources to the entire case at that stage, even though it may conclusively determine the legal issues before it at this time. *See Ranchers Cattlemen Action Legal Fund*, 499 F.3d at 1114. The judicial resources dedicated to the intervening appeal would thus be wasted. An administrative stay should be issued to avoid that result.

Second, a stay will eliminate the "hardship and inequity" that the parties would otherwise suffer in "being required to go forward" without guidance from the Ninth Circuit. *In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085. Just as the Court would devote time and resources to this proceeding, so too the parties would devote their own resources to participating in discovery and litigating issues that may ultimately be mooted, clarified, or narrowed by the Ninth Circuit's decision. *See United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring) (observing that one point of administrative stays "is to minimize harm while an appellate court deliberates"). That is particularly true here because the Court's order permits Plaintiffs to serve "discovery requests on the government" and requires the government to take other actions that are predicated on the very jurisdictional rulings that are now before the Ninth Circuit. ECF No. 93 at 77; *see Leyva*, 593 F.3d at 864 ("It would waste judicial resources and be burdensome upon the parties if the district court . . . were mandated to permit discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as" the issues are "going through a substantially parallel process."). Moreover, because any review of the Secretary's TPS determinations is limited to the administrative record, there is no risk that relevant evidence in this case will become stale during a stay of proceedings. 5 U.S.C. § 706, Fed. R. Civ. P. 26(a)(1)(B)(i).

Third, Defendants have taken steps, as required by Fed. R. Civ. P. 26, to preserve potentially discoverable materials while the Ninth Circuit resolves Defendants' expedited appeal. Indeed, in response to this Court's order, the Parties submitted a Joint Status Report and are actively conferring regarding an ESI protocol. Defendants have also filed the administrative records. ECF Nos. 103, 104 (administrative records); *see* ECF 93 at 77. Thus, Defendants have already taken the necessary steps at this time.

DEFENDANTS' MOT. TO ADMINISTRATIVELY STAY FURTHER PROCEEDINGS
No. 3:25-cv-1766-EMC

3

In short, while the Ninth Circuit reviews the threshold jurisdictional issues that must be decided before Plaintiffs' challenge to the Venezuela TPS determinations continues, this Court should administratively stay this case (and all associated deadlines) pending resolution of the docketed appeal. *See In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085; *Doe # 1*, 944 F.3d at 1223.

Dated: April 25, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

SARAH L. VUONG
Assistant Director (CA Bar. 258528)

WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel

ERIC SNYDERMAN (VA Bar 99563)
ANNA DICHTER (NJ Bar 304442019)
LAUREN BRYANT (NY Bar 5321880)
AMANDA SAYLOR (FL Bar 1031480)
CATHERINE ROSS (DC Bar 9007404)
LUZ MARIA RESTREPO (NY Bar 4907077)
Trial Attorneys

/s/ *Jeffrey Hartman*
JEFFREY HARTMAN
Trial Attorney (WSBA 49810)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

*Attorneys for the Defendants*

DEFENDANTS' MOT. TO ADMINISTRATIVELY STAY FURTHER PROCEEDINGS
No. 3:25-cv-1766-EMC

4

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
ERIC SNYDERMAN (VA Bar 99563)
ANNA DICHTER (NJ Bar 304442019)
LAUREN BRYANT
AMANDA SAYLOR
CATHERINE ROSS (DC Bar 9007404)
LUZ MARIA RESTREPO (NY Bar 4907077)
JEFFREY HARTMAN (WA Bar 49810)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*,<br><br>Plaintiff,<br>v.<br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et. al.*,<br><br>Defendants. | Case No. 3:25-cv-1766-EMC<br><br>[PROPOSED] ORDER GRANTING MOTION TO STAY FURTHER DISTRICT COURT PROCEEDINGS |

[PROPOSED] ORDER GRANTING ADMINISTRATIVE STAY
No. 3:25-cv-1766-EMC

1

Before the Court is Defendants' motion for an administrative stay postponing all further district court proceedings and deadlines associated with Plaintiffs' challenge to the Venezuela TPS determinations until the Ninth Circuit Court of Appeals has ruled on Defendants' appeal (ECF No. 94) of this Court's postponement order (ECF No. 93). Having reviewed the motion, IT IS ORDERED that Defendant's motion for an administrative stay of further district court proceedings is GRANTED.

Issued this ___ day of April, 2025.

 

_____

Edward M. Chen
United States District Judge

[PROPOSED] ORDER GRANTING ADMINISTRATIVE STAY
No. 3:25-cv-1766-EMC

2

# EXHIBIT B

Dkt. 271, Gov. Supp. Administrative Stay Br. (Aug. 7, 2025)

BRETT A. SHUMATE
Assistant Attorney General
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM H. WEILAND
Acting Assistant Director
ANNA DICHTER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
CATHERINE ROSS
AMANDA B. SAYLOR
JEFFREY M. HARTMAN
DANIEL CAPPELLETTI
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1766-EMC<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF A TEMPORARY STAY**<br><br>Judge: Hon. Edward M. Chen |

This Court should temporarily stay adjudication of Defendants' motion to dismiss, the parties' motions for summary judgment, and Plaintiffs' motion to consider extra-record evidence pending the Ninth Circuit's decision in *Nat'l TPS All., et al., v. Noem, et al.*, No. 25-2120 (9th Cir.) and, if sought, the disposition of any certiorari petition. ECF No. 269; *see* ECF No. 115 (Defendants' administrative stay motion). However, if the Court proceeds to final judgment and enters judgment against Defendants, the Court should stay any final judgment against Defendants and any further proceedings or discovery pending appeal or, at minimum, for at least 14 days to afford Defendants an opportunity to seek a stay in an orderly manner from the Ninth Circuit.

On March 31, 2025, this Court postponed the effective date of Secretary Noem's 2025 Vacatur and Termination of TPS for Venezuela.[1] ECF No. 93. On April 1, 2025, Defendants appealed that order to the Ninth Circuit, ECF No. 94, and obtained a stay pending disposition of any petition for certiorari from the Supreme Court. *Noem v. Nat'l TPS All.*, No. 24A1059, 2025 WL 1427560 (S. Ct. May 19, 2025). The Ninth Circuit appeal—which was argued on July 16 following extensive briefing—implicates this Court's jurisdiction to review TPS determinations under the Administrative Procedure Act (APA), the merits of Plaintiffs' equal protection arguments, equitable limitations on universal stays, and the applicability of 8 U.S.C. § 1252(f)(1) to the TPS statute. *See* ACMS Nos. 22, 48, 73, *Nat'l TPS All., et al., v. Noem, et al.*, No. 25-2120 (9th Cir.). Because the resolution of those issues will directly affect the Court's resolution of the parties' dispositive motions and Plaintiffs' motion to consider extra-record evidence, and entry of final judgment would moot a pending appeal to which the parties and the Ninth Circuit have devoted substantial resources, the Court should stay adjudication because doing so will promote the fair and efficient resolution of the issues presented.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That includes entering an administrative stay if "it is efficient for its own docket and the fairest course for the parties . . . pending resolution of

---

[1] *Vacatur of 2025 [TPS] Decision for Venezuela*, 90 Fed. Reg. 8,805 (Feb. 3, 2025) ("2025 Vacatur"); *Termination of the October 3, 2023 Designation of Venezuela for [TPS]*, 90 Fed. Reg. 9,040 (Feb. 5, 2025) ("2025 Termination").

DEFENDANTS' SUPPLEMENTAL STAY BRIEF
No. 3:25-cv-1766-EMC

1

independent proceedings which bear upon the case." *In re PG&E Corp. Sec. Lit.*, 100 F.4th 1076, 1085 (9th Cir. 2024). The Ninth Circuit has identified three non-exclusive factors to consider in deciding whether to issue a stay: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Id.* (cleaned up). All three factors weigh in favor of a stay of district court proceedings in this case pending resolution of Defendants' Ninth Circuit appeal.

First, a stay will serve "the orderly course of justice" by "simplifying" or resolving central (and potentially dispositive issues) in this litigation. *Id.* This Court concluded that it had jurisdiction to review the Secretary's 2025 Vacatur and Termination determinations under the APA notwithstanding the jurisdictional bar at 8 U.S.C. § 1254a(b)(5)(A). ECF No. 93 at 15-30. That threshold—and, as Defendants argue, dispositive—jurisdictional issue is squarely before the Ninth Circuit. Further, the Ninth Circuit's decision on Plaintiffs' equal protection claim will almost certainly address whether consideration of extra-record evidence is warranted or, conversely, would amount to an abuse of discretion. *See Lands Council v. Powell*, 395 F.3d 1019, 1029-30 (9th Cir. 2005). Any legal questions it resolves will bind this Court. *See Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th Cir. 2007) ("A fully considered appellate ruling on an issue of law made on a preliminary injunction appeal . . . become[s] the law of the case for further proceedings in the trial court on remand and in any subsequent appeal.") (quoting 18 Wright & Miller, Federal Practice & Procedure § 4478.5 (2002)). Even if the Ninth Circuit rejects Defendants' jurisdictional arguments, its decision will still materially affect the Court's resolution of this case. *See In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085 ("A district court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (cleaned up). In short, because the Ninth Circuit "must address issues identical to those presented in this action" this Court "could receive considerable assistance in resolving this action" and a stay is warranted as a matter of judicial efficiency. *Id.* at 1086 (cleaned up).

DEFENDANTS' SUPPLEMENTAL STAY BRIEF
No. 3:25-cv-1766-EMC

2

A stay of the adjudication of the pending dispositive motions and the motion to consider extra-record evidence until the Ninth Circuit decides the already-argued appeal would also serve "the orderly course of justice" by preserving judicial resources and the litigation resources of both parties. *Id.* at 1085. The parties have already fully briefed and argued the appeal, and the Ninth Circuit has devoted substantial resources to it. A decision entering final judgment would moot the preliminary-relief appeal the Ninth Circuit is considering, wasting the resources already spent on the appeal. *Planned Parenthood v. Arizona*, 718 F.2d 938, 949 (9th Cir. 1983); *SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361 (9th Cir. 1982). By contrast, the time the parties and the Court have already spent on the currently pending motions will not be wasted regardless of how the Ninth Circuit rules. Win or lose, deciding the case before the Ninth Circuit rules will waste the parties and the courts' resources, but waiting to receive the Ninth Circuit's decision will not.

Second, a temporary stay of adjudication of these motions would not adversely affect either party's interests. This Court already permitted Plaintiffs to conduct extra-record discovery, ECF No. 93 at 77, so staying a decision on that motion will not adversely affect Plaintiffs' interests. Nor will delaying entry of final judgment. The present status quo is the one determined by the Supreme Court to be proper. *Noem v. Nat'l TPS All.*, No. 24A1059, 2025 WL 1427560 (S. Ct. May 19, 2025).

Plaintiffs' interests will not be adversely affected by a delay in a decision on the dispositive motions, either, because a stay of any judgment in Plaintiffs' favor would continue to be appropriate in light of the Supreme Court's stay reflecting its view of the appropriate status quo during litigation. A stay of any final judgment against the Government would avoid unnecessary procedural complications and ensure consistency with the Supreme Court's directive. At minimum, should this Court proceed to final judgment and rule in Plaintiffs' favor, Defendants request at least a 14-day delay of final judgment so that Defendants may seek a stay in an orderly manner from the Ninth Circuit. Again, the appropriate continuing status quo emphasizes that the proper course is to wait to decide the motions until after the Ninth Circuit has decided the fully briefed and argued pending appeal.

DEFENDANTS' SUPPLEMENTAL STAY BRIEF
No. 3:25-cv-1766-EMC

3

Dated: August 7, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM H. WEILAND (Mass. Bar 661433)
Acting Assistant Director

ANNA DICHTER (NJ Bar 304442019)
Senior Litigation Counsels

ERIC SNYDERMAN (VA Bar 99563)
LAUREN BRYANT (NY Bar 5321880)
AMANDA SAYLOR (FL Bar 1031480)
CATHERINE ROSS (DC Bar 9007404)
Trial Attorneys

/s/ *Jeffrey Hartman*
JEFFREY HARTMAN
Trial Attorney (WSBA 49810)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

*Attorneys for the Defendants*

DEFENDANTS' SUPPLEMENTAL STAY BRIEF
No. 3:25-cv-1766-EMC

4