No. 25-2120

IN THE
**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

―――――――

NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY
JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ
HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R.
HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES
DORSAINVIL, and G.S.,
*Plaintiffs-Appellees*,

v.

KRISTI NOEM, in her official capacity as Secretary of Homeland
Security, UNITED STATES DEPARTMENT OF HOMELAND
SECURITY, and UNITED STATES OF AMERICA,
*Defendants-Appellants.*

―――――――

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA, NO. 3:25-CV-01766-EMC
HONORABLE EDWARD M. CHEN

―――――――

**RESPONSE IN OPPOSITION TO DEFENDANTS-
APPELLANTS' MOTION TO VACATE THE AUGUST 29 PANEL
OPINION**

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493

Ahilan T. Arulanantham (SBN 237841)
   *Counsel of Record*
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION
LAW AND POLICY, UCLA
SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

*Attorneys for Plaintiffs-Appellees*

Additional Counsel for Plaintiffs-Appellees

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................. 1

BACKGROUND ................................................................. 2

ARGUMENT ..................................................................... 3

    I.     Vacatur under *Munsingwear* is inapplicable because this panel already issued a valid decision. ............................................................. 3

    II.    Equity weighs against vacatur because the district court's partial judgment was not happenstance, but a result of Defendants' litigation conduct. ................................................. 5

    III.   The public interest weighs strongly against vacatur. ................................................................. 8

    IV.   The lack of prejudice to Defendants weighs further against vacatur. ..................................... 10

CONCLUSION ................................................................. 11

CERTIFICATE OF COMPLIANCE ..................................... 14

CERTIFICATE OF SERVICE ............................................. 15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armster v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*,
806 F.2d 1347 (9th Cir. 1986) ............................................*passim*

*Black Mesa Water Coal. v. Jewell*,
797 F.3d 1185 (9th Cir. 2015) ................................................... 9

*Dickens v. Ryan*,
744 F.3d 1147 (9th Cir. 2014) (en banc) ...........................*passim*

*Dilley v. Gunn*,
64 F.3d 1365 (9th Cir. 1995) .............................................. 5, 6

*Donovan v. Vance*,
70 F.4th 1167 (9th Cir. 2023).................................................. 6

*Evans v. Shoshone-Bannock Land Use Policy Comm'n*,
736 F.3d 1298 (9th Cir. 2013) ................................................... 5

*Farmer v. McDaniel*,
692 F.3d 1052 (9th Cir. 2012) ................................................... 6

*Griffey v. Lindsey*,
345 F.3d. 1058 (9th Cir. 2003) ............................................. 4, 6

*Humphreys v. DEA*,
105 F.3d 112 (3d Cir. 1996)..................................................... 10

*Makaeff v. Trump Univ., LLC*,
736 F.3d 1180 (9th Cir. 2013) ................................................ 10

*Nat'l TPS All. v. Noem*,
150 F.4th 1000 (9th Cir. 2025) ("*NTPSA I*").....................*passim*

*Nat'l TPS All. v. Noem*,
No. 25-5724, ---F.4th---,
2025 WL 2661556 (9th Cir. Sept. 17, 2025).............................. 1

i

*Nat'l TPS All. v. Noem*,
  No. 25-CV-01766-EMC,
  2025 WL 2578045 (N.D. Cal. Sept. 5, 2025) ............................. 3

*Nationwide Biweekly Admin., Inc. v. Owen*,
  873 F.3d 716 (9th Cir. 2017) ................................................... 4

*Noem v. Nat'l TPS All.*,
  145 S. Ct. 2728 (2025) ........................................................... 11

*Noem v. Nat'l TPS All.*,
  606 U.S. ---, --- S. Ct. ---, 2025 WL 2812732 (Oct. 3,
  2025) ..................................................................................... 11

*In re Pattullo*,
  271 F.3d 898 (9th Cir. 2001) ................................................... 4

*Redd v. Guerrero*,
  122 F.4th 1203 (9th Cir. 2024) ..........................................*passim*

*SEC v. Mount Vernon Mem'l Park*,
  664 F.2d 1358 (9th Cir. 1982) ................................................. 5

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
  513 U.S. 18 (1994) .............................................................*passim*

*United States v. Munsingwear, Inc.*,
  340 U.S. 36 (1950) ............................................................. 1, 3

*United States v. Payton*,
  593 F.3d 881 (9th Cir. 2010) ...........................................1, 4, 6, 7

*United States v. Perez-Garcia*,
  96 F.4th 1166 (9th Cir. 2024) ...........................................3, 4, 8, 9

**Statutes & Rules**

5 U.S.C. § 705........................................................................ 2

Fed. R. App. P. 40(d)(1).......................................................... 11

**Other Authorities**

Wright & Miller,
    13C Fed. Prac. & Proc. Juris. § 3533.10.3 .................................. 5

# INTRODUCTION

In a related appeal, this Court already rejected Defendants' argument that the August 29 opinion in this appeal, *Nat'l TPS All. v. Noem*, 150 F.4th 1000 (9th Cir. 2025) (*NTPSA I*), "is likely to be vacated as moot." *See Nat'l TPS All. v. Noem*, No. 25-5724, --- F.4th---, 2025 WL 2661556, at *3 (9th Cir. Sept. 17, 2025). The Court should again reject Defendants' request to vacate *NTPSA I* for several reasons.

First, this appeal was not moot when the Court issued its opinion, so *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950) does not support vacatur here. *Armster v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 806 F.2d 1347, 1355 (9th Cir. 1986). Vacatur based on mootness *after* the Court has issued a decision is an "extraordinary remedy" that falls squarely "within [the Court's] discretion based on equity." *Dickens v. Ryan,* 744 F.3d 1147, 1148 (9th Cir. 2014) (en banc) (citation omitted); *accord Redd v. Guerrero*, 122 F.4th 1203 (9th Cir. 2024) (Berzon, J., with respect to denial of en banc rehearing). Defendants have failed to demonstrate "equitable entitlement to [that] extraordinary remedy." *Dickens*, 744 F.3d at 1148 (citation omitted).

Second, equity weighs heavily against vacatur. The district court's final judgment was far from an "external 'happenstance'" but rather a result of Defendants' litigation conduct. *United States v. Payton*, 593 F.3d 881, 885 (9th Cir. 2010) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994)). Defendants moved for summary judgment and then asked the

district court to stay adjudication of the pending cross-motions *precisely* so that the district court could apply this panel's decision.

Third, the public interest weighs against vacatur. *NTPSA I* is valuable not just to Plaintiffs, but also "the legal community as a whole." *Dickens*, 744 F.3d at 1148 (quoting *U.S. Bancorp*, 513 U.S. at 26). Lastly, the "lack of prejudice" to Defendants further "weighs heavily in favor of denying" vacatur. *Id.*

## BACKGROUND

In April 2025, Defendants appealed the district court's order granting Plaintiffs' motion to postpone under 5 U.S.C. § 705. Ct. App. Dkt. 1. Defendants also moved to stay all district court proceedings "until the Ninth Circuit rule[d]" in the present appeal, which Plaintiffs opposed. Ct. App. Dkt. 108 (Defendant-Appellants' Motion to Vacate) ("Mot."), Ex. A (Dist. Ct. Dkt. 115) at 1; Dist. Ct. Dkt. 136. At the same time, both parties planned to move for summary judgment and stipulated to a briefing schedule while this appeal was pending. *See* Dist. Ct. Dkt. 124 at 1–2.

In May 2025, the district court declined to stay its proceedings, Dist. Ct. Dkt. 161, and the parties thereafter cross-moved for summary judgment. *See* Dist. Ct. Dkts. 161, 165, 199.

While those motions were pending, Defendants again requested that the district court stay adjudication so the district court could apply this panel's decision to the cross-motions for summary judgment. *See* Mot., Ex. B (Dist. Ct. Dkt. 271) at 1–3. Plaintiffs continued to oppose a stay. Dist. Ct. Dkt. 273. This time

2

the district court ruled for Defendants. As Defendants requested, it stayed adjudication of the motions "until the Ninth Circuit decide[d] the already-argued appeal." Mot., Ex. B at 3; Dist. Ct. Dkt. 276.

This Court affirmed the district court's order on August 29, 2025. *NTPSA I*, 150 F.4th 1000. On September 5, the district court granted Plaintiffs' summary judgment motion, relying on *NTPSA I*, and entered a partial judgment. *See Nat'l TPS All. v. Noem*, No. 25-CV-01766-EMC, 2025 WL 2578045, at *15 (N.D. Cal. Sept. 5, 2025) (Dist. Ct. Dkt. 279).

## ARGUMENT

### I. Vacatur under Munsingwear is inapplicable because this panel already issued a valid decision.

Defendants seek vacatur based on the district court's entry of a partial judgment *after* this Court issued its decision. Mot. at 1. However, the *Munsingwear* doctrine applies only to appeals that become moot "prior to the time the appellate court has issued an opinion on the merits." *Armster*, 806 F.2d at 1354 (citing *Munsingwear*, 340 U.S. 36). As this Court has explained, "[t]here is a significant difference" between "mootness prior to the time an appellate court has rendered its decision on the merits and a request [to vacate] made after that time." *United States v. Perez-Garcia*, 96 F.4th 1166, 1172–73 (9th Cir. 2024) (quoting *Armster*, 806 F.2d at 1355). "The former scenario implicates limitations on [the Court's] constitutional power because Article III does not give federal courts constitutional authority to decide moot cases." *Id.*

3

But here, "a valid decision has already been rendered." *Armster*, 806 F.2d at 1355. This Court had jurisdiction when it issued *NTPSA I*, and while the Court has discretion to vacate its decision, it is "not precluded from exercising [A]rticle III power." *Perez-Garcia*, 96 F.4th at 1173 (citation omitted); *accord Dickens*, 744 F.3d at 1148; *Redd*, 122 F.4th at 1205. This "case is therefore distinguishable from" Defendants' cited cases "where mootness occurred prior to decision." *Payton*, 593 F.3d at 885.[1]

Nor is it relevant that the mandate has not issued. *See, e.g.*, *Armster*, 806 F.2d at 1355 n.9. *In re Pattullo*, 271 F.3d 898 (9th Cir. 2001) is not to the contrary. *Cf.* Mot. at 6. In *Pattullo*, the appeal became moot *before* the Court's decision, although the Court was not notified until afterwards. *See* 271 F.3d at 901. Since *Pattullo*, the Court has reiterated that whether the mandate has issued is inconsequential. *See Payton*, 593 F.3d at 884 n.1; *Dickens*, 744 F.3d at 1148 n.1.

Vacatur is also improper because the district court's partial judgment does not preclude the Court from exercising its Article III power. *See Dickens*, 744 F.3d at 1148 (quoting *Armster*, 806 F.2d at 1355). When final judgment is entered while an appeal of a preliminary injunction is pending, the preliminary order "merges" into the final judgment. *See Nationwide Biweekly*

---

[1] Contrary to Defendants' claim, Mot. at 7, the petitioner in *Griffey v. Lindsey* died *before* the panel issued its opinion so the Court lacked Article III jurisdiction at the time it ruled (although it was unaware of that fact). *See* 349 F.3d 1157 (9th Cir. 2003); *Griffey v. Lindsey*, 345 F.3d. 1058 (9th Cir. 2003) (filed Sept. 26, 2003).

4

*Admin., Inc. v. Owen*, 873 F.3d 716, 730–31 (9th Cir. 2017). The Court declines to review the preliminary order, not because of Article III limitations, but because "[g]ood sense dictates that review of the decision on the merits would be more meaningful." *SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361–62 (9th Cir. 1982); *accord Evans v. Shoshone-Bannock Land Use Policy Comm'n*, 736 F.3d 1298, 1302 (9th Cir. 2013) (reviewing preliminary injunction that "merged into the final judgment"); Wright & Miller, 13C Fed. Prac. & Proc. Juris. § 3533.10.3 (explaining that vacatur for cases mooted "on appeal from final judgments need not carry over to interlocutory appeals," where final judgment "defeats any reason to review the interlocutory order"). Put differently, Defendants can, and still are, "obtaining judicial review of the disputed issues" by appealing the district court's partial judgment. *See* Mot. at 3–4.

## II. Equity weighs against vacatur because the district court's partial judgment was not happenstance, but a result of Defendants' litigation conduct.

Defendants claim that the parties' cross-motions for summary judgment and resulting district court order constitute "mootness by happenstance," Mot. at 4–6, but their argument contradicts this Court's precedent. A case becomes moot due to "happenstance" when it is due to "circumstances unattributable to any of the parties." *U.S. Bancorp*, 513 U.S. at 23 (citation omitted). "[T]he conduct of parties as litigants," however, "cannot be attributed to happenstance." *Dilley v. Gunn*, 64 F.3d 1365, 1372 (9th Cir. 1995). As such, Defendants' reliance on cases like

*Donovan v. Vance*, 70 F.4th 1167, 1173 (9th Cir. 2023) (revocation of executive order), *Farmer v. McDaniel*, 692 F.3d 1052 (9th Cir. 2012) (death of petitioner), and *Griffey*, 349 F.3d 1157 (same), is misguided.[2]

Here, equity weighs against vacatur. Defendants triggered the "mootness" they complain of through their own litigation conduct. *See Dilley*, 64 F.3d at 1370; *U.S. Bancorp*, 513 U.S. at 24–25 (equity weighs against vacatur where party "caused the mootness by voluntary action"); *Payton*, 593 F.3d at 883 (same); *Redd*, 122 F.4th at 1206 ("Vacatur is particularly *in*appropriate where mootness arises voluntarily.") (emphasis in original).

After moving for summary judgment, Defendants asked the district court to stay adjudication until this panel issued its decision, precisely so that the district court could apply the panel's decision. Defendants' assertion that they argued for a stay until the resolution of a certiorari petition, Mot. at 5–6, is belied by the record. While Defendants briefly mentioned in a later filing the possibility of a future certiorari petition, Defendants repeatedly insisted that, "regardless of how the Ninth Circuit rule[d]," the district court should stay proceedings for the Court's decision, emphasizing the brevity of such a stay, so the district court could

---

[2] Defendants also cite to *Dickens*, 744 F.3d 1147, but there the Court denied the motion to vacate after the petitioner died because, like this case, the Court had jurisdiction at the time the case was decided, "neither party [was] *entitled* to additional appellate review," and the precedent would affect pending cases. *Id.* at 1148.

6

apply that decision to the summary judgment motions. Mot., Ex. B at 3; *see also id.* ("Win or lose, deciding the case before the Ninth Circuit rules will waste the parties and the courts' resources, but waiting to receive the Ninth Circuit's decision will not.").

None of Defendants' statements remotely suggested that Defendants wanted the district court to stay its hand pending en banc review or certiorari. Indeed, they suggested the opposite. Defendants disclaimed the need for a stay after the panel's decision, emphasizing a stay would be "temporary, not indefinite, pending expeditious resolution from the Ninth Circuit." Dist. Ct. Dkt. 138 (attached hereto as Exhibit 1) at 2; *cf. id.* at 1 (underscoring "prompt resolution of Defendants' appeal"); Mot., Ex. A at 4 (similar). Defendants asserted that, "[e]ven if the Ninth Circuit were to reject Defendants' jurisdictional arguments," the district court should wait to apply this panel's decision. Mot., Ex. A at 2; *id.*, Ex. B at 2. Defendants also argued that the panel's decision would "become[] law of the case for further proceedings." Mot., Ex. B at 2.

Defendants also complain of their inability to control the district court and the short timeline, Mot. at 6, but as this Court explained in *Payton*, conduct by an adjudicating court "can hardly amount to the kind of *external* 'happenstance' requiring vacatur." 593 F.3d at 885 (emphasis added) (citation omitted). Moreover, Defendants could have quickly sought relief from this Court's decision before the district court's final judgment, as they have done throughout this litigation. *See Nat'l TPS All. v. Noem*, No.

7

25-5724 (9th Cir. 2025), Dkt. 40 at 15 n.5 (describing Defendants' expedited filings).

In short, the district court followed the procedure Defendants requested. Only now, "[a]fter seeing the proverbial writing on the wall," *Perez-Garcia*, 96 F.4th at 1174 (citation omitted), do Defendants claim the district court prevented "orderly procedure." Mot. at 4. Adopting vacatur under these circumstances "would not serve the interests of justice or judicial economy," particularly as it "could incentivize parties to strategically prevent the publication of a decision adverse to their interests." *Perez-Garcia*, 96 F.4th at 1174; *see also Armster*, 806 F.2d at 1355 (similar).

Finally, even if this appeal had become moot by happenstance, that alone would not warrant vacatur. *See Redd*, 122 F.4th at 1206.[3]

## III.  The public interest weighs strongly against vacatur.

Because "a valid decision has already been rendered," vacating the Court's decision "based upon conduct occurring after its issuance . . .  would be depriving the [Plaintiffs] of the benefit of an appellate court decision that adjudicated properly presented

---

[3] That Plaintiffs also moved for summary judgment is of no moment. It is Defendants' burden "to demonstrate not merely equivalent responsibility for the mootness, but equitable entitlement to the extraordinary remedy of vacatur." *U.S. Bancorp*, 513 U.S. at 26. Defendants' voluntary conduct "constitutes a failure of equity that makes the burden decisive, whatever [Plaintiff's] share in the mooting of the case might have been." *Id.*

questions concerning their specific [] rights." *Armster*, 806 F.2d at 1355. This factor alone "give[s] [the Court] considerable pause" and weighs against vacatur. *Id.*

The panel's decision is not only critical to Plaintiffs, but also "valuable to the legal community as a whole." *Dickens*, 744 F.3d at 1148 (quoting *U.S. Bancorp*, 513 U.S. at 26). This Court has "long held that there is a strong public interest in the court's resolving important precedential issues," and that "[t]he likelihood" similar issues will be relitigated "counsels strongly . . . against the withdrawal of that opinion." *Armster*, 806 F.2d at 1360; *accord Redd*, 122 F.4th at 1206 n.3; *Perez-Garcia*, 96 F.4th at 1174.

It is difficult to overstate the importance of the issues in this case. The Court's *NTPSA I* decision, and subsequent decisions in this litigation, will impact over one million individuals from Venezuela and Haiti. It is certain that similar issues will be presented in future cases before this Court (and others) due to a string of TPS termination decisions. *See, e.g.*, *Dickens*, 744 F.3d at 1148 (denying vacatur where precedent would affect pending cases). Defendants give "no reason to undo this precedent and force future panels to duplicate [this Court's] efforts by re-deciding issues [it] ha[s] already resolved within the contours of article III." *Id*. The public interest is further served in letting *NTPSA I* stand as it will not only provide guidance to future parties and panels, but to the agencies involved in the challenged actions. *See Black Mesa Water Coal. v. Jewell*, 797 F.3d 1185 (9th Cir. 2015).

Ignoring these considerations, Defendants complain they should not be bound by precedent that they were "prevented from

9

challenging through no fault of [their] own." Mot. at 4. The notion that it is unfair to be bound by *NTPSA I* assumes the decision was wrong. "Judicial precedents are presumptively correct" and "should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp*, 513 U.S. at 26. As explained, the pre-existing decision renders the public interest against vacatur. And as Defendants acknowledge elsewhere, they maintain the opportunity for "judicial review of the disputed issues" in the appeal of the partial judgment. Mot. at 3–4. Lastly, as discussed, Defendants can hardly cry about the procedural posture they requested. *See supra* at 5–7.

## IV. The lack of prejudice to Defendants weighs further against vacatur.

Defendants' baseless assertion that they are unfairly prejudiced by *NTPSA I*, Mot. at 4–5, improperly assumes that decision was wrong, *Bancorp*, 513 U.S. at 26; *cf. Humphreys v. DEA*, 105 F.3d 112, 115 (3d Cir. 1996) ("The mere fact that we decided the case against the [appellant] is not a sufficient reason to withdraw our opinion.").

Defendants are not prejudiced because "[n]either party [was] entitled to additional appellate review." *Dickens*, 744 F.3d at 1148; *see also Redd*, 122 F.4th at 1206; *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180 (9th Cir. 2013) (Wardlaw & Callahan, JJ., concurring in the denial of rehearing) (explaining rehearing en banc is "not favored" and the "exception, not the rule"). Defendants also declined to file a petition for rehearing en banc of

this Court's opinion. *See* Fed. R. App. P. 40(d)(1); Ct. App. Dkt. 106 (resetting deadline to December 10, 2025).

Moreover, Defendants maintain the opportunity for judicial review of the disputed issues in a future appeal, including en banc review and certiorari. *See* Mot. at 3–4; *accord Redd*, 122 F.4th at 1205.

Nor are Defendants prejudiced in any practical way because the district court's orders are currently stayed. *Noem v. Nat'l TPS All.*, 145 S. Ct. 2728, 2729 (2025) (Mem); *Noem v. Nat'l TPS All.*, 606 U.S. ---, --- S. Ct. ---, 2025 WL 2812732, at *1 (Oct. 3, 2025). That Defendants delayed bringing this motion—nearly three *months* after the district court's judgment and well after the briefing in the appeal of that decision—underscores the lack of prejudice.

## CONCLUSION

This Court should deny Defendants' Motion.

Dated: December 12, 2025

Respectfully submitted,

By:*/s/ Jessica Karp Bansal*
Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK

1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Ahilan T. Arulanantham (SBN 237841)
*Counsel of Record*
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

12

13

Erik Crew
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

*Attorneys for Plaintiffs-Appellees*

13

## CERTIFICATE OF COMPLIANCE

This brief complies with the Court's order, Ct. App. Dkt. 109, because it contains 2,694 words, excluding the parts of the document exempted by Rule 32(f) of the Federal Rules of Appellate Procedure. The brief also complies with the typeface and typestyle requirements of Rules 32(a)(5)–(6) of the Federal Rules of Appellate procedure because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: December 12, 2025

By: */s/ Jessica Karp Bansal*
Jessica Karp Bansal

## CERTIFICATE OF SERVICE

I certify that on December 12, 2025, I electronically filed this brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the ACMS system. All parties were served electronically through the ACMS system.

Dated: December 12, 2025

By: */s/ Jessica Karp Bansal*
Jessica Karp Bansal

**Exhibit 1**

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
LAUREN BRYANT (NY Bar 5321880)
ANNA DICHTER (NJ Bar 304442019)
JEFFREY HARTMAN (WA Bar 49810)
CATHERINE ROSS (DC Bar 9007404)
AMANDA SAYLOR (FL Bar 1031480)
ERIC SNYDERMAN (VA Bar 99563)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NATIONAL TPS ALLIANCE, *et al.*,

                    Plaintiff,

    v.

KRISTI NOEM, in her official capacity as
Secretary of Homeland Security, *et al.*,

                    Defendants.

Case No. 3:25-cv-1766-EMC

**DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO STAY FURTHER
DISTRICT COURT PROCEEDINGS**

Judge: Hon. Edward M. Chen
Date:   May 29, 2025
Time:  1:30 p.m.
Place:  Courtroom 5, 17th Floor
           San Francisco U.S. Courthouse

DEFS.' REPLY IN SUPPORT OF DEFS.' MOT. TO
STAY FURTHER DISTRICT COURT PROCEEDINGS
No. 3:25-cv-1766-EMC

A stay of district court proceedings in this case is warranted pending prompt resolution of Defendants' appeal to the Ninth Circuit Court of Appeals. ECF No. 94. Defendants filed their opening brief in that appeal more than two weeks ago, on April 30, 2025. ECF No. 115; *see also* ECF No. 100. Oral argument on the appeal is currently scheduled for July 16, five days after the scheduled argument on the Motions for Dismissal and Summary Judgment in this case. In light of this appeal, a pause of further district court proceedings is amply justified until the Ninth Circuit rules. A request to stay proceedings is not "out of step with settled law," as Plaintiffs contend. ECF No. 136. Rather, it is in keeping with the Ninth Circuit's touchstone of preserving the status quo between the parties. *See Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019). Staying the expedited discovery in this case will promote the fair and efficient resolution of the issues presented. For the reasons below, Defendants' Motion to Stay should be granted.

## ARGUMENT

Defendants acknowledge the Court's Order, dated May 2, 2025, which analyzes this motion under the three factors set forth in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), and states that Defendants focused only on the third factor in their motion. *See* ECF No. 129 at 2 ("a court deciding whether to stay proceedings weighs three competing interests: (1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" (quoting *Kuang v. U.S. Dep't of Def.*, No. 18-cv-03698-JST, 2019 WL 1597495, at *2 (N.D. Cal. Apr. 15, 2019))); *see also Landis*, 299 U.S. at 254-55. Defendants reaffirm their arguments that a stay is warranted because they meet all three requirements.

**1. Harm From A Stay.** Plaintiffs will not be damaged by a stay. The Court has granted Plaintiffs' only requested interim relief by preserving Temporary Protected Status (TPS) for Venezuelans covered by the 2021 and 2023 Designations. *See* ECF No. 93; *see als*o ECF No. 115 at 1; ECF No. 136 at 1-2. Plaintiffs have not sought a similar stay for the Secretary's decision with respect to Haiti—presumably

DEFS.' REPLY IN SUPPORT OF DEFS.' MOT. TO
STAY FURTHER DISTRICT COURT PROCEEDINGS
No. 3:25-cv-1766-EMC

1

because they agree that no harm is imminently impending. Plaintiffs accordingly will not be harmed by briefly maintaining the status quo they have obtained by seeking interim relief or accepted by not seeking interim relief.

Plaintiffs say that a stay of district court proceedings pending appeal will cause "prolonged uncertainty" that "constitutes a significant harm." ECF No. 136 at 2. But the stay that Defendants seek is temporary, not indefinite, pending expeditious resolution from the Ninth Circuit. By default, the Ninth Circuit establishes an expedited briefing schedule for cases challenging interlocutory orders. *See* 9th Cir. R. 33(b). And Defendants have every reason to proceed expeditiously on appeal in view of the irreparable harm they are suffering daily. A stay of district court proceedings is permissible as long as it is "reasonable in length." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) (observing that an administrative stay may be granted if "the other proceedings will be conducted within a reasonable time in relation to the urgency of the claims presented to the court"). As such, the first *Landis* factor weighs in favor of Defendants.

Nor would this be a pause in district court proceedings of the kind the Ninth Circuit has cautioned against, where "the fully developed factual record" may ultimately be so "different from that initially before the district court" that a preliminary-injunction appeal "provide[s] little guidance as to the appropriate disposition." *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018) (cited at ECF No. 136 at 6). Defendants' arguments that this Court lacks jurisdiction do not turn on the factual record. Nor, likewise, does the proper legal standard for Plaintiffs' equal-protection argument. Instead, that standard will instead determine the proper scope of the factual record.

**2. Harm From Proceeding.** By contrast, Defendants will suffer hardship and inequity absent a stay of proceedings pending appeal. The Ninth Circuit is likely to moot, clarify, or narrow the issues in this case. Among other things, Defendants argue that this Court lacks jurisdiction altogether—and if the Ninth Circuit agrees, *all* discovery will have been unnecessary. *See United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring) (observing that one point of administrative stays "is to minimize harm while an appellate court deliberates."); *Smith v. Experian Info. Sols. Inc.*, No. SACV 17-00629-

DEFS.' REPLY IN SUPPORT OF DEFS.' MOT. TO
STAY FURTHER DISTRICT COURT PROCEEDINGS
No. 3:25-cv-1766-EMC

2

CJC(AFMx); 2018 WL 1427162, at *3 (C.D. Cal. Jan. 19, 2018) ("Without a stay, the parties will be compelled to expend significant resources litigating issues that may have to be revisited after the Ninth Circuit issues its decision"); *see also Leyva*, 593 F.3d at 864 (similar).

That is especially problematic here, where discovery has been tremendously burdensome. For example, the Court has already ordered Defendants to collect and produce responsive documents and accompanying privilege log for at least ten custodians in a ten-day period, a herculean task. "California courts have recognized such 'wasted' effort constitutes hardship under *Landis*." *Grundstrom v. Wilco Life Ins. Co.*, No. 20-cv-03445-MMC, 2023 WL 8429789, at *4 (N.D. Cal. Dec. 4, 2023). That is far more than an ordinary burden of litigation.

**3. Orderly Course of Justice.** Finally, staying district court proceedings pending the outcome of appellate proceedings would facilitate the orderly course of justice for several reasons. First, it will "simplify" or resolve central (and potentially dispositive issues) in this litigation, such as threshold jurisdictional arguments. *See* ECF No. 115 at 2; *see also In re PG&E Corp. Sec. Lit.*, 100 F.4th 1076, 1085 (9th Cir. 2024). The appellate court's binding decision could obviate the need for this Court to decide those same issues. *See In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085 ("A district court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (cleaned up). Further guidance from the appellate court on jurisdiction and other foundational matters, such as the proper legal standard for Plaintiffs' equal-protection claim, would provide this Court with "considerable assistance in resolving this action." *See Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th Cir. 2007) ("A fully considered appellate ruling on an issue of law made on a preliminary injunction appeal . . . become[s] the law of the case for further proceedings in the trial court on remand and in any subsequent appeal.") (quoting 18 Wright & Miller, Federal Practice & Procedure § 4478.5 (2002)); *see also Landis*, 299 U.S. at 254 (explaining that even if a decision of the pending case "may not settle every question of fact and law" in suits in other states, "in all likelihood it will settle many and simplify them all").

DEFS.' REPLY IN SUPPORT OF DEFS.' MOT. TO
STAY FURTHER DISTRICT COURT PROCEEDINGS
No. 3:25-cv-1766-EMC

3

Staying district court proceedings would also preserve judicial resources by reducing the risk of inconsistent rulings that might require disentangling. *See Ali v. Trump*, 241 F. Supp. 3d 1147 (W.D. Wash. Mar. 17, 2017) ("hardship or inequity may result to both parties if the [c]ourt does not pause to consider issues ... [that will be on appeal in the Ninth Circuit] because of the potential for inconsistent rulings and resulting confusion to law enforcement agencies and the public"); *see also Canal Properties LLC v. Alliant Tax Credit V, Inc.*, No. C04-03201 SI, 2005 WL 1562807, at *3 (N.D. Cal. June 29, 2005) (granting stay where case on appeal was likely to have preclusive effect and substantial litigation would likely take place during the pendency of the appeal). And where significant litigation is likely to take place during the pendency of an appeal," granting a stay is a "means of conserving judicial resource" which may be wasted "if the appellate court's controlling decision changes the applicable law or the relevant landscape of facts that need to be developed." *Hawaii v. Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. Feb. 9, 2017). Here, the risk of duplicative litigation and inconsistent rulings warrants a stay pending appeal, particularly where there is an absence of significant harm from the granting of the stay.

A stay would preserve the status quo between the parties, conserve judicial resources, and promote judicial efficiency. Accordingly, Defendants respectfully ask this court to administratively stay further district court proceedings, pursuant to Federal Rule of Civil Procedure 7(b).

Dated: May 16, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel

CATHERINE ROSS (DC Bar 9007404)
ERIC SNYDERMAN (VA Bar 99563)
ANNA DICHTER (NJ Bar 304442019)
LAUREN BRYANT(NY Bar 5321880)
JEFFREY HARTMAN (WSBA 49810)
AMANDA SAYLOR (FL Bar 1031480)
Trial Attorneys

DEFS.' REPLY IN SUPPORT OF DEFS.' MOT. TO
STAY FURTHER DISTRICT COURT PROCEEDINGS
No. 3:25-cv-1766-EMC

4

/s/  *Sarah L. Vuong*
SARAH L. VUONG
Assistant Director (CA Bar 258528)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-1263
sarah.l.vuong@usdoj.gov

*Attorneys for the Defendants*

DEFS.' REPLY IN SUPPORT OF DEFS.' MOT. TO
STAY FURTHER DISTRICT COURT PROCEEDINGS
No. 3:25-cv-1766-EMC

5